## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**    **2. PLEASE TYPE OR PRINT.**    **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| American University of Antigua - College of Medicine<br><br>v.<br><br>Leeward Construction Company, Ltd. | Southern District of NY | Hon. Denise L. Cote |

| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>May 5, 2015 | District Court Docket No.:<br>1:14-cv-08410-DLC |
|---|---|---|
| | Date the Notice of Appeal was Filed:<br>May 14, 2015 | Is this a Cross Appeal?<br>Yes    ✓ No |

| Attorney(s) for Appellant(s):<br><br>Plaintiff<br>✓ Defendant | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail:<br><br>Veronica A. McMillan, Esq., Lewis & Greer, P.C. 510 Haight Avenue, Suite 202, Poughkeepsie, New York 12603; Tel. 845-454-1200; Fax. 845-454-3315; vamcmillan@lewisgreer.com |
|---|---|

| Attorney(s) for Appellee(s):<br><br>✓ Plaintiff<br>Defendant | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail:<br><br>Leonard A. Sclafani, Esq., Law Offices of Leonard A. Scalfani, Esq., 1 Battery Park Plaza, 33rd Floor, New York, New York 10004, Tel. 212-696-9880, las@lasattorneys.com; Gregory E. Reid, Esq., Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102, Tel. 917-643-4411, greid@sillscummis.com; James M. Hirschorn, Esq., Sills Cummis & Gross, P.C., 101 Park Ave., 28th Floor, New York, NY, Tel. 212-643-7000, jhirshhorn@sillscummis.com |
|---|---|

| Has Transcript Been Prepared?<br><br>No | Approx. Number of Transcript Pages:<br><br>N/A | Number of Exhibits Appended to Transcript:<br><br>None | Has this matter been before this Circuit previously?  ✓ Yes    No<br><br>If Yes, provide the following:<br><br>Case Name:  Leeward Construction Co., Ltd. v. American<br><br>2d Cir. Docket No.:  13-1708-cv    Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION;  (2) THE RESULT BELOW;  (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| U.S. a party | Diversity | ✓ Final Decision | Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| Federal question (U.S. not a party) | ✓ Other (specify):<br>9 U.S.C. 201 et seq. | Interlocutory Decision Appealable As of Right | Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

| PART B: DISTRICT COURT DISPOSITION (Check as many as apply) |

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| — Pre-trial<br>_ During trial<br>✓ After trial | Default judgment<br>— Dismissal/FRCP 12(b)(1)<br>   lack of subj. matter juris.<br>Dismissal/FRCP 12(b)(6)<br>   failure to state a claim<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>   frivolous complaint<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>   other dismissal | Dismissal/other jurisdiction<br>Dismissal/merit<br>✓ Judgment / Decision of the Court<br>Summary judgment<br>Declaratory judgment<br>   Jury verdict<br>   Judgment NOV<br>   Directed verdict<br>Other (specify): | ✓ Damages:         Injunctions:<br>_ Sought: $ _____<br>✓ Granted: $ 1,338,712   Preliminary<br>  Denied: $ _____    Permanent<br>               Denied |

| PART C: NATURE OF SUIT (Check as many as apply) |

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| Antitrust<br>Bankruptcy<br>Banks/Banking<br>Civil Rights<br>Commerce,<br>Energy<br>Commodities<br>✓ Other (specify): 9 U.S.C. 201 et seq. | Communications<br>Consumer Protection<br>Copyright ☐ Patent<br>Trademark<br>Election<br>Soc. Security<br>Environmental | Freedom of Information Act<br>Immigration<br>Labor<br>OSHA<br>Securities<br>Tax | Admiralty/<br>Maritime<br>Assault /<br>Defamation<br>FELA<br>Products Liability<br>Other (Specify): | Admiralty/<br>Maritime<br>✓ Arbitration<br>Commercial<br>Employment<br>Insurance<br>Negotiable<br>Instruments<br>Other Specify | Civil Rights<br>Habeas Corpus<br>Mandamus<br>Parole<br>Vacate Sentence<br>Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| _ Forfeiture/Penalty<br>ı Real Property<br>ı Treaty (specify): _____<br>ı Other (specify): _____ | ✓ Arbitration<br>Attorney Disqualification<br>Class Action<br>Counsel Fees<br>Shareholder Derivative<br>Transfer | Yes    ✓ No<br><br>Will appeal raise a matter of first<br>impression?<br><br>Yes    ✓ No |

1. Is any matter relative to this appeal still pending below?    Yes, specify: _____    No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal?    ✓ Yes    No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal?    ✓ Yes    No

If yes, state whether "A," or "B," or both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Leeward Construction Co., Ltd. v. American University of Antigua - College of Medicine | Docket No.<br>13-1708-cv | Citation: | Court or Agency: |
|---|---|---|---|

| Name of Appellant:    **American University of Antigua - College of Medicine** |
|---|

| Date:<br>May 26, 2015 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE:** IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED. *SEE* LOCAL RULE 12.1.

## ADDENDUM A TO FORM C

This appeal arises out of an international arbitration award issued in an arbitration between two Antiguan companies, Leeward Construction Company, Ltd. ("Leeward") and the American University of Antigua – College of Medicine ("AUA"). The arbitration concerned ertain payment disputes between the parties arising out of the construction of a medical school in St. John's, Antigua. Pursuant to the terms of the parties' contract, Leeward initiated arbitration proceedings against the AUA with the American Arbitration Association International Center for Dispute Resolution in February, 2011, to arbitrate claims arising out of or related to the contract (the "First Arbitration Proceedings"). The First Arbitration Proceedings resulted in a Final Award certified on June 22, 2012 and modified on August 8, 2012, awarding Leeward damages in the amount of $976,421.37, plus interest at the rate of 7% per annum as provided in the Award. The Final Award also awarded AUA liquidated damages in the amount of $58,500.00, plus interest at the rate of 7% per annum as provided in the Award (the "First Arbitration Award"). Thereafter, Leeward successfully petitioned the United States District Court for the Southern District of New York for confirmation of the First Arbitration Award pursuant to 9 U.S.C. §201, *et seq.* On June 11, 2013, the Court's Clerk entered a Corrected Amended Judgment in favor of Leeward in the net amount of $910,804.49 plus interest at a rate of 7% per annum until the judgment is paid ("the First Judgment"). AUA appealed the First Judgment and on August 16, 2013, the Court entered a Stipulation and Consent Order staying enforcement of the First Judgment pending the outcome of AUA's appeal. AUA has perfected its appeal to this Court and said appeal is currently awaiting the assignment of an oral argument date.

Below, AUA sought to confirm an arbitration award arising out of a second arbitration between the parties arising out of the same contract and concerning the same construction

project. On February 7, 2013, Leeward commenced a second arbitration proceeding against AUA with the American Arbitration Association International Center for Dispute Resolution to arbitrate a small amount of money (US $30,762.00) outstanding after the First Arbitration Proceeding (the "Second Arbitration Proceeding"). During the First Arbitration Proceeding, the AUA admitted it was liable to pay to Leeward the outstanding amount as a result of a mis-tabulation during invoicing on the project. The First Arbitration Proceeding Tribunal held that it could not award the amount to Leeward because it was not part of the First Arbitration Proceeding and indeed, did not come to light until the hearings. In the Second Arbitration Proceeding, AUA asserted for the first time claims relating to Antigua and Barbuda Sales Tax ("ABST") it paid and construction defect claims related to the project. AUA's claims in the Second Arbitration Proceeding amount to several million dollars in alleged damages above and beyond those alleged in the First Arbitration Proceeding. AUA knew about these claims at the time of the First Arbitration Proceeding but intentionally elected not to bring the claims at that point in time.

The parties agreed to submit their claims to the Tribunal for decision in the nature of motions for summary judgment. On February 6, 2014, the Tribunal issued a decision which did not resolve any of the major issues in the proceeding. On April 28, 2014, at the joint request of the parties, the Tribunal conducted a day-long oral argument in Miami, Florida in which it heard from counsel for both parties. On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted the AUA's ABST claim. The Partial Final Award included a twenty page vigorous Dissenting Opinion in which one of the three arbitrators pointed out five significant problems with the Partial Final Award.

On October 21, 2014, the AUA filed its petition to confirm the Partial Final Award pursuant to 9 U.S.C. §201, *et seq*. In response to AUA's petition, Leeward cross-moved to deny enforcement, vacate or modify the Partial Final Award and reinstate Leeward's claim because in making the Partial Final Award, the Tribunal exceeded the scope of its authority and the arbitration agreement between the parties; the Partial Final Award is non-final and ambiguous; and the Partial Final Award constitutes a manifest disregard for the law.

On May 1, 2015, the Southern District of New York (Denise L. Cote), issued a written Opinion and Order granting AUA's petition and denying Leeward's cross-motion to deny enforcement, vacate or modify the Partial Final Award. On May 5, 2015, the Clerk of the Southern District of New York entered a Judgment codifying the Opinion and Order. This appeal addresses the denial of Leeward's cross-motion. Given that oral argument has not been heard on the AUA's appeal from the First Judgment, Leeward respectfully requests that the two appeals be consolidated and heard together before the Court.

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE,                                     Civl Action No.: 14-CV-8410
                                                                                DLC/GWG

                                    Petitioner,                ECF CASE


              -against-                                   **NOTICE OF APPEAL**
LEEWARD CONSTRUCTION COMPANY, LTD. ,


                                    Respondent.
------------------------------------------------------------------x

      **NOTICE** is hereby given that Respondent, Leeward Construction Company, Ltd. hereby

appeals to the United State Court of Appeals for the Second Circuit from the Judgment entered

on May 5, 2015 that granted Petitioner's petition to confirm an arbitration award and denied

Respondent's cross-motion to deny enforcement, vacate or modify the arbitral award.

Dated: May 14, 2015
      Poughkeepsie, New York

                                            Respectfully submitted,

                                            Veronica A. McMillan, Esq. (VM1107)
                                            **LEWIS & GREER, P.C.**
                                            *Attorney for Respondent;*
                                            *Leeward Construction Company, Ltd.*
                                            510 Haight Avenue, Suite 202
                                            Poughkeepsie, New York 12603
                                            Telephone: (845) 454-1200

To:    Leonard A. Sclafani, Esq.
       Law Offices of Leonard A. Sclafani, Esq.
       *Attorney for Petitioners,*
       *American University of Antigua -- College of Medicine*
       1 Battery Park Plaza, 33rd Floor
       New York, New York 10004
       Telephone: (212) 696-9880

CLOSED,APPEAL,ECF,INTL-ARB

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:14-cv-08410-DLC

American University of Antigua College of
Medicine v. Leeward Construction Company, Ltd.
Assigned to: Judge Denise L. Cote
Cause: 09:201 Enforcement of Convention

Date Filed: 10/21/2014
Date Terminated: 05/05/2015
Jury Demand: None
Nature of Suit: 890 Other
Statutory Actions
Jurisdiction: Federal Question

### Petitioner

**American University of
Antigua College of Medicine**

represented by **Leonard Albert Sclafani**
Law Offices of Leonard A.
Sclafani, Esq.
One Battery Park Plaza, 33rd Fl.
New York, NY 10004
(212)-696-9880
Fax: (212)-949-6310
Email: l.a.s@mindspring.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Edward Reid**
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
973-643-4411
Fax: 973-643-6500
Email: greid@sillscummis.com
*ATTORNEY TO BE NOTICED*

**James M. Hirschhorn**
Sills Cummis & Gross, P.C.
(NY)
101 Park Ave, 28th Floor

New York, NY 00000
212-643-7000
Fax: 212-643-6500
Email:
jhirschhorn@sillscummis.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Leeward Construction**      represented by **Veronica Ann McMillan**
**Company, Ltd.**
Lewis & Greer, P.C( 510 Haight
Ave)
510 Haight Avenue
Poughkeepsie, NY 12603
(845)-454-1200
Fax: (845)-454-3315
Email:
vamcmillan@lewisgreer.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2014 | 1 | PETITION TO CONFIRM ARBITRATION. (Filing Fee $ 350.00, Receipt Number 465401107626).Document filed by American University of Antigua College of Medicine.(moh) (Additional attachment(s) added on 10/30/2014: # 1 exh a 1, # 2 exh a 2, # 3 exh a part 3, # 4 exh a 4, # 5 exh a 5, # 6 b part 1, # 7 exh b part 2, # 8 exh b part 3, # 9 exh b part 4, # 10 exh b part 5, # 11 exh b part 6, # 12 exh b part 7, # 13 exh c, # 14 exh d, # 15 exh e, # 16 exh f) (laq). (Entered: 10/24/2014) |
| 10/21/2014 | 2 | MEMORANDUM OF LAW in Support of Petition/Motion to Confirm Arbitration Award. Document filed by American University of Antigua College of Medicine. (moh) (laq). (Entered: 10/24/2014) |
| 10/21/2014 | | SUMMONS ISSUED as to Leeward Construction Company, Ltd.. (moh) (Entered: 10/24/2014) |

| 10/21/2014 | | CASE REFERRED TO Judge Lewis A. Kaplan as possibly related to 12cv6280. (moh) (Entered: 10/24/2014) |
|---|---|---|
| 10/21/2014 | | Case Designated ECF. (moh) (Entered: 10/24/2014) |
| 10/21/2014 | 3 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 12cv6280. Document filed by American University of Antigua College of Medicine.(moh) (laq). (Entered: 10/24/2014) |
| 10/21/2014 | 4 | CIVIL COVER SHEET filed. (moh) (laq). (Entered: 10/24/2014) |
| 10/21/2014 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Leonard Albert Sclafani for noncompliance with Section 14.2 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration to: caseopenings@nysd.uscourts.gov. (moh) (Entered: 10/29/2014) |
| 10/21/2014 | | ***NOTICE TO ATTORNEY TO SUBMIT PDF OF CIVIL COVER SHEET. Notice to Attorney Leonard Albert Sclafani, to submit PDF of the Civil Cover Sheet. Email a copy of Civil Cover Sheet to: caseopenings@nysd.uscourts.gov. (moh) (Entered: 10/29/2014) |
| 10/21/2014 | | ***NOTICE TO ATTORNEY TO SUBMIT RELATED CASE STATEMENT. Notice to Attorney Leonard Albert Sclafani, for noncompliance with Local Civil Rule 13 of the Rules for the Division of Business Among Judges. Attorney must submit Related Case Statement for filing. Send a hard copy of the Related Case Statement form to: Clerk's Office, Finance Unit, 500 Pearl Street, Room 120, New York, NY 10007 and send a PDF of the Related Case Statement form to caseopenings@nysd.uscourts.gov. (moh) (Entered: 10/29/2014) |
| 11/03/2014 | | CASE DECLINED AS NOT RELATED. Case referred as related to 12-cv-6280 and declined by Judge Lewis A. Kaplan and returned to wheel for assignment. (pgu) (Entered: 11/03/2014) |
| 11/03/2014 | | NOTICE OF CASE ASSIGNMENT to Judge Denise L. Cote. Judge Unassigned is no longer assigned to the case. (pgu) (Entered: 11/03/2014) |
| 11/03/2014 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (pgu) |

| | | (Entered: 11/03/2014) |
|---|---|---|
| 11/07/2014 | 5 | ORDER: Plaintiff filed a complaint seeking confirmation and enforcement of an arbitration award on October 21, 2014. Service of the summons and complaint was made on the defendant on October 21, 2014. The defendant has not answered the complaint. Confirmation proceedings for arbitration awards are treated as akin to a motion for summary judgment. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). It is hereby ORDERED that plaintiff shall file and serve any additional materials with which it intends to support its petition for confirmation by November 21, 2014. Defendants opposition, if any, is due on December 12, 2014. Plaintiffs reply, if any, is due on December 19, 2014.... (Signed by Judge Denise L. Cote on 11/6/2014) (gr) (Entered: 11/07/2014) |
| 11/13/2014 | 6 | NOTICE OF APPEARANCE by Veronica Ann McMillan on behalf of Leeward Construction Company, Ltd.. (McMillan, Veronica) (Entered: 11/13/2014) |
| 11/13/2014 | 7 | LETTER addressed to Judge Denise L. Cote from Veronica A. McMillan, Esq. dated November 13, 2014 re: Docket Entry No. 5 and Affidavit of Service of Petition to Confirm Award upon Leeward Construction Company, Ltd.. Document filed by Leeward Construction Company, Ltd..(McMillan, Veronica) (Entered: 11/13/2014) |
| 11/14/2014 | 8 | ORDER: An Order dated November 6, 2014 stated that [s]ervice of the summons and complaint was made on the defendant on October 21, 2014 and that [t]he defendant has not answered the complaint. By letter dated November 13, 2014, counsel for defendant Leeward Construction Company, Ltd. (Leeward) explained that [u]pon information and belief, based on advice from opposing counsel, Leeward was served with process in this matter... on or about October 31, 2014. Accordingly, it is hereby ORDERED that plaintiff shall file an affidavit of service. IT IS FURTHER ORDERED that the schedule set forth in the Order of November 6, 2014 remains in place. (Signed by Judge Denise L. Cote on 11/13/2014) (gr) (Entered: 11/14/2014) |
| 11/21/2014 | 9 | **FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - RULE 7.1 CORPORATE** |

| | | DISCLOSURE STATEMENT. Identifying Corporate Parent Manipal Education Americas, LLC for American University of Antigua College of Medicine. Document filed by American University of Antigua College of Medicine.(Sclafani, Leonard) Modified on 12/1/2014 (lb). (Entered: 11/21/2014) |
|---|---|---|
| 11/22/2014 | 10 | AFFIRMATION of Leonard A. Sclafani, Esq. in Support. Document filed by American University of Antigua College of Medicine. (Attachments: # 1 Exhibit Exhibit A to LAS affirmation in support of petition to confrim arbitration award- Leeward's motion to strike AUA's counterclaims, # 2 Ex 1 of Exhibit B to LAS Affirmation in support of petion to confirm, # 3 Ex 2 of Exhibit B to LAS affirmation in support of petition to confirm, # 4 Exhibit Ex 3 of Exhibit B to LAS affirmation in supporto of petition to confirm, # 5 Exhibit Ex 4 of Exhibit B to LAS affirmation in support of petition to confirm, # 6 Exhibit Ex 5 of Exhibit B to LAS affirmation in support of petition to confirm, # 7 Exhibit Ex 6 of Exhibit B to LAS affirmation in support of petition to confirm, # 8 Exhibit Ex 6 of Exhibit B to LAS affirmation in support of petition to confirm, # 9 Exhibit Ex 7 of Exhibit B to LAS affirmation in support of petition to confirm, # 10 Exhibit Ex 8 of Exhibit B to LAS affirmation in support of petition to confirm, # 11 Exhibit Ex 9 of Exhibit B to LAS affirmation in support of petition to confirm, # 12 Exhibit Ex 10 of Exhibit B to LAS affirmation in support of petition to confirm, # 13 Exhibit Ex 11 of Exhibit B to LAS affirmation in support of petition to confirm, # 14 Exhibit Ex 13 of Exhibit B to LAS affirmation in support of petition to confirm, # 15 Exhibit Ex 14 of Exhibit B to LAS affirmation in support of petition to confirm, # 16 Exhibit Ex 15 of Exhibit B to LAS affirmation in support of petition to confirm, # 17 Exhibit Ex 16 of Exhibit B to LAS affirmation in support of petition to confirm, # 18 Exhibit Ex 17 of Exhibit B to LAS affirmation in support of petition to confirm, # 19 Exhibit Ex 18 of Exhibit B to LAS affirmation in support of petition to confirm, # 20 Exhibit Ex 19 of Exhibit B to LAS affirmation in support of petition to confirm, # 21 Exhibit Ex 20 of Exhibit B to LAS affirmation in support of petition to confirm, # 22 Exhibit Ex 21 of Exhibit B to LAS affirmation in support of petition to confirm, # 23 Exhibit Ex 22 of Exhibit B to LAS affirmation in support of petition to confirm, # 24 Exhibit Ex |

SDNY CM/ECF Version 5.1.1

23 of Exhibit B to LAS affirmation in support of petition to confirm, # 25 Exhibit Ex 24 of Exhibit B to LAS affirmation in support of petition to confirm, # 26 Exhibit Ex 25 of Exhibit B to LAS affirmation in support of petition to confirm, # 27 Exhibit Ex 26 of Exhibit B to LAS affirmation in support of petition to confirm, # 28 Exhibit Ex 27 of Exhibit B to LAS affirmation in support of petition to confirm, # 29 Exhibit Ex 28 of Exhibit B to LAS affirmation in support of petition to confirm, # 30 Exhibit Ex 29 of Exhibit B to LAS affirmation in support of petition to confirm, # 31 Exhibit Ex 30 of Exhibit B to LAS affirmation in support of petition to confirm, # 32 Exhibit Ex 31 of Exhibit B to LAS affirmation in support of petition to confirm, # 33 Exhibit Ex 32 Exhibit B to LAS affirmation in support of petition to confirm, # 34 Exhibit Ex 33 of Exhibit B to LAS affirmation in support of petition to confirm, # 35 Exhibit Ex 34 of Exhibit B to LAS affirmation in support of petition to confirm, # 36 Exhibit Ex 35 of Exhibit B to LAS affirmation in support of petition to confirm, # 37 Exhibit Ex 36 of Exhibit B to LAS affirmation in support of petition to confirm, # 38 Exhibit Ex 37 of Exhibit B to LAS affirmation in support of petition to confirm, # 39 Exhibit Ex 38 of Exhibit B to LAS affirmation in support of petition to confirm, # 40 Exhibit Ex 39 of Exhibit B to LAS affirmation in support of petition to confirm, # 41 Exhibit Ex 40 of Exhibit B to LAS affirmation in support of petition to confirm, # 42 Exhibit Ex 41 of Exhibit B to LAS affirmation in support of petition to confirm, # 43 Exhibit Ex 42 of Exhibit B to LAS affirmation in support of petition to confirm, # 44 Exhibit Ex 43 of Exhibit B to LAS affirmation in support of petition to confirm, # 45 Exhibit Ex 44 of Exhibit B to LAS affirmation in support of petition to confirm, # 46 Exhibit Ex 45 of Exhibit B to LAS affirmation in support of petition to confirm, # 47 Exhibit Ex 46 of Exhibit B to LAS affirmation in support of petition to confirm, # 48 Exhibit Ex 47 of Exhibit B to LAS affirmation in support of petition to confirm, # 49 Exhibit Ex 48 of Exhibit B to LAS affirmation in support of petition to confirm, # 50 Exhibit Ex 49 of Exhibit B to LAS affirmation in support of petition to confirm, # 51 Exhibit Ex 50 of Exhibit B to LAS affirmation in support of petition to confirm, # 52 Exhibit Ex 51 of Exhibit B to LAS affirmation in support of petition to confirm, # 53 Exhibit Ex 52 of Exhibit B to LAS

affirmation in support of petition to confirm, # <u>54</u> Exhibit Ex 53 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>55</u> Exhibit Ex 54 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>56</u> Exhibit Ex 55 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>57</u> Exhibit Ex 56 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>58</u> Exhibit Ex 57 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>59</u> Exhibit Ex 58 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>60</u> Exhibit Ex 59 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>61</u> Exhibit Ex 60 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>62</u> Exhibit Ex 61 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>63</u> Exhibit Ex 62 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>64</u> Exhibit Ex 63 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>65</u> Exhibit Ex 64 of Exhibit B to LAS affirmation in support of petition to confirm, # <u>66</u> Exhibit Ex 65 of Exhibit B to LAS affirmation in support of petition to confirm) (Sclafani, Leonard) (Entered: 11/22/2014)

| 11/22/2014 | <u>11</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support. Document filed by American University of Antigua College of Medicine. (Attachments: # <u>1</u> Exhibit Exhibit G to LAS affirmation in support of petition to confirm-Leeward's reply memo w/o duplicative exhibits)(Sclafani, Leonard) (Entered: 11/22/2014) |
| 11/22/2014 | <u>12</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support re: <u>10</u> Affirmation in Support,,,,,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by American University of Antigua College of Medicine. (Attachments: # <u>1</u> Exhibit Exhibit C to LAS affirmation in support of petition to confirm arbitration award-AUA Memorandum of Law in opposition to Leeward's motion and in support of AUA's cross-motion to strike Leeward's claim and defenses and for judgment on AUA's ABST sounterclaimsclaims) (Sclafani, Leonard) (Entered: 11/22/2014) |
| 11/22/2014 | <u>13</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support re: <u>10</u> Affirmation in Support,,,,,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by American University of Antigua College of Medicine. |

SDNY CM/ECF Version 5.1.1

(Attachments: # 1 Exhibit Exhibit D to LAS affirmation in support of petition to confirm arbitration award-Neal Simon Affirmation in oppostion to Leeward's motion and in support of AUA's motion to strike Leeward's claim and defenses and for an award on AUA's ABST Counterclaims, # 2 Exhibit Exhibit A of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 3 Exhibit Exhibit B of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 4 Exhibit Exhibit C of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 5 Exhibit Exhibit D of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 6 Exhibit Exhibit E of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 7 Exhibit Exhibit F of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 8 Exhibit Exhibit G of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 9 Exhibit Exhibit H of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 10 Exhibit Exhibit I of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 11 Exhibit Exhibit J of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 12 Exhibit Exhibit K of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 13 Exhibit Exhibit L of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # 14 Exhibit Exhibit M of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of

AUA's cross-motion, # <u>15</u> Exhibit Exhibit N of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>16</u> Exhibit Exhibit A of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motioO, # <u>17</u> Exhibit Exhibit P of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>18</u> Exhibit Exhibit Q of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>19</u> Exhibit Exhibit R of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>20</u> Exhibit Exhibit S of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>21</u> Exhibit Exhibit T of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>22</u> Exhibit Exhibit U of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>23</u> Exhibit Exhibit V of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>24</u> Exhibit Exhibit W of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>25</u> Exhibit Exhibit X of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>26</u> Exhibit Exhibit Y of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>27</u> Exhibit Exhibit Z of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>28</u> Exhibit Exhibit AA of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>29</u> Exhibit Exhibit BB of Exhibit D to LAS affirmation in support of petition-Simon

| | | Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>30</u> Exhibit Schedule 1 of Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion, # <u>31</u> Appendix List of Exhibits to f Exhibit D to LAS affirmation in support of petition-Simon Affirmation in opposition to Leeward's motion and in support of AUA's cross-motion) (Sclafani, Leonard) (Entered: 11/22/2014) |
|---|---|---|
| 11/22/2014 | <u>14</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support re: <u>10</u> Affirmation in Support,,,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by American University of Antigua College of Medicine. (Attachments: # <u>1</u> Exhibit Exhibit E to LAS affirmation in support of Petition - Supplemental affirmation of Neal Simon in furhter support of AUA's cross-motion and in opposition to Leeward's motion)(Sclafani, Leonard) (Entered: 11/22/2014) |
| 11/22/2014 | <u>15</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support re: <u>10</u> Affirmation in Support,,,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by American University of Antigua College of Medicine. (Attachments: # <u>1</u> Exhibit Exhibit F of LAS affirmation in support of petition- Douglas McLaren Affirmation)(Sclafani, Leonard) (Entered: 11/22/2014) |
| 11/22/2014 | <u>16</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support re: <u>10</u> Affirmation in Support,,,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by American University of Antigua College of Medicine. (Attachments: # <u>1</u> Exhibit Exhibit G to LAS affirmation in support of petition-Leeward Reply Memorandum w/o duplicative exhibits)(Sclafani, Leonard) (Entered: 11/22/2014) |
| 11/22/2014 | <u>17</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support. Document filed by American University of Antigua College of Medicine. (Attachments: # <u>1</u> Exhibit Exhibit H to LAS affirmation in support of petition-Supplemental affirmation of Deputy Commissioner Douglas McLaren)(Sclafani, Leonard) (Entered: 11/22/2014) |
| 11/22/2014 | <u>18</u> | AFFIRMATION of Leonard A. Sclafani, Esq. in Support re: <u>10</u> Affirmation in Support,,,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by |

American University of Antigua College of Medicine.
(Attachments: # <u>1</u> Exhibit Exhibit H to LAS affirmation in
support of petition-AUA's Reply Memorandum in further support
of its cross-motion and in oppostion to Leeward's motion, # <u>2</u>
Exhibit Exhibit J to LAS affirmation in support of Petition-
Exhibit CC to AUA's Reply in further support of its cross-motion
and in further oppostion to Leeward's motion)(Sclafani, Leonard)
(Entered: 11/22/2014)

| 12/01/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR. Note to Attorney Leonard Albert Sclafani to RE-FILE Document <u>9</u> Rule 7.1 Corporate Disclosure Statement. (PDF states No Corporate Parents) (lb) (Entered: 12/01/2014)** |
|---|---|---|
| 12/02/2014 | <u>19</u> | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Manipal Education Americas, LLC, Other Affiliate Manipal Global Education Services Private Limited, Other Affiliate Mahipal Academic Serices Private Limited, Other Affiliate MEMG International Limited for American University of Antigua College of Medicine. Document filed by American University of Antigua College of Medicine. (Sclafani, Leonard) (Entered: 12/02/2014) |
| 12/02/2014 | <u>20</u> | AFFIDAVIT OF SERVICE of summons, notice of petition, petition, Memorandum of Law in support of petition, SDNY Statement of releeatedness, Judge Lewis Kaplan's rules, SNDY Electronic Filing Rules and Instructions served on Leeward Construction Company, Ltd on November 24, 2014. Document filed by American University of Antigua College of Medicine. (Sclafani, Leonard) (Entered: 12/02/2014) |
| 12/11/2014 | <u>21</u> | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Leeward Construction Company, Ltd..(McMillan, Veronica) (Entered: 12/11/2014) |
| 12/11/2014 | <u>22</u> | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION to Vacate <u>1</u> Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, *Respondent's Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award.* Document filed by Leeward Construction Company, Ltd.. (Attachments: # <u>1</u> Declaration of Veronica |

| | | |
|---|---|---|
| | | McMillan, # 2 Respondent's Memorandum of Law in Support of Cross-Motion to Deny Enforcement, Vacate and/or Modify and in Opposition to the Petition and Motion to Confirm Arbitration Award, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3-1, # 6 Exhibit 3-2, # 7 Exhibit 3-3, # 8 Exhibit 3-4, # 9 Exhibit 3-5, # 10 Exhibit 4, # 11 Exhibit 5, # 12 Exhibit 6, # 13 Exhibit 7, # 14 Exhibit 8, # 15 Exhibit 9-1, # 16 Exhibit 9-2, # 17 Exhibit 10, # 18 Exhibit 11-1, # 19 Exhibit 11-2, # 20 Exhibit 11-3, # 21 Exhibit 11-4, # 22 Exhibit 11-5, # 23 Exhibit 11-6, # 24 Exhibit 11-7, # 25 Exhibit 12, # 26 Exhibit 13)(McMillan, Veronica) Modified on 12/12/2014 (db). (Entered: 12/11/2014) |
| 12/12/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Veronica Ann McMillan to RE-FILE Document 22 MOTION to Vacate 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, *Respondent's Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db) (Entered: 12/12/2014) |
| 12/12/2014 | 23 | MOTION to Vacate 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, *Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award*. Document filed by Leeward Construction Company, Ltd.. (McMillan, Veronica) (Entered: 12/12/2014) |
| 12/12/2014 | 24 | DECLARATION of Veronica A. McMillan in Support re: 23 MOTION to Vacate 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, *Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award*.. Document filed by Leeward Construction Company, Ltd.. (McMillan, Veronica) (Entered: 12/12/2014) |
| 12/12/2014 | 25 | MEMORANDUM OF LAW in Support re: 23 MOTION to Vacate 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, *Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award. Respondent's Memorandum of Law in Support of Cross-Motion to Deny Enforcement*. Document filed by Leeward Construction Company, Ltd.. (McMillan, Veronica) (Entered: 12/12/2014) |

| 12/12/2014 | 26 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - MOTION to Vacate 25 Memorandum of Law in Support of Motion, *Exhibit 1 and Exhibit 2*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit) (McMillan, Veronica) Modified on 12/15/2014 (db). (Entered: 12/12/2014) |
| 12/12/2014 | 27 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - MEMORANDUM OF LAW in Support re: 26 MOTION to Vacate 25 Memorandum of Law in Support of Motion, *Exhibit 1 and Exhibit 2. Exhibit 3*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(McMillan, Veronica) Modified on 12/15/2014 (db). (Entered: 12/12/2014) |
| 12/12/2014 | 28 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - MEMORANDUM OF LAW in Support re: 26 MOTION to Vacate 25 Memorandum of Law in Support of Motion, *Exhibit 1 and Exhibit 2. Exhibit 4, Exhibit 5, Exhibit 6, Exhibit 7, Exhibit 8*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(McMillan, Veronica) Modified on 12/15/2014 (db). (Entered: 12/12/2014) |
| 12/12/2014 | 29 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - MEMORANDUM OF LAW in Support re: 26 MOTION to Vacate 25 Memorandum of Law in Support of Motion, *Exhibit 1 and Exhibit 2. Exhibit 9*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit) (McMillan, Veronica) Modified on 12/15/2014 (db). (Entered: 12/12/2014) |
| 12/12/2014 | 30 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - MEMORANDUM OF LAW in Support re: 26 MOTION to Vacate 25 Memorandum of Law in Support of Motion, *Exhibit 1 and Exhibit 2. Exhibit 10, Exhibit 11*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(McMillan, Veronica) Modified on 12/15/2014 (db). (Entered: 12/12/2014) |

| | | |
|---|---|---|
| 12/12/2014 | 31 | MEMORANDUM OF LAW in Support re: 26 MOTION to Vacate 25 Memorandum of Law in Support of Motion, *Exhibit 1 and Exhibit 2. Exhibit 12 and Exhibit 13*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit) (McMillan, Veronica) (Entered: 12/12/2014) |
| 12/12/2014 | 32 | ORDER...On December 11, defendant filed a cross-application to deny enforcement....and an accompanying memorandum of law that serves both as opposition to plaintiffs application to confirm and enforce the award, and as support for defendants cross-application to deny, vacate, or modify the award. Accordingly, it is hereby ORDERED that plaintiffs December 19 reply, if any, shall also include plaintiffs opposition, if any, to defendants December 11 cross-application. IT IS FURTHER ORDERED that defendants reply, if any, to plaintiffs opposition, if any, to defendants December 11 cross-application is due by January 9, 2015. At the time defendants reply is served, the parties shall jointly submit two (2) courtesy copies of all application and cross-application papers to Chambers by mailing or delivering them to the United States Courthouse... (Signed by Judge Denise L. Cote on 12/12/2014) (gr) (Entered: 12/12/2014) |
| 12/12/2014 | 33 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 23 MOTION to Vacate 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award. *Exhibit 1 and Exhibit 2. EXHIBITS*. Document filed by Leeward Construction Company, Ltd. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit)(McMillan, Veronica) Modified on 12/18/2014 (db). (Entered: 12/12/2014) |
| 12/19/2014 | 34 | MEMORANDUM OF LAW in Opposition re: 23 MOTION to Vacate 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, *Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award.*, 26 MOTION to Vacate 25 Memorandum of Law in Support of Motion, *Exhibit 1 and Exhibit 2.*, 22 MOTION to Vacate 1 Petition to |

| | | Compel/Confirm/Modify/Stay/Vacate Arbitration, *Respondent's Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award.* . Document filed by American University of Antigua College of Medicine. (Sclafani, Leonard) (Entered: 12/19/2014) |
|---|---|---|
| 01/09/2015 | 35 | REPLY MEMORANDUM OF LAW in Support re: 23 MOTION to Vacate 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, *Notice of Cross-Motion to Deny Enforcement, Vacate or Modify Arbitration Award.* . Document filed by Leeward Construction Company, Ltd.. (McMillan, Veronica) (Entered: 01/09/2015) |
| 02/17/2015 | 36 | NOTICE OF APPEARANCE by James M. Hirschhorn on behalf of American University of Antigua College of Medicine. (Hirschhorn, James) (Entered: 02/17/2015) |
| 02/17/2015 | 37 | NOTICE OF APPEARANCE by Gregory Edward Reid on behalf of American University of Antigua College of Medicine. (Reid, Gregory) (Entered: 02/17/2015) |
| 02/17/2015 | 38 | MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond ., MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment.* Document filed by American University of Antigua College of Medicine.(Hirschhorn, James) (Entered: 02/17/2015) |
| 02/17/2015 | 39 | DECLARATION of of Leonard A. Sclafani in Support re: 38 MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond . MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment..* Document filed by American University of Antigua College of Medicine. (Hirschhorn, James) (Entered: 02/17/2015) |
| 02/17/2015 | 40 | MEMORANDUM OF LAW in Support re: 38 MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond . MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment.* . Document filed by American University of Antigua College of Medicine. |

(Hirschhorn, James) (Entered: 02/17/2015)

| 02/17/2015 | 41 | LETTER addressed to Judge Denise L. Cote from James M. Hirschhorn dated 02/17/2015 re: Petitioner's request for an expedited briefing schedule on its Motion for an Order of Attachment. Document filed by American University of Antigua College of Medicine.(Hirschhorn, James) (Entered: 02/17/2015) |
| --- | --- | --- |
| 02/18/2015 | 42 | LETTER addressed to Judge Denise L. Cote from Veronica A. McMillan, Esq. dated 02/18/2015 re: Petitioner's Motion for an Order of Attachment and Related Relief. Document filed by Leeward Construction Company, Ltd..(McMillan, Veronica) (Entered: 02/18/2015) |
| 02/18/2015 | 43 | ORDER...that respondents opposition to the motion is due by March 6. Petitioners reply, if any, is due by March 13. At the time any reply is served, petitioner shall submit two (2) courtesy copies of all motion papers to Chambers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York, 10007. (Signed by Judge Denise L. Cote on 2/18/2015) (gr) (Entered: 02/18/2015) |
| 03/06/2015 | 44 | MEMORANDUM OF LAW in Opposition re: 38 MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond . MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment.* . Document filed by Leeward Construction Company, Ltd.. (McMillan, Veronica) (Entered: 03/06/2015) |
| 03/06/2015 | 45 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE 47 Declaration) -** DECLARATION of Veronica A. McMillan in Opposition re: 38 MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond . MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment.*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B part 1, # 3 Exhibit B part 2, # 4 Exhibit B part 3, # 5 Exhibit B part 4, # 6 Exhibit B part 5, # 7 Exhibit C part 1, # 8 Exhibit C part 2, # 9 Exhibit C part 3, # 10 Exhibit D, # 11 Exhibit E, # 12 Exhibit F, # 13 Exhibit G, # 14 Exhibit H, # 15 Exhibit I)(McMillan, |

Veronica) Modified on 3/13/2015 (db). (Entered: 03/06/2015)

| 03/06/2015 | 46 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE 47 Declaration)** - DECLARATION of Veronica A. McMillan in Opposition re: 38 MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond . MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment.*. Document filed by Leeward Construction Company, Ltd.. (McMillan, Veronica) Modified on 3/13/2015 (db). (Entered: 03/06/2015) |
|---|---|---|
| 03/09/2015 | 47 | DECLARATION of Veronica A. McMillan in Opposition re: 38 MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond . MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment.*. Document filed by Leeward Construction Company, Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B part 1, # 3 Exhibit B part 2, # 4 Exhibit B part 3, # 5 Exhibit B part 4, # 6 Exhibit B part 5, # 7 Exhibit C part 1, # 8 Exhibit C part 2, # 9 Exhibit C part 3, # 10 Exhibit D, # 11 Exhibit E, # 12 Exhibit F, # 13 Exhibit G, # 14 Exhibit H, # 15 Exhibit I)(McMillan, Veronica) (Entered: 03/09/2015) |
| 03/13/2015 | 48 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Denise L. Cote from James M. Hirschhorn dated 03/13/2015. Document filed by American University of Antigua College of Medicine.(Hirschhorn, James) (Entered: 03/13/2015) |
| 03/13/2015 | 49 | REPLY MEMORANDUM OF LAW in Support re: 38 MOTION for Attachment of Respondent Leeward's interest in the Corrected Amended Judgment entered on June 11, 2013 and the related supersedeas bond . MOTION for Preliminary Injunction *enjoining Respondent Leeward from enforcing judgment.* . Document filed by American University of Antigua College of Medicine. (Hirschhorn, James) (Entered: 03/13/2015) |
| 03/13/2015 | 50 | MEMO ENDORSEMENT granting Plaintiff's 48 Letter Motion for Leave to File Excess Pages. (Signed by Judge Denise L. Cote |

| | | on 3/13/2015) (gr) (Entered: 03/13/2015) |
|---|---|---|
| 05/01/2015 | 51 | OPINION & ORDER #105487...American University of Antigua College of Medicine ("AUA) October 16, 2014 petition to confirm the Second Award is granted, and its motion for an order of attachment and preliminary injunction is denied as moot. Leeward Construction Company, Ltd.'s December 11, 2014 cross-motion to deny enforcement, vacate, or modify the arbitral award is denied. Accordingly, the Clerk of Court is directed to enter judgment in the amount of $1,338,712 and to close the case. (Signed by Judge Denise L. Cote on 5/1/2015) (gr) Modified on 5/6/2015 (ca). (Entered: 05/01/2015) |
| 05/01/2015 | | Transmission to Judgments and Orders Clerk. Transmitted re: 51 OPINION & ORDER to the Judgments and Orders Clerk. (gr) (Entered: 05/01/2015) |
| 05/05/2015 | 52 | CLERK'S JUDGMENT: It is, ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion & Order dated May 1, 2015, AUA's October 16, 2014 petition to confirm the Second Award is granted, and its motion for an order of attachment and preliminary injunction is denied as moot. Leeward's December 11, 2014 cross-motion to deny enforcement, vacate, or modify the arbitral award is denied; judgment is entered in the amount of $1,338,712; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 05/05/2015) (Attachments: # 1 Right to Appeal, # 2 Right to Appeal)(km) (Entered: 05/05/2015) |
| 05/14/2015 | 53 | NOTICE OF APPEAL from 52 Clerk's Judgment,,. Document filed by Leeward Construction Company, Ltd.. Filing fee $ 505.00, receipt number 0208-10922304. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (McMillan, Veronica) (Entered: 05/14/2015) |
| 05/14/2015 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 53 Notice of Appeal. (tp) (Entered: 05/14/2015) |
| 05/14/2015 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 53 Notice of Appeal, filed by Leeward Construction Company, Ltd. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/14/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/22/2015 13:27:37 | | | |
| **PACER Login:** | vamcmillan:4483017:0 | **Client Code:** | 96604 |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-cv-08410-DLC |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AMERICAN UNIVERSITY OF ANTIGUA          :
COLLEGE OF MEDICINE,
                        Petitioner,     :      14cv8410 (DLC)

             -v-                        :
                                        :      OPINION & ORDER
LEEWARD CONSTRUCTION COMPANY, LTD.,     :
                        Respondent.     :
------------------------------------X
```

APPEARANCES

For petitioners American University of Antigua College of
Medicine:

Leonard A. Sclafani
LAW OFFICES OF LEONARD A. SCLAFANI, ESQ.
1 Battery Park Plaza, 33rd Floor
New York, NY 10004

For respondent Leeward Construction Company, Ltd.:

Veronica A. McMillan
J. Scott Greer
LEWIS & GREER, P.C.
510 Haight Avenue, P.O. Box 2990
Poughkeepsie, NY 12603

DENISE COTE, District Judge:

        Petitioner American University of Antigua College of

Medicine ("AUA") moves to confirm an international arbitral

award against respondent Leeward Construction Company, Ltd.

("Leeward").  Leeward cross-moves to deny enforcement of,

vacate, or modify the arbitral award, arguing that the award is

non-final and ambiguous; that the Arbitration Tribunal

("Tribunal") exceeded its authority; and that the award

constitutes a "manifest disregard for the law."  AUA also moves

for an order of attachment and a preliminary injunction regarding a related arbitral award against it that is currently on appeal.  For the reasons stated below, AUA's petition to confirm is granted; Leeward's motion to deny enforcement of, vacate, or modify the award is denied; and AUA's motion for an order of prejudgment attachment is denied as moot.

## BACKGROUND

AUA and Leeward are corporations organized under the laws of Antigua and Barbuda.  On September 25, 2008, AUA and Leeward executed a contract for the construction of a medical school ("Contract").  Two sections of the Contract set out arbitration provisions (the "Arbitration Provisions"): Section 4.6.1, which provided that "[a]ny claim arising out of or related to the Contract . . . shall . . . be subject to arbitration," and Section 4.6.2, which provided that any arbitration "shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect."

The medical school was constructed in the Antigua and Barbuda Free Trade and Processing Zone, where certain business activities were by law exempt from Antigua and Barbuda Sales Tax ("ABST").  During the period of construction, it was unclear whether AUA's construction project would be subject to ABST; if so, that tax would be paid by Leeward, which was transacting

2

business in the Zone.  Accordingly, with each invoice submitted to AUA, Leeward included a sum -- 15% of the amount invoiced -- intended to pay any ABST assessed against it.  Ultimately, AUA paid $1,338,712 to Leeward for this purpose.[1]

Unbeknownst to AUA, however, Leeward never filed ABST tax returns with nor remitted corresponding ABST tax to the tax authorities at any time during or after construction.  In December 2009, after it had paid Leeward the amount above, AUA concluded on the basis of its communications with the government that the construction project was, in fact, exempt from ABST. Although informed at that time that the proper recourse was to recoup the ABST amounts it had paid to its vendors from those vendors, including Leeward, AUA intended to seek a tax refund from the government because it believed that its vendors, including Leeward, had been paying ABST to the government all along.  By the end of 2009, Leeward had ceased all business operations.

---

[1] The sums at issue were all paid in East Caribbean Dollars ("XCD") and the Tribunal awarded damages in XCD.  The parties' most recent motions differ in their conversions to U.S. Dollars. Dollar values here will be calculated using the exchange rate as of April 21, 2015, which is 2.7 XCD to the dollar.  XE Currency Converter, http://www.xe.com/currencyconverter/convert/?Amount=1&From=XCD&To=USD (last visited April 21, 2015).

I. The First Arbitration

In February 2011, Leeward initiated arbitration proceedings against AUA before the American Arbitration Association, alleging that AUA breached the Contract by withholding money owed Leeward for elements of the project AUA unilaterally struck from the construction plans; that it was due a "mobilization" fee; and that it was owed penalties for delays occasioned by AUA (the "First Arbitration").  AUA counterclaimed for liquidated delay damages.  During the course of the arbitration, AUA discovered an apparent mistake in Leeward's ABST invoicing -- one that would have benefitted Leeward in the amount of $30,762.80 -- and brought it to Leeward's attention.  In June 2012, the arbitration tribunal awarded Leeward $976,421.37 plus 7% interest per annum and awarded AUA $58,500 in liquidated damages plus 7% interest per annum (the "First Award").[2]  The tribunal refused, however, to include the apparent $30,762.80 discrepancy in its award.

Leeward subsequently sought confirmation of the First Award in the United States District Court for the Southern District of New York.  On March 26, 2013, the Hon. Judge Lewis A. Kaplan granted Leeward's petition, Leeward Const. Co. v. Am. Univ. of

---

[2] The First Award was modified in August of 2012 to correct clerical errors.

Antigua-Coll. of Med., No. 12cv6280 (LAK), 2013 WL 1245549, at
*5 (S.D.N.Y. Mar. 26, 2013), entering judgment for Leeward in
the amount of $966,026.79.  AUA filed a notice of appeal on
April 29.  On May 8, 2013, the parties executed an agreement
staying enforcement of Leeward's judgment for the First Award
(the "Stay Agreement") pending resolution of a second
arbitration proceeding begun earlier that year (the "Second
Arbitration").  Under the terms of that Agreement, AUA filed a
payment bond in the amount of $1,073,000 to secure Leeward's
judgment and waived its appellate rights as to the First Award.

Almost immediately, Leeward repudiated the Stay Agreement,
claiming AUA had not adequately informed it of the nature of
AUA's counterclaims in the Second Arbitration, and obtained a
Writ of Execution.  On June 29, AUA sought a stay of Leeward's
judgment from the court, pursuant to either the Stay Agreement
or the court's inherent powers.  Before this motion was
resolved, however, the parties entered into a Standstill
Agreement, by which terms AUA withdrew its motion to stay and
converted its existing bond into a supersedeas bond, and Leeward
agreed not to seek enforcement of the First Award pending the
outcome of AUA's appeal.  On August 13, 2013, the court entered
a Stipulation and Consent Order staying enforcement of the
judgment.  Pursuant to Local Rule 42.1, the parties agreed that
AUA would withdraw its appeal without prejudice and subject to

reinstatement.  AUA reinstated its appeal on February 2, 2015,
and appellate briefs were fully submitted on March 30.  Oral
argument has not yet been scheduled.

II. The Second Arbitration

On February 7, 2013, Leeward commenced a Second Arbitration
proceeding against AUA to recover the purportedly mis-tabulated
$30,762.80 it was unable to obtain in the First Arbitration
("Leeward's ABST Claim").  On February 27, AUA counterclaimed,
seeking to recover the $1,338,712 it had paid to Leeward for
ABST on the grounds of fraud or misrepresentation, mutual
mistake, and unjust enrichment ("AUA's ABST Counterclaim").  AUA
subsequently amended its answer to include a counterclaim
seeking $978,685.18 in damages for numerous alleged construction
defects ("Defects Counterclaim"), and on August 13 filed a
further amended answer.  This final answer did not explicitly
mention AUA's allegation of unjust enrichment.

The parties agreed to submit their claims to the
arbitration tribunal ("Tribunal") for decision, in an arbitral
equivalent of a motion for summary judgment.  In its motion,
Leeward asserted a cornucopia of defenses to AUA's ABST
Counterclaim, including that it was barred by res judicata, that
AUA lacked standing to bring it, that the doctrine of waiver
applied, and that the claim was not encompassed by the
Arbitration Provisions.  AUA and Leeward submitted lengthy

6

memoranda of law to the Tribunal; both parties' memoranda addressed whether a claim of unjust enrichment could be maintained. Ultimately, in a decision of February 6, 2014, the Tribunal concluded that it could not decide the issues on the basis of motion practice and, at the request of the parties, held day-long oral argument in Miami, Florida on April 28. Among the issues addressed at oral argument was AUA's claim of unjust enrichment.

On September 18, 2014, the Tribunal issued a decision and partial final award (the "Second Award") denying Leeward's ABST Claim on the merits, rejecting Leeward's defenses to AUA's ABST counterclaim, and granting AUA's ABST Counterclaim in the amount of $1,338,712. It explained that the Second Award was granted on AUA's claim of unjust enrichment. The Tribunal declined, however, to decide AUA's Defects Counterclaim.

On October 16, AUA petitioned this Court to confirm the Second Award pursuant to 9 U.S.C. § 201. Leeward filed its opposition on December 11, cross-moving to deny enforcement of, vacate, and/or modify the Second Award. The motions were fully submitted on January 9, 2015.

On February 17, asserting that Leeward is effectively a shell corporation and that its only asset is the judgment on the First Award, AUA moved for an order of attachment of Leeward's First Award pursuant to Fed. R. Civ. P. 64 and New York Civil

7

Practice Law and Rules §§ 6212 & 7502.  AUA moved as well for a
preliminary injunction to enforce the parties' Stay Agreement of
May 8, 2013.  That motion was fully submitted on March 13, 2015.

### DISCUSSION

Both the petition for confirmation and cross-motion to
vacate or modify invoke the provisions of the Convention on the
Recognition and Enforcement of Foreign Arbitral Awards, June 10,
1958, 21 U.S.T. 2517 ("New York Convention"), as implemented by
the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 et seq.  The
New York Convention applies "to the recognition and enforcement
of arbitral awards made in the territory of a State other than
the State where the recognition and enforcement of such awards
are sought" and "arbitral awards not considered as domestic
awards in the State where their recognition and enforcement are
sought."  New York Convention, art. I(1).

Confirming an arbitration award "ordinarily is a summary
proceeding that merely makes what is already a final arbitration
award a judgment of the court."  Citigroup, Inc. v. Abu Dhabi
Inv. Auth., 776 F.3d 126, 132 (2d Cir. 2015) (citation omitted).
The FAA provides that a court confronted with a motion to
confirm an arbitral award governed by the New York Convention
"shall confirm the award unless it finds one of the grounds for
refusal or deferral of recognition or enforcement of the award

8

specified in the said Convention." 9 U.S.C. § 207.  The New
York Convention provides seven defenses to enforcement, and
"[g]iven the strong public policy in favor of international
arbitration, the party seeking to avoid summary confirmance of
an arbitral award has the heavy burden of proving that one of
the seven defenses applies."  VRG Linhas Aereas S.A. v.
MatlinPatterson Global Opportunities Partners II L.P., 717 F.3d
322, 325 (2d Cir. 2013) (citation omitted).  Among other things,
the Convention allows the defense that an arbitration "award
deals with a difference not contemplated by or not falling
within the terms of the submission to arbitration, or it
contains decisions on matters beyond the scope of the submission
to arbitration," New York Convention, art. V(2)(c), and that
"[t]he party against whom the award is invoked . . . was . . .
unable to present his case," id., art. V(2)(b).

Where an award "was entered in the United States, however,
the domestic provisions of the FAA also apply."  Scandinavian
Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d
60, 71 (2d Cir. 2012).  Among the FAA's grounds for vacatur is
that the "arbitrators exceeded their powers, or so imperfectly
executed them that a mutual, final, and definite award upon the
subject matter submitted was not made."  9 U.S.C. § 10(a)(4).
In addition, courts have "recognized a judicially-created
ground, namely that an arbitral decision may be vacated when an

9

arbitrator has exhibited a manifest disregard of law." Jock v.
Sterling Jewelers Inc., 646 F.3d 113, 121 (2d Cir. 2011)
(citation omitted).  This ground has been "consistently accorded
the narrowest of readings."  Id. at 122 (citation omitted).

Leeward opposes confirmation of and seeks to vacate the
Second Arbitration Award on three grounds.  First, it argues
that the Tribunal exceeded its authority, in violation of
Article (V)(1)(c) of the Convention and 9 U.S.C. 10(a)(4).[3]
Second, it argues that the award is "non-final and ambiguous"
and thus does not satisfy the condition of finality under 9
U.S.C. 10(a)(4).  Third, it argues that the Tribunal acted with
"manifest disregard for the law."  None of these arguments has
merit.

I. The Tribunal "Exceeded Its Authority."

Leeward first argues that the Tribunal exceeded its powers,
citing the FAA, 9 U.S.C. 10(a)(4), and Article V of the New York
Convention.  Strictly speaking, only the FAA applies: "That an
arbitration panel exceeded its powers is not . . . one of the

---

[3] The Tribunal's Second Award decision states as follows: "The
undersigned arbitrators hereby certify that, for the purposes of
Article 1 of the New York Convention . . . this Partial Final
Award was made as in St. John, Antigua, Antigua and Barbuda."
Both parties assume that the FAA's statutory defenses apply, and
thus assume that the Second Award was entered in the United
States.  The Court therefore understands this language not to
establish otherwise.

seven exclusive grounds for denying enforcement under the New York Convention." Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 92 (2d Cir. 2005). Under the FAA, a party seeking to overturn an award because the arbitrator has exceeded her powers "bears a heavy burden," Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2068 (2013), and "vacatur under the excess-of-powers standard is appropriate only in the narrowest of circumstances." Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 754 F.3d 109, 113 (2d Cir. 2014) (citation omitted). "It is not enough to show that the arbitrator committed an error -- or even a serious error." Id. (citing Sutter, 133 S. Ct. at 2068). The "sole question . . . is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." Sutter, 133 S. Ct. at 2068. Leeward argues that the Tribunal exceeded its powers in two ways.

A. Unjust Enrichment Claim Improperly Presented

Leeward contends that the Tribunal erroneously awarded damages on the basis of an unjust enrichment claim that, for two reasons, was not properly presented. This, it contends, exceeded its powers.

1. AUA Waived Its Unjust Enrichment Claim.

First, Leeward invokes Article V(1)(b) of the New York Convention to argue that the Tribunal "violated Leeward's due

11

process" when it decided the AUA unjust enrichment claim because AUA "waived" that claim by dropping it from its final pleading. Article V(2)(b) permits vacatur if "[t]he party against whom the award is invoked . . . was . . . unable to present his case," New York Convention, art. V(2)(b).  This provision "essentially sanctions the application of the forum state's standards of due process," and accordingly "due process rights are entitled to full force under the Convention as defenses to enforcement." Iran Aircraft Indus. v. Avco Corp., 980 F.2d 141, 145 (2d Cir. 1992) (citation omitted).  The Tribunal concluded that AUA "formulated its counterclaim such that it includes a claim of unjust enrichment . . . and the Parties' subsequent oral and written submissions have addressed this unjust enrichment claim."  A review of the factual record discloses no reason to disagree with the Tribunal.  Leeward has failed to establish that it was denied "an opportunity to be heard at a meaningful time and in a meaningful manner."  Iran Aircraft, 980 F.2d at 146 (citation omitted).

        2. The Tribunal Lacked Power to Decide the Claim.

    Second, Leeward argues that because unjust enrichment is an equitable claim, it cannot by definition be a dispute "arising out of or related to the Contract."[4]  Leeward is wrong.  To begin

_____

[4] Although the New York Convention does not provide an "excess-of-powers" defense, it does allow a defense that arbitrators

with, the Tribunal's conclusion that the claim was encompassed
by the Arbitration Provisions is accorded great deference.  See
Schneider v. Kingdom of Thailand, 688 F.3d 68, 73 (2d Cir.
2012).  Moreover, under broad arbitration clauses, claims of
unjust enrichment predicated on parties' obligations under a
contract are presumptively arbitrable.  See, e.g., JLM Indus.,
Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 167, 183 (2d Cir. 2004)
(holding common-law claim of unjust enrichment was encompassed
by clause providing for arbitration of "[a]ny and all
differences and disputes of whatsoever nature arising out of"
the agreement); Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d
840, 856 (2d Cir. 1987) (holding that unjust enrichment claim
"predicated on the defendants' contractual duty to bill . . .
accurately . . . arises under" contract).  A clause, like these
Arbitration Provisions, that "submit[s] to arbitration 'any
claim or controversy arising out of or relating to the
agreement' is the paradigm of a broad clause," Collins & Aikman
Products Co. v. Bldg. Sys., Inc., 58 F.3d 16, 20 (2d Cir. 1995),
and AUA's claim -- that Leeward improperly invoiced and

---

decided matters "not contemplated by or not falling within the
terms of the submission to arbitration, or it contains decisions
on matters beyond the scope of the submission to arbitration."
New York Convention, art. V(2)(c).  Although Leeward does not
cite this provision, it is assumed that Leeward meant to invoke
it.

collected money it was not legally owed -- is clearly predicated

on Leeward's obligations under the contract.  The unjust

enrichment claim was properly subject to arbitration.

    B. The Tribunal Improperly "Enforced" Tax Laws.

    Leeward also argues that, in awarding damages for the ABST

money it collected from AUA, the Tribunal exceeded its authority

by engaging in "tax law enforcement -- a right only granted to

the Antigua and Barbuda tax authorities."  But AUA is not

seeking to collect taxes from Leeward on behalf of the Antiguan

government.  This is not a suit to enforce a tax judgment or

obtain a tax refund, as would be presumptively barred under the

"revenue rule."  See United States v. Federative Republic of

Brazil, 748 F.3d 86, 92 n.6 (2d Cir. 2014) ("The 'revenue rule'

. . . provides that courts of one sovereign will not enforce

final tax judgments or unadjudicated tax claims of other

sovereigns." (citation omitted)).  Rather, AUA is seeking the

return of money it paid to Leeward, and which Leeward has to

date retained.  The money may have been earmarked for ABST

payments, but that does not make it an ABST payment.  And while

the Tribunal was required to review provisions of the ABST law

in rendering its decision, this does not make the arbitrator --

or, for that matter, the Court -- a de facto Antigua and Barbuda

tax collector.  This matter clearly fell within the scope of the

Arbitration Clause, and the Tribunal offered an adequate

explanation for its decision.  That decision will not be
disturbed.

II. The Award Is "Non-Final and Ambiguous."

    Leeward also argues that the Second Arbitration Award is
not a "final decision" as required by 9 U.S.C. § 10(a)(4).
"[A]n arbitration award is final if it resolves all issues
submitted to arbitration, and determines each issue fully so
that no further litigation is necessary to finalize the
obligations of the parties."  Rocket Jewelry Box, Inc. v. Noble
Gift Packaging, Inc., 157 F.3d 174, 177 (2d Cir. 1998) (citation
omitted).  Moreover, the decision "must resolve [the issues]
definitively enough so that the rights and obligations of the
two parties, with respect to the issues submitted, do not stand
in need of further adjudication."  Id. at 176.  This standard
"does not require that the arbitration award resolve every
outstanding issue that might arise in later litigation between
the parties."  Id. at 177.  Indeed, an award that "finally and
conclusively dispose[s] of a separate and independent claim . .
. may be confirmed although [it does] not dispose of all the
claims that were submitted to arbitration."  Zeiler v. Deitsch,
500 F.3d 157, 169 (2d Cir. 2007) (citing Metallgesellschaft A.G.
v. M/V Capitan Constante, 790 F.2d 280, 283 (2d Cir. 1986)).

    Leeward claims that the Second Arbitration Award is non-
final and ambiguous because it leaves Leeward open to potential

"double liability" if the Antigua and Barbuda tax authorities
end up seeking ABST from them after all. Leaving aside that
this speculation is unsupported by the factual record, the Award
includes an indemnification provision to shield Leeward against
exactly such an unlikely contingency. Providing for possible
future occurrences does not make the award any less definite or
final. Although partial, the Second Award finally and
conclusively disposes of the two claims now before the Court.
The Tribunal made findings of fact and conclusions of law
regarding liability and awarded damages accordingly. It
preemptively addressed Leeward's "double liability" scenario
with its indemnification provision. The only issues left
unresolved are AUA's separate and independent counterclaim
alleging construction defects and awards of attorneys' fees and
costs, if any. As Zeiler and Metallgesellschaft make clear,
this is no bar to confirmation.

III. The Tribunal Showed "Manifest Disregard for the Law."

    Finally, Leeward argues that the Tribunal acted with a
"manifest disregard for the law" because it "completely ignored"
the doctrines of res judicata and contractual waiver and
modification. Again, it is wrong. "[A]wards are vacated on
grounds of manifest disregard only in those exceedingly rare
instances where some egregious impropriety on the part of the
arbitrator is apparent." T.Co Metals, LLC v. Dempsey Pipe &

16

Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010) (citation omitted).  The disregard must be "more than error or misunderstanding with respect to the law" or an "arguable difference regarding the meaning or applicability of laws urged upon an arbitrator," and "[t]he award should be enforced . . . if there is a barely colorable justification for the outcome reached."  Id. (citation omitted).  "[T]o apply the manifest disregard standard, the court must consider, first, whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable, and, second, whether the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it."  Schwartz v. Merrill Lynch & Co., 665 F.3d 444, 452 (2d Cir. 2011) (citation omitted).[5]

Leeward's argument is unavailing.  The doctrines of res judicata and waiver and modification are certainly well defined, explicit, and clearly applicable.  The Tribunal obviously knew that these doctrines existed because, in its decision, it explicitly rejected applying them on the grounds that Leeward's

---

[5] This standard has also been described in this Circuit as having "three components": whether the law was clear and applicable; whether the law was improperly applied, leading to an erroneous outcome; and whether the arbitrator actually knew of the law and its applicability to the matter.  See, e.g., T.Co Metals, 592 F.3d at 339.

arguments were unpersuasive.  And the Tribunal manifestly did not "ignore" or "pay no attention to" these doctrines; instead, it explicitly considered and rejected applying both doctrines, and in each case had more than "barely colorable justification" to do so.

Arbitrators decide the claim-preclusive effect of arbitration awards that have been confirmed by federal courts. Citigroup, 776 F.3d at 133-34.  It was thus well within the Tribunal's authority to decide the applicability of res judicata.  Here, the Tribunal determined that Leeward's res judicata arguments were "unconvincing" because Leeward's proposed standard -- that "any claim arising under the same transaction as the claims debated in the Prior Proceedings should be precluded" -- was "unpersuasive."[6]  The parties' memoranda heatedly, and at some length, contested whether Leeward's asserted res judicata standard was consistent with governing law.  The Tribunal's discussion indicates that it agreed with AUA's position.  This is sufficient to require enforcement of the Tribunal's decision.

---

[6] The Tribunal also explicitly rejected Leeward's "additional arguments that the AUA's ABST arguments should have been submitted before -- at the time of the Prior Proceeding or even before that -- and that Leeward's defense of res judicata should prevail even in light of its own ABST claim."

The Tribunal also offered sufficient justification for its rejection of Leeward's waiver and modification claims.  After describing the nature of Leeward's arguments, the Tribunal concluded that Leeward had "not established sufficient facts to prove waiver."  The Tribunal did not "completely ignore" the doctrine's applicability; it explicitly found that it could not be applied on these facts.  As to modification, because the Tribunal's conclusion rested on the ground of unjust enrichment, the Tribunal did not feel it necessary to address modification or any "other defenses to alternative avenues" of argument because they would "lead to the same result."  Leeward disagrees, but the belief that the Tribunal was wrong and a desire to relitigate the decision cannot transform arguable conclusions of law into "manifest disregard."

CONCLUSION

AUA's October 16, 2014 petition to confirm the Second Award is granted, and its motion for an order of attachment and preliminary injunction is denied as moot.  Leeward's December 11, 2014 cross-motion to deny enforcement, vacate, or modify the arbitral award is denied.  Accordingly, the Clerk of Court is directed to enter judgment in the amount of $1,338,712 and to close the case.

SO ORDERED:

Dated:    New York, New York
          May 1, 2015

                          _____
                                 DENISE COTE
                          United States District Judge

20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X                    05/05/2015
AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

                Petitioner,                    14 **CIVIL** 8410 (DLC)

    -against-                                            **JUDGMENT**

LEEWARD CONSTRUCTION COMPANY, LTD.,
                Respondent.
-------------------------------------------------------------X

       Petitioner American University of Antigua College of Medicine ("AUA") having moved to

confirm an international arbitral award against respondent Leeward Construction Company, Ltd.

("Leeward").  Leeward having cross-moved to deny enforcement of, vacate, or modify the arbitral

award, arguing that the award is non-final and ambiguous; that the Arbitration Tribunal ("Tribunal")

exceeded its authority; and that the award constitutes a "manifest disregard for the law." AUA also

moves for an order of attachment and a preliminary injunction regarding a related arbitral award

against it that is currently on appeal,  and the matter having been brought before the Honorable

Denise L. Cote, United States District Judge, and the Court, on May 1, 2015, having issued its

Opinion & Order (Doc. #51) granting AUA's October 16, 2014 petition to conform the Second

Award, and denying its motion for an order of attachment and preliminary injunction as moot; and

denying Leeward's December 11, 2014 cross-motion to deny enforcement, vacate, or modify the

arbitral award; and directing the Clerk of Court to enter judgment in the amount of $1,338,712 and

to close the case, it is,

       **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Opinion & Order dated May 1, 2015,  AUA's October 16, 2014 petition to confirm the

Second Award is granted, and its motion for an order of attachment and preliminary injunction is

denied as moot.  Leeward's December 11, 2014 cross-motion to deny enforcement, vacate, or

modify the arbitral award is denied; judgment is entered in the amount of $1,338,712; accordingly,

the case is closed.

**Dated:**  New York, New York
         May 5, 2015

                                        **RUBY J. KRAJICK**
                                        _____
                                           **Clerk of Court**
                           **BY:**
                                        _____
                                           **Deputy Clerk**

## ADDENDUM B TO FORM C

### LIST OF ISSUES TO BE RAISED ON APPEAL

1. Whether the District Court erred in confirming the arbitration award and denying Leeward's cross-motion to deny enforcement, vacate or modify the award pursuant to 9 U.S.C. §10, 11 and 201, *et seq.* This issue presents a pure question of law as to whether one of the grounds to deny confirmation and vacate or modify the award should be applied, it is subject to a *de novo* standard of review.