UNITED STATES COURT OF APPEALS
For the SECOND CIRCUIT
-------------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                           Appellant-Respondent,

              -against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                       Appellee-Petitioner.
-------------------------------------------------------------------x

Docket Nos. 15-1595 and 13-1708
(ECF CASE)

# LEEWARD CONSTRUCTION COMPANY, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HEAR APPEALS IN TANDEM

Dated: Poughkeepsie, New York
       June 25, 2015

                                  Respectfully Submitted:

                                  **LEWIS & GREER, P. C.**
                                  *Attorney for Appellant-Respondent,*
                                  *Leeward Construction Company, Ltd.*
                                  510 Haight Avenue, P. O. Box 2990
                                  Poughkeepsie, New York 12603
                                  Telephone: 845-454-1200

OF COUNSEL:
Veronica A. McMillan, Esq.
J. Scott Greer, Esq.

i

# **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 3

    I.      The Parties ............................................................................................ 3

    II.     The First Arbitration Proceeding ......................................................... 3

    III.    The Second Arbitration Proceeding ..................................................... 6

ARGUMENT ............................................................................................................ 10

CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**                                                                  **PAGE(S)**

*Am. Univ. of Antigua v. Leeward Constr. Co.*,
    2015 U.S. Dist. LEXIS 57579 .................................................................. 8

*Leeward Constr. Co. v. Am. Univ. of Antigua*,
    2013 U.S. Dist. LEXIS 43350 (SDNY 2013) ........................................... 5

*M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*,
    689 F.3d 263 (2d Cir. 2012) ................................................................... 10

*New Phone Co. v. City of New York*,
    2009 U.S. App. LEXIS 26555 (2d Cir. 2009) ....................................... 10

*Norton-Griffiths v. Charter One Bank*,
    2001 U.S. App. LEXIS 21863 (2d Cir. 2001) ....................................... 10

*State v. McCarty*,
    956 S.W.2d 365 (SD Mo 1997). ............................................................ 10

*United States v. Int'l Bhd. of Teamsters*,
    274 F.3d 370 (2d Cir. 2001 .................................................................... 10

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*,
    126 F.3d 15 (2d Cir. 1997) ....................................................................... 5

## **PRELIMINARY STATEMENT**

The appeals before the Court under Docket Nos. 15-1595cv and 13-1708cv arise out of the same set of facts and circumstances and as such, should be heard in tandem before the same panel of the Court. In 2008, the American University of Antigua – College of Medicine ("Petitioner" or "AUA") and Leeward Construction Company, Ltd. ("Respondent" or "Leeward") entered into a contract for the construction of a medical school in St. Johns, Antigua. A dispute subsequently arose and pursuant to the terms of the parties' contract, Leeward initiated arbitration proceedings against the AUA with the American Arbitration Association International Center for Dispute Resolution ("AAA") in February, 2011, to arbitrate claims arising out of or related to the contract (the "First Arbitration Proceedings"). The First Arbitration Proceedings resulted in a Final Award certified on June 22, 2012 and modified on August 8, 2012, awarding Leeward damages in the amount of $976,421.37, plus interest at the rate of 7% per annum as provided in the Award. The Final Award also awarded AUA liquidated damages in the amount of $58,500.00, plus interest at the rate of 7% per annum as provided in the Award (the "First Arbitration Award"). Thereafter, Leeward successfully petitioned the United States District Court for the Southern District of New York (the "district court") for confirmation of the First Arbitration Award. On June 11, 2013, the district court's Clerk entered a Corrected Amended Judgment in favor of Leeward in the net amount of $910,804.49 plus interest at a rate of 7% per annum until the judgment is paid ("the First Judgment"). AUA appealed the First Judgment under Docket No. 13-1708cv, which is scheduled for oral argument before this Court on August 20, 2015.

On February 7, 2013, Leeward commenced a second arbitration proceeding against AUA with the AAA to arbitrate sums outstanding (US $30,762.00) after the First Arbitration

1

2

Proceeding (the "Second Arbitration Proceeding"). In the Second Arbitration Proceeding, AUA asserted for the first time claims relating to Antigua and Barbuda Sales Tax ("ABST") it paid on requisitions during the project; as well as construction defect claims related to the very same project at issue as the First Arbitration Award. On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia,* dismissed Leeward's claim and granted the AUA's ABST claim. The Partial Final Award included a twenty page vigorous Dissenting Opinion in which Arbitrator Carlos A. Romero, Jr., Esq. pointed out five significant problems with the Partial Final Award. The AUA in a second confirmation proceeding before the district court obtained a judgment against Leeward for $1,338,712.00 (the "Second Judgment"), which Leeward has appealed to this Court under Docket No. 15-1595cv. These two appeals arise from the same set of facts which are inextricably intertwined and should, therefore, be heard in tandem by the same panel of the Court.

## STATEMENT OF FACTS

### I. The Parties

Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. Johns, Antigua. The AUA is a corporation duly organized and existing under the laws of Antigua and Barbuda, with office and principal place of business at University Park, Jabberwock Beach Road, Coolidge, Antigua. The AUA also has an office in New York State through its principal/agent, Manipal Education America, LLC f/k/a GCLR, LLC.

### II. The First Arbitration Proceeding

On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in St. Johns, Antigua (the "Contract"). Section 4.6 of the General Conditions to the Contract contained an arbitration agreement that reads as follows:

> § 4.6 ARBITRATION
>
> § 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.
>
> § 4.6.2 Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

(A copy of Leeward's Amended Petition to Confirm filed in the district court under Case No. 1:12-CV-06280 is annexed to the McMillan Declaration as Exhibit 1; the Contract containing the arbitration agreement is annexed to Leeward's Amended Petition as Exhibit A.)

On February 3, 2011, Leeward commenced the First Arbitration Proceeding with the AAA to arbitrate claims arising out of or related to the Contract. On or about October 14, 2011, Leeward served and filed an Amended Demand for Arbitration requesting an award for breach of contract in the amount of US $2,518,931.97/EC $6,800,572.28[1]; interest on late payments as provided in the Contract from the date the payments were due until the date the payments were made at the legal rate of interest in Antigua as determined by the Arbitrators; and legal fees and expenses, including the cost and expense of arbitration, as determined by the Arbitrators in accordance with the laws of Antigua. (McMillan Declaration; Exhibit 2)

On or about November 30, 2011, the AUA filed a reply to the Amended Demand that included counterclaims for liquidated delay damages in the amount of US $117,000.00 and in the alternative, actual delay damages in the amount of US $371,955.31/EC $1,004,199.00. The AUA withdrew its counterclaim for actual delay damages on April 11, 2012. (McMillan Declaration, Exhibit 3)

In March, 2012, the Tribunal conducted evidentiary hearings in San Juan, Puerto Rico. On May 22, 2012, the hearings were closed following the submission of the parties' lengthy post-hearing findings of fact and conclusions of law. The Tribunal issued the First Arbitration

---

[1] Leeward's breach of contract claim alleged that the AUA repeatedly breached the contract by failing to issue change orders/change directives for additional contract work; failing to pay for additional work that the AUA authorized and directed Leeward to perform; failing to pay Leeward's payment applications in accordance with the terms of the Contract; failing to certify the Project as substantially complete; failing to issue a final certificate of payment; failing to make final payment to Leeward in accordance with the terms of the Contract; failing to pay the mobilization fee as provided in the Contract; failing to authorize overtime as provided in the Contract; failing to coordinate the work of other contractors as required in the Contract; and failing to properly administer the Contract as provided in the Contract documents. (McMillan Declaration, Exhibit 1)

Award certified June 22, 2012, and modified August 8, 2012, in which the Arbitrators directed the AUA to pay damages to Leeward in the amount of $976,421.37, plus interest at the rate of seven percent (7%) per annum as provided in the Award. The First Arbitration Award also granted the AUA damages in the amount of $58,500.00, plus interest at the rate of 7% per annum as provided in the Award. (A copy of the Final Arbitration Award certified on June 22, 2012, and the August 8, 2012 modified Final Award is contained within Exhibit 1 to the McMillan Declaration as Exhibits B and D.)

On August 16, 2012, Leeward commenced a proceeding in the district court styled *Leeward Construction Company, Ltd. v. American University of Antigua – College of Medicine, et ano.*, 12-CV-062080-LAK/GWG, for an order confirming the First Arbitration Award and for the entry of a money judgment against AUA in the amounts stated in the First Arbitration Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as codified at 9 U.S.C. §201 *et seq.* (the "Convention").[2] On September 25, 2012, AUA cross-moved to dismiss pursuant to the *Forum Non Conveniens* Doctrine and Fed. R. Civ. P. 12(b)(6) or in the alternative, to vacate or modify the award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* On March 26, 2013, the Court entered a Memorandum Opinion which, *inter alia*, granted Leeward's petition. *See Leeward Constr. Co. v. Am. Univ. of Antigua*, 2013 U.S. Dist. LEXIS 43350 (SDNY 2013). (McMillan Declaration, Exhibit 4) On June 11, 2013, the district court's Clerk entered the First Judgment. (McMillan Declaration, Exhibit 5)

On April 29, 2013, AUA filed a Notice of Appeal to this Court under Docket No. 13-

---

[2] The Convention, also known as the "New York Convention" and the "1958 Convention," was enacted on June 10, 1958 and ratified by the United States on December 29, 1970. S*ee Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15-18 n.1. (2d Cir. 1997). The Commonwealth of Antigua and Barbuda ratified the Convention on February 2, 1989. See http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html.

1708cv and thereafter, moved the district court for a stay of enforcement of the First Judgment pending the outcome of its appeal. On August 9, 2013, AUA filed a *supersedeas* bond in the amount of $1,073,000. On August 16, 2013, the district court entered a Stipulation and Consent Order staying the enforcement of the First Judgment pending the outcome of AUA's appeal. (McMillan Declaration, Exhibit 6) Thereafter, the parties entered into a series of Local Rule 42.1 stipulations extending the AUA's time to reinstate its appeal during the pendency of a second arbitration proceeding between the parties. On February 13, 2015, the AUA perfected its appeal with the filing of its Brief and Special Appendix as well as the Joint Appendix. On March 16, 2015, Leeward filed its opposition brief and on March 30, 2015, the AUA filed its reply brief. The appeal is currently scheduled for oral argument before the Court on August 20, 2015. On June 10, 2015, the AUA moved the district court for an order releasing the *supersedeas* bond and staying the enforcement of the First Judgment without bond pending the outcome of the parties' appeals.

### III. The Second Arbitration Proceeding

On February 7, 2013, Leeward commenced the Second Arbitration Proceeding against AUA with the AAA to arbitrate sums outstanding (US $30,762.00) after the First Arbitration Proceeding. (A copy of AUA's Petition to Confirm filed in the district court under Case No. 1:14-CV-8410 is annexed to the McMillan Declaration as Exhibit 7; Leeward's February 7, 2011 Demand for Arbitration is annexed to the AUA's Petition as Exhibit B.) During the First Arbitration Proceeding, the AUA admitted on multiple occasions that it was liable to pay to Leeward the outstanding amount as a result of a mis-tabulation during invoicing on the project. (McMillan Declaration, Exhibit 1, Exhibit B) Neither party was aware of the outstanding amount until the AUA pointed it out during the hearings. Thus, the First Arbitration Proceeding

6

Tribunal held that it could not award the amount to Leeward because it was not part of the pleadings in First Arbitration Proceeding. (McMillan Declaration, Exhibit 1, Exhibit D, pp. 11-12) Leeward attempted to obtain payment from the AUA for this amount but was refused.

The AUA pled its answer and counterclaims in the Second Arbitration Proceeding several times. In its initial Answer and Counterclaim, dated February 27, 2013, the AUA denied that it owes Leeward the monies for the invoice mis-tabulation (despite admitting the liability on multiple occasions during the First Arbitration Proceeding) and, as a counterclaim, the AUA asserted, for the very first time, that it is entitled to a refund of all of the ABST that it paid to Leeward on the project, in the amount of EC$3,614,522.41/US$1,338,723.00 (the "ABST claim"). (McMillan Declaration, Exhibit 7, Exhibit C) Subsequently, the AUA amended its answer to assert an additional counterclaim alleging various construction defect claims in the amount of EC$2,642,450.00/US$978,685.00 (the "Defective Work claims"). (McMillan Declaration, Exhibit 7, Exhibit D) Thereafter, the AUA served an Amended Answer and Counterclaims dated August 1, 2013. The AUA failed to include a copy of this final pleading with its petition to confirm. (McMillan Declaration, Exhibit 8)

The parties agreed to submit their claims in the Second Arbitration Proceeding to the Tribunal for decision in the nature of motions for summary judgment. In its motion, Leeward argued that AUA's ABST claim should be dismissed because (a) the AUA was required under the Contract, read in conjunction with the ABST Act, to pay Leeward ABST; (b) the doctrine of *res judicata* bars the ABST claim; (c) the AUA lacks standing to bring the ABST claim; (d) the doctrines of waiver and/or modification bar the ABST claim; and (e) the ABST claim does not arise under the Contract and, therefore, is not subject to arbitration. With regard to the AUA's defective work claims, Leeward argued that the claims were subject to dismissal because (a) the doctrine of

7

*res judicata* bars the Defective Work claims; (b) the AUA failed to comply with the required notice provision under the Contract and, as a result, the Defective Work claims are untimely; and (c) the windows portion of the Defective Work claims is not subject to arbitration because the windows work was performed under a separate contract. The AUA moved for summary judgment on its ABST claim and for dismissal of several of Leeward's defenses.

On February 6, 2014, the Tribunal issued a decision which failed to resolve any of the major issues in the proceeding. (McMillan Declaration, Exhibit 7, Exhibit E) On April 28, 2014, at the joint request of the parties, the Tribunal conducted a day-long oral argument in Miami, Florida in which it heard from counsel for both parties. On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted AUA's ABST claim. (McMillan Declaration, Exhibit 7, F) The Partial Final Award contained a lengthy dissenting opinion which detailed the errors in the Partial Final Award. The AUA failed to include the dissenting opinion with its Petition to Confirm. (McMillan Declaration, Exhibit 9)

On October 21, 2014, AUA commenced a proceeding in the district court styled *American University of Antigua – College of Medicine v. Leeward Construction Company, Ltd.*, 14-CV-9510-DLC, for an order confirming the Second Arbitration Award pursuant to the Convention. On December 12, 2014, Leeward cross-moved to deny enforcement, vacate or modify the award and reinstate Leeward's claim, as the Tribunal, in making the Second Arbitration Award, exceeded the scope of its authority, the Second Arbitration Award was non-final and ambiguous and constitutes a manifest disregard of the law. On May 1, 2015, the district court entered a Memorandum Opinion which, *inter alia*, granted AUA's petition. *See Am. Univ. of Antigua v. Leeward Constr. Co.*, 2015 U.S. Dist. LEXIS 57579. (McMillan Declaration, Exhibit 10) On May 5, 2015, the district court's Clerk entered a Judgment in AUA's favor in the

8

amount of $1,338,712.00 (the "Second Judgment"). (McMillan Declaration, Exhibit 11)  On May 14, 2015, Leeward filed a Notice of Appeal to this Court under Docket No. 15-1595cv. On June 11, 2015, the Court issued an Order setting August 25, 2015 as the date on or before which Leeward must file the Joint Appendix and its brief in support of its appeal.

# ARGUMENT

## THE PARTIES' APPEALS ARISING FROM THE SAME FACTS AND CIRCUMSTANCES SHOULD BE HEARD IN TANDEM BY THE SAME PANEL OF THE COURT

Where two appeals involve the same issues or set of facts, this Court has held that they should be heard in tandem by the same panel of the Court. *See, e.g., Norton-Griffiths v. Charter One Bank*, 2001 U.S. App. LEXIS 21863 (2d Cir. 2001); *New Phone Co. v. City of New York*, 2009 U.S. App. LEXIS 26555 (2d Cir. 2009); *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 689 F.3d 263 (2d Cir. 2012). Judicial economy is promoted when appeals, for which the facts are inextricably intertwined, are heard in tandem and decided together. *See, e.g., United States v. Int'l Bhd. of Teamsters*, 274 F.3d 370, 374, fn. 1 (2d Cir. 2001); *see also, State v. McCarty*, 956 S.W.2d 365 (SD Mo 1997).

As the foregoing facts make clear, both appeals arise from the same circumstances surrounding a single construction project: the construction of AUA's medical school campus in Antigua. The identical parties: AUA and Leeward, are involved in both appeals. The documentary evidence submitted before the Tribunal in the Second Arbitration Proceeding including significant documentation submitted to the Tribunal in the First Arbitration Proceeding. In fact, Leeward argued before the District Court and will argue on appeal in this Court that the AUA's claims in the Second Arbitration Proceeding are barred by the doctrine of *res judicata* based on the First Arbitration Proceeding.

The outcome of each of the appeals will necessarily impact the other. In fact, on June 10, 2015, the AUA moved the district court for an order releasing the *supersedeas* bond it filed to stay the enforcement of the First Judgment during the pendency of its appeal, but also asks that the First Judgment remain stayed during the pendency of its appeal. The AUA claims that since

the Second Judgment is greater than the First Judgment, no further security should be required. The argument ignores the possibility that the Second Judgment will be reversed on appeal. But, the motion is an acknowledgement by the AUA of the inter-relationship between the two appeals, requiring that they be heard in tandem. To afford the parties complete relief, adhere to the principals of judicial economy and avoid inconsistent outcomes, the entire circumstances of the project, as detailed in both appeals, should be heard in tandem before the same panel of the Court.

## **CONCLUSION**

For the reasons set forth herein, Appellant-Respondent Leeward Construction Company, Ltd. respectfully requests that this Court grant its motion ordering that the appeals under Docket Nos. 13-1708cv and 15-1595cv be heard in tandem by the same panel of the Court given that they arise out of the same set of facts and circumstances.

Dated: June 25, 2015
Poughkeepsie, New York

Veronica A. McMillan (VM 1107)
**LEWIS & GREER, P.C.**
*Attorney for Appellant-Respondent,*
*Leeward Construction Company, Ltd.*
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
Telephone: (845) 454-1200

To:  Leonard A. Sclafani, Esq.
Law Offices of Leonard A. Sclafani, Esq.
*Attorney for Appellee-Petitioner,*
*American University of Antigua -- College of Medicine*
1 Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (212) 696-9880

James M. Hirschorn, Esq.
Sills Cummis & Gross, P.C.
*Attorney for Appellee-Petitioner,*
*American University of Antigua – College of Medicine*
101 Park Ave., 28th Floor
New York, New York 10017
Email: jhirshhorn@sillscummis.com