UNITED STATES COURT OF APPEALS
For the SECOND CIRCUIT

-------------------------------------------------------------------x

LEEWARD CONSTRUCTION COMPANY, LTD.

        Appellant-Respondent

-against-

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

        Appellee-Petitioner.

-------------------------------------------------------------------x

Docket Nos. 15-1595 and 13-1708

---

# AMERICAN UNIVERSITY OF ANTIGUA – COLLEGE OF MEDICINE'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO HEAR APPEALS IN TANDEM

---

SILLS CUMMIS & GROSS, P.C.
*Attorneys for Appellant-Respondent*
*Leeward Construction Company, Ltd.*
101 Park Avenue, 28th Floor
New York, New York 10178

OF COUNSEL:
James M. Hirschhorn

-i-

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT .............................................................................................................. 2

    THE PARTIES' APPEALS SHOULD NOT BE HEARD IN TANDEM BECAUSE THEY DO NOT INVOLVE THE SAME FACTUAL AND LEGAL ISSUES AND TANDEM CONSIDERATION WOULD NOT PROMOTE JUDICIAL ECONOMY ............................................................... 2

CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*American Univ. of Antigua College of Medicine v. Leeward Const. Co.*,
    2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. 2015)..............................................3, 5, 6

*Leeward Constr. Co. v. American Univ. of Antigua – College of Medicine*,
    2013 U.S. Dist. LEXIS 43550 (S.D.N.Y. 2013).........................................3, 4, 5, 7

*M.O.C.H.A. Society, Inc. v. City of Buffalo*,
    689 F.3d 263 (2d Cir. 2012)..............................................................................6

*Marcoux v. Farm Serv. & Supplies, Inc.*,
    290 F. Supp. 2d 457 (S.D.N.Y. 2003)...............................................................7

*New Phone Co. v. City of New York*,
    2009 U.S. App. LEXIS 26555 (2d Cir. 2009) ..................................................6

*Norton-Griffiths v. Charter One Bank*,
    2001 U.S. App. LEXIS 21863 (2d Cir. 2001) ..................................................6

*United States v. Int'l Bhd. of Teamsters*,
    274 F.3d 370 (2d Cir. 2001)..............................................................................6

**RULES**

Fed. R. Civ. P. 62(a) .............................................................................................7

## PRELIMINARY STATEMENT

This procedural motion by Leeward Construction Co. ("Leeward), Respondent in Docket No. 13-1708 and appellant in the yet to be briefed Docket No. 15-1595, is an attempt to delay oral argument in No. 13-1708 ("First Appeal), scheduled for August 20, 2015, until No. 15-1595 can be briefed and calendared for argument. American University of Antigua – College of Medicine ("AUA"), appellant in No. 13-1708 and respondent in No. 15-1595 ("Second Appeal"), objects on the ground that the two appeals do not contain common questions of law or fact that would justify hearing them in tandem, and that judicial economy would not be served by delaying the decision of No. 13-1708, which had been on the docket for more than two years and which is fully briefed, calendared for argument, and ripe for decision.

The two appeals involve different factual and legal issues. The First Appeal is from enforcement of an arbitration award ("First Award") against AUA in a typical construction dispute over responsibility under the contract for change orders and for work omitted from the original contract and rebid by AUA. *See Leeward Constr. Co. v. American Univ. of Antigua – College of Medicine*, 2013 U.S. Dist. LEXIS 43550 (S.D.N.Y. 2013). The Second Appeal is from enforcement of a subsequent arbitration award ("Second Award") on a different factual and legal issue – ruling that Leeward was unjustly enriched by collecting $1,338,712 from AUA on account of Antiguan taxes that AUA did not owe and that Leeward never paid to the Antiguan government. Leeward objected below to the refund of these payments to AUA on numerous procedural grounds, name of which were issues in the arbitration that resulted in the First Award. *See American Univ. of Antigua College of Medicine v. Leeward Const. Co.*, 2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. 2015). The only point of contact between the two disputes is that they both arose out of Leeward's construction of AUA's Antigua campus.

1

Because the appeals involve different facts and different legal issues, hearing them together will not economize on the Court's time, and will only needlessly delay the decision of the First Appeal.

## ARGUMENT

### THE PARTIES' APPEALS SHOULD NOT BE HEARD IN TANDEM BECAUSE THEY DO NOT INVOLVE THE SAME FACTUAL AND LEGAL ISSUES AND TANDEM CONSIDERATION WOULD NOT PROMOTE JUDICIAL ECONOMY

This motion is Leeward's attempt to delay the hearing of AUA's appeal in Docket No. 13-1708, which is fully briefed and calendared for oral argument on August 20, 2015, by hearing it in tandem with Leeward's appeal in Docket No. 15-1595, in which Leeward's initial brief as appellant is not due until August 25, 2015, five days after the current argument date. Postponing the appeal in No. 13-1708 would not further judicial economy. There is no reason to do so because the factual and legal issues involved in the two appeals are entirely different.

It is true, of course, that both appeals relate to a single construction project – the construction by Leeward of AUA's campus in Antigua. However, as even a cursory review of the decisions below will demonstrate, they involve entirely different legal and factual issues. In Docket No. 13-1708, which is ripe for decision, the appeal involves the arbitrator's decision to award damages against AUA for breaches of the construction contract between the parties – specifically change order work and the alleged "bad faith" of AUA in first deleting work from the original contract and then reletting the same work to Leeward at a lower price. *See Leeward Constr. Co. v. American Univ. of Antigua – College of Medicine*, 2013 U.S. Dist. LEXIS 43550 (S.D.N.Y. 2013) at *7-*14. On appeal, AUA argues that the "bad faith" doctrine does not exist in the law of Antigua, which governs the construction contract, that it was denied the opportunity

2

to raise that issue before the arbitration panel, and that the panel did not render a reasoned award with respect to the amount of damages. *See* Docket No. 13-1708, Entry # 94 (AUA Brief) and # 108 (AUA Reply Brief).

The Second Appeal, Docket No. 15-1595, which has not yet been briefed, involves an award refunding to AUA $1,338,712 in payments it made to Leeward on account of Antiguan taxes ("ABST") that AUA did not owe and that Leeward never paid to the Antiguan government. *See American Univ. of Antigua College of Medicine v. Leeward Constr. Co.*, 2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. 2015) at *2-*4. Leeward's principal objections to this award below, rejected by the arbitrators and by the District Court, are i) AUA waived the claim by making the payments without protest, ii) the claim is outside the scope of the arbitration clause, iii) it is not subject to arbitration as a claim enforcing Antigua's tax laws, and iv) because AUA did not present the refund claim in the First Arbitration, the claim was barred by *res judicata*. *See American Univ. of Antigua College of Medicine, supra,* 2015 U.S. Dist. LEXIS 57570 at *12-*19. Presumably these are the issues Leeward will raise on the Second Appeal.

The two appeals thus involve different underlying facts and different legal issues. Because they involve different factual and legal issues, both the tribunal in the Second Arbitration and two district judges have decided that they are not related. In the Partial Final Award at ¶¶ 6-8, the tribunal rejected Leeward's defense that AUA's claim for return of the ABST payment could or should have been raised in the First Arbitration, stating that "Leeward's proposed test that any claim arising under the same transaction as the claims debated in the Prior Proceedings is not persuasive."[1] When AUA filed its petition to enforce the Second Award, the case was assigned to Judge Kaplan, who had heard the case confirming the First Award, as a

---

[1] A copy of the Partial Final Award is attached as Exhibit 1 to the Declaration of James M. Hirschhorn.

3

possibly related case. Judge Kaplan declined to accept it as a related case.[2] In her decision enforcing the Second Award, Judge Cote concluded that the two arbitrations were not related, as Leeward had argued, simply because both claims arose out of construction of AUA's campus. *American Univ. of Antigua College of Medicine,* 2015 U.S. Dist. LEXIS 57579 at *19.

Because the factual and legal issues in the two appeals are not related, they differ markedly from the cases Leeward cites in favor of tandem appeals. In *M.O.C.H.A. Society, Inc. v. City of Buffalo*, 689 F.3d 263, 267 (2d Cir. 2012), this Court found a "common question [of law] runs through these appeals" from Title VII claims of discrimination in two separate promotion examinations. In *New Phone Co. v. City of New York*, 2009 U.S. App. LEXIS 26555 (2d Cir. 2009), the two appeals involved challenges to the same statute. *Norton-Griffiths v. Charter One Bank*, 2001 U.S. App. LEXIS 21863 (2d Cir. 2001) involved two appeals related to the same claim in a bankruptcy. *United States v. Int'l Bhd. of Teamsters*, 274 F.3d 370 (2d Cir. 2001), involved an appeal from a disciplinary proceeding against a union member and a second appeal from the denial of reconsideration of the same proceeding. Here there is no common question of law or fact involved in the two arbitration awards that are being appealed.

Judicial economy will not be served if the appeal in No. 13-1708 is delayed until No. 15-1595 can be briefed and placed on the calendar. It is significant that Leeward has not moved for expedited consideration of No. 15-1595, in which it is the appellant. Its only goal is to delay the hearing of No. 13-1708, which has been on the docket since April 2013 and which has been set for oral argument since June 9, 2015, two weeks before Leeward filed this belated motion for tandem hearing. Because the two appeals involve different factual and legal issues, there will be

---

[2] A copy of the relevant docket entries in *American Univ. of Antigua College of Medicine v. Leeward Const. Co.*, Southern District of New York Docket No. 14-cv-8410, is attached as Exhibit 2 to the Declaration of James M. Hirschhorn.

4

no duplication of effort in hearing them separately, and there is no reason to further delay an appeal that is already more than two years old.

Nor, finally, will the two appeals affect one another. If AUA should prevail on No. 13-1708, Leeward's judgment against it will be reversed. Even if Leeward prevails and the judgment is affirmed, AUA's $1,338,712 judgment against Leeward in No. 15-1595 is more than great enough to offset Leeward's judgment. Leeward has not obtained a stay of the judgment in No. 15-1595 or posted a *supersedeas* bond. Without a stay or *supersedeas*, that judgment is fully enforceable after the fourteen-day automatic stay granted by Fed. R. Civ. P. 62(a), despite the pending appeal. *See, e.g., Marcoux v. Farm Serv. & Supplies, Inc.,* 290 F. Supp. 2d 457, 485 (S.D.N.Y. 2003). A judgment that can be enforced by execution, like AUA's judgment in No. 15-1595, can also be enforced by set-off, which AUA has moved to do.[3]

---

[3] AUA has moved before the District Court in *Leeward Constr. Co. v. American Univ. of Antigua – College of Medicine* to set off its judgment in the second arbitration against Leeward's judgment in the first proceeding. *See Leeward Constr. Co. v. American Univ. of Antigua – College of Medicine*, Southern District of New York Docket No. 12 Civ. 6280, Docket Entry # 63.

## **CONCLUSION**

For the foregoing reasons, American University of Antigua – College of Medicine respectfully requests that the motion of Leeward Construction Company to hear appeals Nos. 13-1708 and 15-1595 in tandem be denied.

Dated:  New York, New York
       July 6, 2015.

>Respectfully submitted,
>
>SILLS CUMMIS & GROSS, P.C.
>
>By: _____
>    JAMES M. HIRSCHHORN
>
>Attorneys for American University of Antigua
>College of Medicine