UNITED STATES COURT OF APPEALS
For the SECOND CIRCUIT
-------------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                   Docket Nos. 15-1595 and 13-1708

                Appellant-Respondent

      -against-

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                **DECLARATION OF**
                **JAMES M. HIRSCHHORN**

                Appellee-Petitioner.
-------------------------------------------------------------------x

JAMES M. HIRSCHHORN, of full age, declares as follows:

1.    I am a member of the bar of this Court and of the firm of Sills Cummis & Gross, P.C., counsel for American University of Antigua College of Medicine, appellant in Docket No. 13-1708 and respondent in Docket No. 15-1595. I make this declaration in opposition to the Motion of Leeward Construction Co. Ltd. to have the two appeals heard in tandem.

2.    Attached hereto as Exhibit 1 is a copy of the Partial Final Award dated September 18, 2014, in *In the Matter of the Arbitration Between Leeward Construction Corp. and American University College of Medicine*, Case No. 50 110 T 00118 13.

3.    Attached hereto as Exhibit 2 is a copy of the first page of the district court docket entries in *American University of Antigua -- College of Medicine vs. Leeward Construction Co.*, Southern District of New York Docket No. 14-cv-8410 (DLC).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated:  July 6, 2015

JAMES M. HIRSCHHORN

# Exhibit 1

# EXHIBIT F

## INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
### International Arbitration Tribunal

**In the Matter of the Arbitration between**

**Leeward Construction Corp.,**

*Claimant/Counter-Respondent,*

**and**                                          **Case No. 50 110 T 00118 13**

**American University of Antigua College of Medicine,**

*Respondent/Counter-Claimant.*

## PARTIAL FINAL AWARD AND SECOND DECISION ON THE PARTIES' <u>DISPOSITIVE MOTIONS AND RELATED CROSS-MOTIONS</u>

WE, THE UNDERSIGNED ARBITRATORS, having been appointed in accordance with the arbitration agreement entered into between the above-named Parties and dated 25 September, 2008 (the "Arbitration Agreement"), and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, issue this Partial Final Award and Second Decision on the Parties' Dispositive Motions and Related Cross-Motions where we FIND and AWARD, as follows:

1.     These proceedings are brought under the Construction Industry Arbitration Rules (including the Procedures for Large, Complex Construction Disputes) of the American Arbitration Association in effect as from 1 October, 2009, and are administered

1

through the International Centre for Dispute Resolution of the American Arbitration Association.

2.    Leeward Construction Corp. ("Leeward") and American University of Antigua College of Medicine ("AUA") submitted motions for dispositive relief, which were addressed in the Tribunal's February 6, 2014 Decision on the Parties' Dispositive Motions and Related Cross-Motions (the "First Decision"), which is attached hereto as Annex I. Both Parties then requested to be given a chance to elaborate further on their arguments in support of their respective motions, and to answer any questions that the Tribunal may have regarding the substance of their motions. In making this request the Parties averred that there are no material facts in dispute regarding the matter of the motions, and that the Tribunal should make final determinations on their motions.[1] The Tribunal granted this request and it was agreed by the Tribunal and the Parties that oral argument would be held on the dispositive and related cross-motions.

3.    Oral argument was held on April 28, 2014. For the convenience of the Parties and the Tribunal, it was agreed that the oral argument would be held in the offices of the American Arbitration Association in Miami, Florida, while the seat of arbitration would remain to be Saint John, Antigua, Antigua and Barbuda, as per the Parties' arbitration agreement. Having heard oral argument by the Parties, having reviewed and considered the Parties' written submissions, and having reviewed the Parties'

---

[1] In the First Decision (¶17), the Tribunal found that not all claims and defenses had been subjected to dispositive motions. Under the further submissions made by the Parties, dispositive motions and cross-motions were made for and against all claims and defenses by both parties.

2

resubmitted motions, the Tribunal issues this Partial Final Award and Second Decision on the Parties' Dispositive Motions and Related Cross-Motions (the "Second Decision"). This Second Decision hereby incorporates the First Decision, and makes further final decisions on these motions as set forth herein. Except to the extent defined otherwise herein, all capitalized terms shall have the meaning ascribed to them in the First Decision.

4.    As discussed in the First Decision, each of the Parties has submitted one or more claims, and also defenses to the other Party's claims. In short, Claimant Leeward has submitted an Antigua and Barbuda Sales Tax (ABST) Claim, and Respondent AUA has submitted an ABST Counterclaim and a Construction Counterclaim.[2] In the Parties' motions and related submissions –as supplemented, in each case, after the First Decision– each party seeks the dismissal of the other party's claims and defenses.

5.    This Second Decision is issued by a majority, and includes a partial dissenting opinion of this same date, issued by Arbitrator Carlos Romero Jr.

## I.  The Claims, Counterclaims and Defenses

### a.  General Defenses: The Arguments of Res Judicata and Estoppel

---

[2] Under ¶37(i) of the First Decision, the Tribunal found that "Both Parties agree in their submissions that the Windows Counterclaim is to be excluded from the arbitration before this Tribunal. Accordingly, the Windows Counterclaim is dismissed without prejudice." As a result, only the Construction Counterclaim remaining after deduction of the Window Counterclaim –as defined in the First Decision– is still pending before this Tribunal, and this Second Decision only refers to such reduced scope of the Construction Counterclaim.

3

6.   In general terms, and in addition to certain other defenses, Claimant Leeward has argued that all of Respondent AUA's Counterclaims were precluded under either or both res judicata or estoppel, by reason of the scope or decisions of the Prior Proceedings.

7.   The Tribunal finds the arguments regarding res judicata or estoppel unconvincing. In particular, the arguments proposed by Leeward fail to satisfy any tenable test for precluding the claims submitted by Respondent AUA based on either or both res judicata or estoppel.

8.   Claimant Leeward's proposed test that any claim arising under the same transaction as the claims debated in the Prior Proceedings should be precluded is not persuasive.[3] The Tribunal has found the additional arguments that the AUA's ABST arguments should have been submitted before –at the time of the Prior Proceedings or even before that– and that Leeward's defense of res judicata should prevail even in light of its own ABST claim, are similarly not persuasive.

9.   Accordingly, all defenses against Respondent AUA's Counterclaims based on either res judicata or estoppel are rejected.

**b. The ABST Claim and ABST Counterclaim**

---

[3]  The preclusive effect of a prior arbitration decision on a subsequent arbitration is a matter for the arbitrator to decide. This has been ratified by recent, persuasive decisions, in several jurisdictions. *See, e.g.,* in the United States, *Employers Insurance Company of Wausau et al. v. OneBeacon American Insurance Company et al.* (1st Cir., February 26, 2014).

4

10. During the course of the project, Leeward invoiced for –and AUA paid– an amount equal to 13% of the sums otherwise invoiced, which was identified in those invoices – and generally throughout these proceedings– as ABST-related payments calculated in connection with work, labor, materials and services provided by Leeward on the project. The Parties agree that AUA in fact made such payments with respect to 26 of the 27 requisitions for payment made under the Contract. Leeward does not dispute that it never filed any ABST tax returns with, nor paid any corresponding ABST tax to, the tax authorities of Antigua and Barbuda during or after the construction project.

11. As a threshold issue, Leeward argues that the Parties' arbitration agreement does not encompass AUA's ABST Counterclaim. That argument is rejected.

12. The Parties' arbitration agreement covers "[a]ny Claim arising out of or related to the Contract . . . ." That provision is sufficiently broad to apply to the ABST Claim and the ABST Counterclaim, and Claimant Leeward itself is seeking an award of damages based on a claim that –as per the Contract or under a separate promise–[4] certain funds mis-tabulated in the payments received should have been paid as ABST.

13. In the First Decision, the Tribunal determined that the ABST Counterclaim falls within the scope of the Parties' arbitration agreement. That determination remains unchanged.

---

[4] Claimant Leeward has sought to identify its claim as not being an ABST claim but a different claim based on a contract shortfall or a separate promise received during the First Proceedings, and which would not be affected by res judicata. The Tribunal is not persuaded by these arguments.

5

14. Leeward maintains that the only mechanism by which AUA can obtain a refund of ABST is to seek relief from the Antiguan Government pursuant to the ABST Act. AUA contends that no ABST was in fact due because of the location of the construction project in a Trade Free Zone. The Tribunal need not determine whether AUA's assertion is accurate.

15. Claimant Leeward makes an additional argument that Respondent AUA should have asserted with the first of Leeward's invoices that it did not need to pay ABST. Leeward argues that AUA's failure to do so was a waiver that bars it from recovery now. Regardless of whether AUA mistakenly paid the ABST to Leeward, as it originally contended in this arbitration, or whether it had an oral agreement with Leeward to collect the ABST pending a determination by the government, as it asserted at oral argument, Leeward has not established sufficient facts to prove waiver. In light of this Tribunal's findings discussed below, the argument of waiver, even if proven, would not change the determination of the ABST Claims.

16. Under these circumstances, where the Antiguan government is not holding any ABST monies from Leeward, there are no ABST monies in the possession of the government from which AUA can seek a refund. Leeward's collection of ABST –or sums due to be paid as ABST– from AUA places Leeward in the position of the holder, but not the owner, of funds which it labeled as ABST. The record does not contain credible indication of any title or ownership in favor of Leeward entitling it to keep or retain these monies.

6

17.     Inasmuch as Leeward failed to pay over to the government the sums that it invoiced

and collected from AUA as ABST related to the project, Leeward would be unjustly

enriched if it were permitted to retain those monies.[5] Contrary to Leeward's position,

equitable claims such as unjust enrichment are within the scope of the Parties'

arbitration agreement, and Rule R-45 of the AAA's Construction Industry Arbitration

Rules grants the authority to the Tribunal to make this ruling.

18.     Claimant Leeward's defenses regarding unjust enrichment as a basis for the ABST

Counterclaim were two-tiered. It maintained that

>      (i)      if AUA's claim for unjust enrichment were considered to be a
>               contractual claim, it would be precluded under the doctrine of res
>               judicata by reason of the decision issued in the Prior Proceedings;
>
>      (ii)     in the alternative, if that claim were considered not to be
>               contractual, it would fall beyond the scope of the arbitration clause
>               in the Contract, and thus would be unarbitrable.

19.     The Tribunal has already found that Claimant Leeward's res judicata and non-

arbitrability defenses were rejected, which, in this context, means that Claimant

Leeward has not submitted any valid defense to the claim for unjust enrichment

included as one of the avenues argued by Respondent AUA for maintaining the

entirety of the ABST Counterclaim.

---

[5] Respondent AUA has formulated its counterclaim such that it includes a claim for unjust
enrichment (AUA's Statement of Defense and Counterclaim, §I.E), and the Parties' subsequent
oral and written submissions have addressed this unjust enrichment claim (See, eg, Leeward's
Motion, ¶6, and AUA's Motion, pp. 2, 3, 5 and 36).

7

20.    Respondent AUA has submitted alternative avenues supporting its claim for the same amounts claimed under unjust enrichment, both under contract and under law. Claimant Leeward has submitted certain other defenses to those alternative avenues. As the Tribunal has found that there was no valid defense to AUA's claims under unjust enrichment, and all alternative avenues would lead to the same result, the Tribunal considers it unnecessary to dwell in detail in each such construction.

21.    Accordingly, AUA is entitled to the return from Claimant Leeward of the funds it collected from AUA as ABST in the amount of XCD $3,614,522.41, and the Tribunal hereby orders Leeward to pay AUA the sum of XCD $3,614,522.41.

22.    The Tribunal further finds and orders, though, that to the extent that Leeward is later required by the Antigua and Barbuda tax authorities to account for, and pay to, the Antigua and Barbuda authorities ABST on this construction project, AUA shall then be required to indemnify Leeward from any double liability by it –*i.e.*, liability to both AUA and the tax authorities– arising from Tax Deficiencies (as defined below) as follows: [6]

    a.  For purposes hereof, "Tax Deficiencies" shall mean any tax deficiency or liability asserted by the Antigua and Barbuda tax authorities against Leeward for failing to collect from AUA, for reimbursing to AUA, or for failing to pay to the tax authorities, ABST relating to the taxable supplies provided by Leeward to AUA

---

[6] Based on the submissions by the Parties, the Tribunal finds this to be a necessary corollary of the principles embodied in §45 of the ABST Act, and also to be an order permitted to be adopted under the scope of Rule R-45 of the Rules governing this arbitration.

8

during the construction of the school project. AUA shall not be liable for penalties or interest asserted for non-collection from AUA or reimbursement to AUA or nonpayment to the tax authority of the ABST tax in question, or for not filing any required tax returns with any relevant tax authority.

b. If a Tax Deficiency is validly asserted against Leeward, then AUA shall indemnify Leeward by paying to the relevant Antigua and Barbuda tax authority, upon due notice, an amount not to exceed the Indemnity Cap (as defined below). All obligations of indemnification by AUA hereunder shall be limited to making any payments described hereunder. In the event that no payment is due hereunder, then no indemnification obligation by AUA to Leeward shall be deemed to exist.

c. For purposes hereof, "Indemnity Cap" shall mean any sums that Leeward has paid AUA under the ABST Counterclaim hereunder in cash or through any valid set-off or reciprocal claims agreed by the parties or finally ordered by a competent authority.

**c. Construction Counterclaim**

23. Claimant Leeward argues that the Construction Counterclaim is untimely because of Respondent AUA's failure to give the required notices of defects. Leeward's argument was rejected in the Tribunal's First Decision, and that decision to deny Leeward's motions as to untimeliness of the Construction Counterclaim remains unchanged.

24. Claimant Leeward also contends that AUA's claims are barred by res judicata by reason of the decision issued in the Prior Proceedings. The Tribunal has rejected the

9

defenses based on res judicata, and, as a consequence, these proceedings shall continue with respect to the Construction Counterclaim.

## II. Decision

25.   For the reasons discussed above, this Tribunal finds that all of the claims currently before it[7] are arbitrable under the Contract and, having considered all arguments and evidence before it, ORDERS as follows:

(i)     That Claimant Leeward's ABST Claim is hereby dismissed with prejudice;

(ii)    That Claimant Leeward's motion to dismiss Respondent AUA's Counterclaims is hereby dismissed with prejudice, with the exception that the Windows Counterclaim was dismissed without prejudice under the First Decision;

(iii)   That Respondent AUA's cross-motion for a summary judgment on its ABST Counterclaim is hereby granted, and Claimant Leeward is ordered to pay Respondent AUA the amount of XCD $3,614,522.41;

(iv)    That in the event that Leeward is later required by the Antigua and Barbuda tax authorities to account for, and pay to, the Antigua and Barbuda authorities ABST on this construction project, AUA shall then be required to indemnify Leeward from any double liability –

---

[7] This excludes the Windows Counterclaim as per the First Decision, §37(i).

10

*i.e.*, liability to both AUA and the tax authorities– arising from Tax Deficiencies as follows:

    a. If a Tax Deficiency is validly asserted against Leeward, then AUA shall indemnify Leeward by paying to the relevant tax authority, upon due notice, an amount not to exceed the Indemnity Cap. All obligations of indemnification by AUA hereunder shall be limited to making any payments described hereunder. In the event that no payment is due hereunder, then no indemnification obligation by AUA to Leeward shall be deemed to exist.

(v) That Respondent AUA's Construction Counterclaim is to be arbitrated by this Tribunal. The Tribunal will hold a telephone conference with the Parties at the earliest convenient date in order to schedule the following steps of these proceedings;

(vi) That each Party shall bear its own costs and expenses, and one half of the arbitration costs and expenses, in both cases with respect to all procedural activity up to this stage of the proceedings;

(vii) That all other requests included in the Motions are hereby denied.

The undersigned arbitrators hereby certify that, for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Partial Final Award was made as in St. John, Antigua, Antigua and Barbuda.

11

Signed on 18 September, 2014

<div style="display:flex; justify-content:space-between;">

_____
Judith B. Ittig

_____
Diego Brian Gosis
(Chair)

</div>

12

State of _Florida_                         )

                                           )    SS:

County of _Miami-Dade_   )


I, Diego Brian Gosis do hereby affirm upon my oath as Arbitrator that I am the individual

described in and who executed this instrument, which is our Partial Final Award.

_5/18/2014_                                         _____

Date                                                          Diego Brian Gosis, Arbitrator


State of _Florida_                         )

                                           )    ss:

County of _Miami-Dade_   )


On this _18_ day of September, 2014, before me personally came and appeared Diego Brian

Gosis, to me known and known to me to be the individual described in and who executed the

foregoing instrument and he acknowledged to me that he executed the same.

13

Notary Public

LADY JOHANNA SMITH
Notary Public · State of Florida
My Comm. Expires Jul 19, 2018
Commission # FF 111740
Bonded Through National Notary Assn

State of _____ )

) SS:

County of _____ )

I, Judith Ittig do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is our Partial Final Award.

_____          _____

Date                            Judith B. Ittig, Arbitrator

State of _____ )

) ss:

County of _____ )

On this _____ day of September, 2014, before me personally came and appeared Judith B. Ittig, to me known and known to me to be the individual described in and who executed the foregoing instrument and she acknowledged to me that he executed the same.

14

_____

Notary Public

Signed on 18 September, 2014

Judith B. Ittig

Diego Brian Gosis
(Chair)

12

Notary Public

State of _____          )

                          )   SS:

County of_____            )

I, Judith Ittig do hereby affirm upon my oath as Arbitrator that I am the individual described in and

who executed this instrument, which is our Partial Final Award.

_9-23-14_                         _Judith B. Ittig_

Date                              Judith B. Ittig, Arbitrator

State of _____          )

                          )  ss:

County of _____           )

On this 23 day of September, 2014, before me personally came and appeared Judith B. Ittig, to

me known and known to me to be the individual described in and who executed the foregoing

instrument and she acknowledged to me that he executed the same.

14

Notary Public

District of Columbia: SS

Subscribed and Sworn to before me

this 23 day of Sept , 2014

Notary Public, D.C.

My commission expires 11-30-2017

15

# Exhibit 2

CLOSED,APPEAL,ECF,INTL-ARB

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:14-cv-08410-DLC

American University of Antigua College of Medicine v. Leeward Construction Company, Ltd.
Assigned to: Judge Denise L. Cote
Cause: 09:201 Enforcement of Convention

Date Filed: 10/21/2014
Date Terminated: 05/05/2015
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Petitioner**

**American University of Antigua College of Medicine**

represented by **Leonard Albert Sclafani**
Law Offices of Leonard A. Sclafani, Esq.
One Battery Park Plaza, 33rd Fl.
New York, NY 10004
(212)-696-9880
Fax: (212)-949-6310
Email: l.a.s@mindspring.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Edward Reid**
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
973-643-4411
Fax: 973-643-6500
Email: greid@sillscummis.com
*ATTORNEY TO BE NOTICED*

**James M. Hirschhorn**
Sills Cummis & Gross, P.C.(NY)
101 Park Ave, 28th Floor
New York, NY 00000
212-643-7000
Fax: 212-643-6500
Email: jhirschhorn@sillscummis.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Leeward Construction Company, Ltd.**

represented by **Veronica Ann McMillan**
Lewis & Greer, P.C( 510 Haight Ave)

510 Haight Avenue
Poughkeepsie, NY 12603
(845)-454-1200
Fax: (845)-454-3315
Email: vamcmillan@lewisgreer.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2014 | 1 | PETITION TO CONFIRM ARBITRATION. (Filing Fee $ 350.00, Receipt Number 465401107626).Document filed by American University of Antigua College of Medicine.(moh) (Additional attachment(s) added on 10/30/2014: # 1 exh a 1, # 2 exh a 2, # 3 exh a part 3, # 4 exh a 4, # 5 exh a 5, # 6 b part 1, # 7 exh b part 2, # 8 exh b part 3, # 9 exh b part 4, # 10 exh b part 5, # 11 exh b part 6, # 12 exh b part 7, # 13 exh c, # 14 exh d, # 15 exh e, # 16 exh f) (laq). (Entered: 10/24/2014) |
| 10/21/2014 | 2 | MEMORANDUM OF LAW in Support of Petition/Motion to Confirm Arbitration Award. Document filed by American University of Antigua College of Medicine. (moh) (laq). (Entered: 10/24/2014) |
| 10/21/2014 |  | SUMMONS ISSUED as to Leeward Construction Company, Ltd.. (moh) (Entered: 10/24/2014) |
| 10/21/2014 |  | CASE REFERRED TO Judge Lewis A. Kaplan as possibly related to 12cv6280. (moh) (Entered: 10/24/2014) |
| 10/21/2014 |  | Case Designated ECF. (moh) (Entered: 10/24/2014) |
| 10/21/2014 | 3 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 12cv6280. Document filed by American University of Antigua College of Medicine.(moh) (laq). (Entered: 10/24/2014) |
| 10/21/2014 | 4 | CIVIL COVER SHEET filed. (moh) (laq). (Entered: 10/24/2014) |
| 10/21/2014 |  | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Leonard Albert Sclafani for noncompliance with Section 14.2 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration to: caseopenings@nysd.uscourts.gov. (moh) (Entered: 10/29/2014) |
| 10/21/2014 |  | ***NOTICE TO ATTORNEY TO SUBMIT PDF OF CIVIL COVER SHEET. Notice to Attorney Leonard Albert Sclafani, to submit PDF of the Civil Cover Sheet. Email a copy of Civil Cover Sheet to: caseopenings@nysd.uscourts.gov. (moh) (Entered: 10/29/2014) |
| 10/21/2014 |  | ***NOTICE TO ATTORNEY TO SUBMIT RELATED CASE STATEMENT. Notice to Attorney Leonard Albert Sclafani, for noncompliance with Local Civil Rule 13 of the Rules for the Division of Business Among Judges. Attorney must submit Related Case Statement for filing. Send a hard copy of the Related Case Statement form to: Clerk's Office, Finance Unit, 500 Pearl Street, Room 120, New York, NY 10007 and send a PDF of the Related Case Statement form to caseopenings@nysd.uscourts.gov. |

SDNY CM/ECF Version 5.1.1

| | | (moh) (Entered: 10/29/2014) |
|---|---|---|
| 11/03/2014 | | CASE DECLINED AS NOT RELATED. Case referred as related to 12-cv-6280 and declined by Judge Lewis A. Kaplan and returned to wheel for assignment. (pgu) (Entered: 11/03/2014) |
| 11/03/2014 | | NOTICE OF CASE ASSIGNMENT to Judge Denise L. Cote. Judge Unassigned is no longer assigned to the case. (pgu) (Entered: 11/03/2014) |
| 11/03/2014 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (pgu) (Entered: 11/03/2014) |
| 11/07/2014 | 5 | ORDER: Plaintiff filed a complaint seeking confirmation and enforcement of an arbitration award on October 21, 2014. Service of the summons and complaint was made on the defendant on October 21, 2014. The defendant has not answered the complaint. Confirmation proceedings for arbitration awards are treated as akin to a motion for summary judgment. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). It is hereby ORDERED that plaintiff shall file and serve any additional materials with which it intends to support its petition for confirmation by November 21, 2014. Defendants opposition, if any, is due on December 12, 2014. Plaintiffs reply, if any, is due on December 19, 2014.... (Signed by Judge Denise L. Cote on 11/6/2014) (gr) (Entered: 11/07/2014) |
| 11/13/2014 | 6 | NOTICE OF APPEARANCE by Veronica Ann McMillan on behalf of Leeward Construction Company, Ltd.. (McMillan, Veronica) (Entered: 11/13/2014) |
| 11/13/2014 | 7 | LETTER addressed to Judge Denise L. Cote from Veronica A. McMillan, Esq. dated November 13, 2014 re: Docket Entry No. 5 and Affidavit of Service of Petition to Confirm Award upon Leeward Construction Company, Ltd.. Document filed by Leeward Construction Company, Ltd..(McMillan, Veronica) (Entered: 11/13/2014) |
| 11/14/2014 | 8 | ORDER: An Order dated November 6, 2014 stated that [s]ervice of the summons and complaint was made on the defendant on October 21, 2014 and that [t]he defendant has not answered the complaint. By letter dated November 13, 2014, counsel for defendant Leeward Construction Company, Ltd. (Leeward) explained that [u]pon information and belief, based on advice from opposing counsel, Leeward was served with process in this matter... on or about October 31, 2014. Accordingly, it is hereby ORDERED that plaintiff shall file an affidavit of service. IT IS FURTHER ORDERED that the schedule set forth in the Order of November 6, 2014 remains in place. (Signed by Judge Denise L. Cote on 11/13/2014) (gr) (Entered: 11/14/2014) |
| 11/21/2014 | 9 | **FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY** - RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Manipal Education Americas, LLC for American University of Antigua College of Medicine. Document filed by American University of Antigua College of Medicine.(Sclafani, Leonard) Modified on 12/1/2014 (lb). (Entered: 11/21/2014) |
| 11/22/2014 | 10 | AFFIRMATION of Leonard A. Sclafani, Esq. in Support. Document filed by American University of Antigua College of Medicine. (Attachments: # 1 Exhibit Exhibit A to LAS affirmation in support of petition to confrim arbitration award- |