UNITED STATES COURT OF APPEALS
For the SECOND CIRCUIT
------------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                              Appellant-Respondent,

-against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                              Appellee-Petitioner.
------------------------------------------------------------------x

Docket Nos. 15-1595 and 13-1708
(ECF CASE)


## LEEWARD CONSTRUCTION COMPANY, LTD.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HEAR APPEALS IN TANDEM


Dated: Poughkeepsie, New York
       July 9, 2015

                                     Respectfully Submitted:

                                       **LEWIS & GREER, P. C.**
                                       *Attorney for Appellant-Respondent,*
                                       *Leeward Construction Company, Ltd.*
                                       510 Haight Avenue, P. O. Box 2990
                                       Poughkeepsie, New York 12603
                                       Telephone: 845-454-1200


OF COUNSEL:
Veronica A. McMillan, Esq.
J. Scott Greer, Esq.

i

## **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT ............................................................................................................ 2

CONCLUSION ........................................................................................................ 4

# TABLE OF AUTHORITIES

**CASES**                                                     **PAGE(S)**

*M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*,
    689 F.3d 263 (2d Cir. 2012) ................................................................................ 2

*New Phone Co. v. City of New York*,
    2009 U.S. App. LEXIS 26555 (2d Cir. 2009) ..................................................... 2

*Norton-Griffiths v. Charter One Bank*,
    2001 U.S. App. LEXIS 21863 (2d Cir. 2001) ..................................................... 2

*State v. McCarty*,
    956 S.W.2d 365 (SD Mo 1997). ......................................................................... 2

*United States v. Int'l Bhd. of Teamsters*,
    274 F.3d 370 (2d Cir. 2001 ................................................................................ 2

## PRELIMINARY STATEMENT

Leeward Construction Company, Ltd. ("Respondent" or "Leeward") moves the Court for an order that the appeals under Docket Nos. 15-1595cv and 13-1708cv be heard in tandem before the same panel of the Court because they arise out of the same set of facts and circumstances. In opposition to Leeward's motion, the American University of Antigua – College of Medicine ("Petitioner" or "AUA") argues that the Court should not grant Leeward's motion because the motion is a stall tactic and will not promote judicial economy. While admitting that the two appeals arise out of the same set of facts and circumstances, the AUA also claims that the two appeals are not factually related. The AUA is incorrect. The appeals are closely related to one another as they concern the exact same construction project. Moreover, the second appeal (Docket No. 15-1595cv) involves a significant question concerning the application of the doctrine of *res judicata* as a result of the arbitration award that is the subject of the first appeal (Docket No. 13-1708cv). Accordingly, Leeward respectfully requests that the pending motion be granted and that the Court issue an order that the appeals under Docket Nos. 13-1708cv and 15-1595cv be heard in tandem by the same panel of the Court given that they arise out of the same set of facts and circumstances.

1

## ARGUMENT

## THE PARTIES' APPEALS ARISING FROM THE SAME FACTS AND CIRCUMSTANCES SHOULD BE HEARD IN TANDEM BY THE SAME PANEL OF THE COURT

As Leeward made clear in its moving papers, the Court has held that where two appeals involve the same issues or set of facts, they should be heard in tandem by the same panel of the Court. *See, e.g.*, *Norton-Griffiths v. Charter One Bank*, 2001 U.S. App. LEXIS 21863 (2d Cir. 2001); *New Phone Co. v. City of New York*, 2009 U.S. App. LEXIS 26555 (2d Cir. 2009); *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 689 F.3d 263 (2d Cir. 2012). Judicial economy is promoted when appeals, for which the facts are inextricably intertwined, are heard in tandem and decided together. *See, e.g.*, *United States v. Int'l Bhd. of Teamsters*, 274 F.3d 370, 374, fn. 1 (2d Cir. 2001); *see also*, *State v. McCarty*, 956 S.W.2d 365 (SD Mo 1997). In its opposition, the AUA has attempted to factually distinguish the above-referenced precedent from the underlying appeals. Regardless of whether the cited precedent is factually different from the instant application, the fact remains that the two appeals arise out of the same construction project, involve identical parties as well as almost identical sets of evidence. Further, Leeward argued before the District Court and will argue on appeal to this Court that the AUA's claims in the Second Arbitration Proceeding are barred by the doctrine of *res judicata* based on the First Arbitration Proceeding.

In its opposition, the AUA insinuates that it has been waiting for approximately two years to have its appeal heard before the Court. In truth, the AUA voluntarily delayed perfecting its appeal through a series of Local Rule 42.1 stipulations because it wanted to await the outcome of the Second Arbitration Proceeding before deciding whether or not to perfect its appeal. The AUA's appeal is only currently perfected because Leeward refused to enter into further

stipulations adjourning AUA's time to reinstate its appeal thereby requiring that it perfect. To claim otherwise is disingenuous. AUA's own voluntary actions in delaying the perfection of its appeal under Docket No. 13-1708cv while it awaited the outcome of the Second Arbitration Proceeding belies its contention that the two appeals are not related.

Finally, while the AUA argues otherwise, the outcome of each of the appeals will impact the other. If the First Judgment is affirmed and the Second Judgment is affirmed before the same panel of the Court, Leeward will finally receive the justifiable relief it is entitled to and has been working to recover for several years. To afford the parties complete relief, adhere to the principals of judicial economy and avoid inconsistent outcomes, the entire circumstances of the project, as detailed in both appeals, should be heard in tandem before the same panel of the Court.

## **CONCLUSION**

For the reasons set forth herein and in its moving memorandum of law, Appellant-Respondent Leeward Construction Company, Ltd. respectfully requests that this Court grant its motion ordering that the appeals under Docket Nos. 13-1708cv and 15-1595cv be heard in tandem by the same panel of the Court given that they arise out of the same set of facts and circumstances.

Dated: July 9, 2015
       Poughkeepsie, New York

                                          Veronica A. McMillan (VM 1107)
                                          **LEWIS & GREER, P.C.**
                                          *Attorney for Appellant-Respondent,*
                                          *Leeward Construction Company, Ltd.*
                                          510 Haight Avenue, Suite 202
                                          Poughkeepsie, New York 12603
                                          Email: vamcmillan@lewisgreer.com
                                          Telephone: (845) 454-1200

To:     Leonard A. Sclafani, Esq.
          Law Offices of Leonard A. Sclafani, Esq.
          *Attorney for Appellee-Petitioner,*
          *American University of Antigua -- College of Medicine*
          1 Battery Park Plaza, 33rd Floor
          New York, New York 10004
          Email: las@lasattorneys.com
          Telephone: (212) 696-9880

          James M. Hirschorn, Esq.
          Sills Cummis & Gross, P.C.
          *Attorney for Appellee-Petitioner,*
          *American University of Antigua – College of Medicine*
          101 Park Ave., 28th Floor
          New York, New York 10017
          Email: jhirshhorn@sillscummis.com

COURT
STATE OF NEW YORK, COUNTY OF           Index No.        Year

AMERICAN UNIVERSITY OF ANTIGUA - COLLEGE OF MEDICINE,

                         Petitioner/Appellee,    Docket Nos.  15-1595
                                                                                               13-1708

      -against-

LEEWARD CONSTRUCTION COMPANY, LTD.

                                     Respondent/Appeallant.

**LEEWARD CONSTRUCTION COMPANY, LTD'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO HEAR APPEALS IN TANDEM**

LEWIS & GREER, P.C.
*Attorney(s) for*   *Leeward Construction Company Ltd.*

*Office and Post Office Address, Telephone*

510 Haight Avenue, Suite 202
POUGHKEEPSIE, NEW YORK 12603
(845) 454-1200

To

Signature (Rule 130-1.1-a)
_____
Print name beneath

Service of a copy of the within is hereby admitted.
Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                             of which the within is a true copy
will be presented for settlement to the HON.         one of the judges of the
within named Court, at
on                         at                    M.

Dated,

                                              Yours, etc.

                                            LEWIS & GREER, P.C.