# 15-1595-cv

---

## United States Court of Appeals

*for the*

## Second Circuit

~.~

AMERICAN UNIVERSITY OF ANTIGUA - COLLEGE OF MEDICINE,

*Petitioner-Appellee,*

-v.-

LEEWARD CONSTRUCTION COMPANY, LTD.,

*Respondent-Appellant,*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

### APPENDIX

### Volume 3 of 4 (Pages A463 to A608)

---

VERONICA A. MCMILLAN
LEWIS & GREER, P.C.
*Attorneys for Respondent-Appellant*
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
(845) 454-1200

## APPENDIX TABLE OF CONTENTS

### Volume 1

Docket Entries ................................................................................................A001

Notice of Appeal ............................................................................................A014

Opinion & Order, Dated May 1, 2015 ...........................................................A015

Verified Petition ............................................................................................A035

    Contract (Verified Petition, Ex. A).......................................................A041

    Statement of Claim (Verified Petition, Ex. B) ......................................A093

    Answer and Counterclaim (Verified Petition, Ex. C) ............................A132

    Amended Counterclaim (Verified Petition, Ex. D).................................A154

    Arbitrators' Decision on the Parties' Dispositive Motions and
    Related Counterclaims (Verified Petition, Ex. E) ..................................A158

    Partial Final Arbitration Award, dated September 18, 2014
    (Verified Petition, Ex. F) ........................................................................A172

Affirmation of Leonard Sclafani in Support of Petition/Motion for
    Confirmation of, and for Judgment on, an Arbitration Award.................A189

    Letter to Hon. Justin L. Simon, Attorney General from Neil S.
    Simon, dated September 28, 2010 (Exhibit 46 of Exhibit B of
    Sclafani Affirmation)...............................................................................A196

    Email to Jackie Williams from Lyle Novick, dated November
    17, 2009 (Exhibit 50 of Exhibit B of Sclafani Affirmation) ...................A200

Email to Lyle Novick from Jackie Williams, dated November
17, 2009 (Exhibit 60 of Exhibit B of Sclafani Affirmation) ....................A208

Email to Matt Peterson, Jackie Williams and Lyle Novick from
Basil Stuart, dated November 17, 2009 (Exhibit 61 of Exhibit B
of Sclafani Affirmation) ..........................................................................A217

Email to Basil Stuart; Barrymore Warren; Antony Roche;
Nagesha, A.S. from Corey Greenberg, dated December 10,
2009
(Exhibit 62 of Exhibit B of Sclafani Affirmation) ..................................A227

Email to Matt Petersen and Prabhu Marudheri from Antony
Roche, dated December 11, 2009 (Exhibit 63 of Exhibit B of
Sclafani Affirmation)................................................................................A236

Email to Matt Petersen from Jackie Williams, dated December
22, 2009 (Exhibit 64 of Exhibit B of Sclafani Affirmation) ...................A240

Email to Matt Petersen, lyle Novick, Jackie Williams, Basil
Stuart;, and Corey Greenberg from Leonard Sclafani, dated
December 23, 2009 (Exhibit 65 of Exhibit B of Sclafani
Affirmation) ..............................................................................................A243

## Volume 2

Notice of Cross-Motion to Deny Enforcement, Vacate or Modify
Arbitration Award....................................................................................A249

Declaration of Veronica A. McMillan in Support of Notice of Cross
Motion......................................................................................................A251

Amended Demand for Arbitration (Exhibit 1 of Cross-Motion) .............A259

Answering Statement and Counterclaim of American
University in Antigua to the Amended Demand for Arbitration
Submitted by Leeward Construction Company, Ltd. (Exhibit 2
of Cross-Motion) ...................................................................................A283

Final Award (Exhibit 3 of Cross-Motion) ................................................A321

Memorandum Opinion, Hon. Lewis A. Kaplan, USDC, SDNY,
Dated March 26, 2013
(Exhibit 4 of Cross-Motion) ...................................................................A388

Corrected Amended Judgment, Dated June 11, 2013 (Exhibit 5
of Cross-Motion) ...................................................................................A397

Partial Final Award and Second Decision on the Parties'
Dispositive Motions and Related Cross-Motions and Dissent to
Partial Final Award and Second Decision on the Parties'
Dispositive Motions and Related Cross-Motions (Exhibit 7 of
Cross-Motion)........................................................................................A400

Laws of Antigua and Barbuda – The Arbitration Act, Chapter
33 (Exhibit 8 of Cross-Motion) ..............................................................A438

## Volume 3

The Antigua and Barbuda Sales Tax Act, 2006 and The Antigua and
Barbuda Sales Tax Act (Amended), 2008 (Exhibit 9 of Cross-
Motion) ..................................................................................................A463

## Volume 4

Index of Authorities (Exhibit 11 of Cross-Motion)...........................................A609

Alfa   Telecom   Turkey   Limited   v.   Cukurova   Finance
International   Limited   and   Cukurova   Holdings   AS,
HCVAP 2009/001 .........................................................................A610

*Baldwin Spencer v. The Attorney General of Antigua and Barbuda, Lester Bryant Bird and Asian Village Antigua Limited CIV.*APP.NO.20A of 1997, Antigua and Barbuda Court of Appeal ...........................................................................A683

*Besseler Waechter Glover & Co. v. South Derwent Coal Co.,* 59 Lloyd's List Law Report 104 (King's Bench 1937) ................A710

*Bremer Handelsgesellschaft v. C. Mackprang Jr.,* 1 Lloyd's Law Report 221 (Court of Appeal 1979).......................A716

*Clearlie Todman-Brown v. Nat'l. Bank of the Virgin Islands, Ltd.,* BVIHCV 64/2013.........................................................................A727

*Fibrosa Societe Anonyme v. Fairbaum Lawson Combe Barbour Ltd.,* [1942] UKHL 4, [1943] AC 32 .......................................................A742

*Mavis Henry, Attorney for Millicent Ralph v. Tyrone Warner,* Claim No. ANUHCV 2000/0277, The Eastern Caribbean Supreme Court in the High Court of Justice Antigua and Barbuda.......................................................................................A803

*Meyer v. Gilmer,* 18 NZLR 129 (1899)....................................................................A816

*Motor Oil Hella (Corinth) Refineries SA v. Shipping Corp. of India ("The Kanchenjunga"),* 1 Lloyd's Rep. 391 (House of Lords 1990) ...................................................................A823

*Premium Nafta Products, Ltd. And Others v. Fili Shipping Co. Ltd.,*2007 UKHL 40 (House of Lords 2007)...................................A835

*Westdeutsche Landesbank Girozentrale v. Islington London Borough Council,* [1996] UKHL 12, [1996] AC 669 (House of Lords 1996) ...................................................................A843

13 Lord, Williston on Contracts ...............................................A853

Chitty on Contracts ................................................................A855

Wilken and Villiers: The Law of Waiver, Variation and Estoppel 2d ...................................................................................... A861

Claimant's Reply in Further Support of its Motion to Dismiss Respondents Counterclaims and in Opposition to Respondent's Cross-Motion for Summary Judgment (Exhibit 12 to Cross Motion ............................................................................................ A876

AUA Amended Answer and Counterclaims ....................................... A877

Civil Judgment, Dated May 5, 2015 .................................................. A902

No. 5 of 2006.   *The Antigua and Barbuda Sales*   ·1   ANTIGUA
*Tax Act, 2006.*   AND
BARBUDA



[   L.S.   ]

I Assent,

**James B. Carlisle,**
*Governor-General.*

5th September, 2006.

### ANTIGUA AND BARBUDA

### No. 5 of 2006

**AN ACT** to introduce a broad based tax on the consumption of goods and services in Antigua and Barbuda by providing for the imposition and collection of an Antigua and Barbuda Sales Tax, and for related matters.

[ *[ Published in the Official Gazette Vol. XXVI No. 52 dated 14th September, 2006. ]*

**ENACTED** by the Parliament of Antigua and Barbuda as follows—

### PART I

### PRELIMINARY

1. (1) This Act may be cited as the Antigua and Barbuda Sales Tax Act, 2006.

Short title and commencement.

(2) Subject to subsection (3), this Act comes into force on such day as the Minister may by Order appoint.

(3) The following sections of this Act come into force on the day the Governor-General gives his assent:

*(a)*   section 59;

ANTIGUA
AND
BARBUDA

2

*The Antigua and Barbuda Sales
Tax Act, 2006.*

No. 5 of 2006.

(b)   to the extent necessary to give effect to section 59,
Part III;

(c)   sections 49, 50, 51, 53, 58, 62, 63, 65, 74, 75, 76, 78, 79,
82, 83, 85, 86, 89, 90, 94, 96; and

(d)   Parts XX, XXI, and XXII.

Interpretation.

**2.** (1) In this Act, unless the context requires otherwise—

"ABST" or "Antigua and Barbuda Sales Tax" means the
tax imposed under this Act, and includes any amount,
including interest or a penalty payable under this Act, to
the extent that it is treated as ABST for the purposes of
this Act, and the absence of a specific reference to the
inclusion of such amounts in a particular provision should
not be taken to imply that they are not included in the
ABST referred to in that section;

"ABST adjustment event" has the meaning given in
section 16(1), including as affected by section 17;

"ABST credit note" or "credit note" means a document
that a supplier is required to issue under section 34(1);

"ABST debit note" or "debit note" means a document
that a supplier is required to issue under section 34(2);

"ABST-exclusive fair market value" means the fair market
value of a supply or thing, reduced by an amount equal to
the tax fraction of that value if it was worked out on the
basis that the transaction price would include ABST;

"ABST invoice" means a document that a supplier is
required to issue under section 32(1);

"ABST properly chargeable," in the context of an ABST
adjustment event, means the ABST that would have been
chargeable if the ABST adjustment event had taken place
before the value of the supply was calculated, and, if the
supply is a reverse-charged supply under section 18,
before the extent of the supply was determined;

"ABST return" or "return" means a return, including an
amended return, that a taxable person is required to lodge

Case 15-1595, Document 51, 08/27/2015, 1586809, Page9 of 152

under Division 1 of Part X or under any other provision of this Act or any Act dealing with the administration of this Act;

"acquisition," in relation to the recipient of a supply, means:

   *(a)*   the receipt of the goods or services supplied to the recipient by the supplier;

   *(b)*   the receipt of the goods or services by another person at the instigation of the supplier or under an agreement between the supplier and the recipient; and

   *(b)*   if another person is treated as making a supply to the person under this Act or the Regulations, a corresponding receipt of that supply;

"aircraft's stores" means stores for the use of the passengers or crew of an aircraft, or for the service of an aircraft;

"approved form" means a form approved under this Act or under any Act dealing with the administration of this Act;

"approved non-profit body" means a person designated as such in the Regulations;

"body of persons" means:

   *(a)*   a body politic, corporate, or collegiate; and

   *(b)*   a company, fraternity, fellowship, partnership, or society of persons, whether corporate or unincorporate,
and includes a joint venture and a trust;

"capital asset" means an asset, whether tangible or intangible, acquired by a person for use in the person's taxable activity but does not include:

   *(a)*   consumables or raw materials; or

ANTIGUA  4          *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

    *(b)*  an asset acquired for the principal purpose of resale in the ordinary course of carrying on the person's taxable activity, whether or not the asset is to be sold in the form or state in which it was acquired;

"Commissioner" means the Commissioner of Inland Revenue appointed pursuant to the Inland Revenue Administration Act;

"company" means an incorporated or unincorporated association or body of persons created or recognised under a law in force in Antigua and Barbuda or elsewhere, but does not include a partnership or trust;

"Comptroller" means the Comptroller of Customs appointed pursuant to the Customs (Control and Management) Act 1993.

"condominium body corporate" means a body corporate established under section 4 of the Registration of Condominium Titles Act CAP.376, or any similar person including, without limitation, a trust, a company, or other person if the units in the trust, shares in the company, or other membership interests in the person carry with them an entitlement for the holder to occupy any land or part thereof for any period;

"consideration" has the meaning given in section 3;

"exempt," in relation to a supply or import, means—

    *(a)*  a supply or import that is specified as exempt under this Act, in a Schedule to this Act, or under the Regulations; or

    *(b)*  a supply of a right or option to receive a supply that will be exempt;

"exempt use" means the use of goods or services to make an exempt supply including where:

    *(a)*  goods or services initially acquired for the purpose of making supplies other than exempt supplies, or purposes including such purposes, are in fact used or consumed wholly in making exempt supplies; or

**A466**

No. 5 of 2006.  *The Antigua and Barbuda Sales*  5   ANTIGUA
*Tax Act, 2006.*                           AND
                                           BARBUDA

    *(b)*    goods or services are initially used wholly or partly for making non-exempt supplies but at a later point in time (the time of the exempt use) an intention is formed to use them thereafter wholly in making exempt supplies,

and for this purpose, a wholly exempt use includes a use predominantly to make exempt supplies, if any use for other purposes of the taxable activity will constitute less than 10% of the use of the goods or services;

"export," in relation to a supply of goods, means the goods are delivered to, or made available at, an address outside Antigua and Barbuda, and for this purpose evidence of—

    *(a)*    the consignment or delivery of goods to an address outside Antigua and Barbuda; or

    *(b)*    the delivery of the goods to the owner, charterer, or operator of a ship or aircraft engaged in international transport for the purpose of carrying the goods outside Antigua and Barbuda is considered sufficient evidence that the goods have been exported, in the absence of proof to the contrary;

"face value", in relation to a voucher, means a monetary amount stated on the voucher (whether visibly, electronically, or otherwise, including where the amount is intrinsically connected with the voucher by means of a unique identification number or some other means of linking the voucher with the amount), which represents the value of supplies of goods or services for which the voucher is redeemable;

"face value voucher" means a voucher which entitles the holder to receive a supply or supplies of goods or services up to the face value of the voucher;

"fair market value" has the meaning given in section 4;
"finance lease" means—

    *(a)*    a hire purchase agreement; or

    *(b)*    a lease, other than a lease of land, that is treated as a finance lease under international financial reporting standards;

**A467**

ANTIGUA       6        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                         *Tax Act, 2006.*
BARBUDA

"gambling event" means:

*(a)*  the conduct of a lottery or raffle, or similar undertaking; or

*(b)*  a race, game, sporting event, or any other event which has or is intended to have an outcome;

"gambling supply" means:

*(a)*  a supply of a ticket (however described) in a lottery, raffle or similar undertaking; or

*(b)*  the acceptance of a bet (however described) relating to the outcome of a gambling event;

"goods" means real property or tangible personal property, but does not include money;

"government entity" means—

*(a)*  the Government of Antigua and Barbuda or a department, division, or agency of Government;

*(b)*  an Antigua and Barbuda statutory body, agency, or authority; or

*(c)*  a body, agency, or authority owned or operated by the Government of Antigua and Barbuda; and includes:

*(d)*  the Antigua Public Utilities Authority;

*(e)*  the Antigua Port Authority;

*(f)*  the Transport Board;

*(g)*  Antigua Fisheries Limited;

*(h)*  the National Parks Authority;

*(i)*  the General Post Office;

*(j)*  the St Johns Development Corporation;

**A468**

No. 5 of 2006.   *The Antigua and Barbuda Sales*   7   ANTIGUA
*Tax Act, 2006.*   AND
BARBUDA

*(k)*   the National Solid Waste Management Authority;

*(l)*   the Carnival Development Committee

"holiday or hotel accommodation" means:

*(a)*   a supply of accommodation in a building, part of a
building, or a group of buildings (including all
structures within the curtilage thereof) that
constitute an hotel, motel, inn, boarding house, guest
house, hostel, or similar establishment in which
lodging is regularly or normally provided to four or
more persons at a daily, weekly, monthly, or other
periodic charge; or

*(b)*   a supply of accommodation not covered by
paragraph

*(a)*   if the accommodation is held out for use for short
term occupation by individuals other than as their
main residence for continuous periods of less than
45 days, including a supply of accommodation made
under a timesharing scheme;

"import" has the same meaning as in the Customs (Control
and Management) Act;

"importer" has the same meaning as in the Customs
(Control and Management) Act;

"individual" means a natural person;

"input tax,"—

*(a)*   in relation to an acquisition by a person, means the
ABST imposed on the supply to the person of the
goods or services acquired, and

*(b)*   in relation to an import of goods by a person, means
the ABST imposed on that import;

and includes any amount that is treated as input tax under
this Act or the Regulations.

ANTIGUA   8      *The Antigua and Barbuda Sales*      No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

"input tax credit" means a credit for input tax allowed under section 29 or under any other provision of this Act or the Regulations;

"international assistance agreement" means an agreement between the Government and a foreign government or public international organisation for the provision of financial, technical, humanitarian, or administrative assistance to the Government;

"international transport" means the supply of the following types of services—

*(a)*   the services, other than ancillary transport services, of transporting passengers or goods by road, water, or air—

　　*(i)*   from a place outside Antigua and Barbuda to another place outside Antigua and Barbuda, if the transport or part of the transport takes place in the territory of Antigua and Barbuda;

　　*(ii)*   from a place outside Antigua and Barbuda to a place in Antigua and Barbuda; or

　　*(iii)*   from a place in Antigua and Barbuda to a place outside Antigua and Barbuda;

*(b)*   the services of transporting passengers from a place in Antigua and Barbuda to another place in Antigua and Barbuda to the extent that transport is by aircraft or ship and constitutes "international carriage" as defined in Article 3 of the Convention on International Civil Aviation;

*(c)*   the services, including ancillary transport services, of transporting goods from a place in Antigua and Barbuda to another place in Antigua and Barbuda to the extent that those services are supplied as part of the supply of services to which paragraph *(a)* applies and by the same supplier; or

*(d)*   the services of insuring, arranging for the insurance of, or arranging for, the transport of passengers or goods to which paragraph *(a)*, *(b)*, or *(c)* applies;

**A470**

No. 5 of 2006.          *The Antigua and Barbuda Sales*          9          ANTIGUA
                        *Tax Act, 2006.*                                    AND
                                                                          BARBUDA

"invoice" means a document notifying an obligation to make a payment;

"lay-away agreement" has the meaning given in section 21(1);

"Minister" means the Minister responsible for finance;

"money" means—

(a)     any coin or paper currency (whether of Antigua and Barbuda or of another country);

(b)     a negotiable instrument used or circulated, or intended for use or circulation, as currency (whether of Antigua and Barbuda or of another country);

(c)     a bill of exchange, promissory note, bank draft, postal order, money order, or similar instrument; or

(d)     whatever is supplied as payment by way of:

(i)     credit card or debit card; or

(ii)    crediting or debiting an account,

but does not include a collector's piece or an item of numismatic interest;

"non-resident" means—

(a)     a person who is not resident in Antigua and Barbuda; and

(b)     a person referred to in paragraph *(d)* of the definition of resident, to the extent that the person is not treated as a resident by that paragraph;

"officer" of an unincorporated body means—

(a)     in the case of a partnership, a partner of the partnership;

(b)     in the case of a trust, a trustee of the trust; and

ANTIGUA   10   *The Antigua and Barbuda Sales*   No. 5 of 2006.
AND                  *Tax Act, 2006.*
BARBUDA

    *(c)*   in the case of any other unincorporated body —

        *(i)*   a person who holds office as chairman, president, treasurer, secretary, or similar office of the body; or

        *(ii)*  if there is no such officer, a member of a committee that has management of the affairs of the body; or

        *(iii)* if no person can be identified under sub-paragraph *(i)* or *(ii)*, a member of the body.

"output tax," in relation to a person and to a tax period, means the ABST chargeable in respect of a taxable supply made or treated as having been made by the person during the tax period, and includes any amount that is treated as output tax in that period under this Act or the Regulations;

"partnership" means two or more persons carrying on a taxable activity jointly;

"person" means an individual, a company, a body of persons, a government entity, a foreign government, or a local authority, council, or similar body;

"phone card" means a card or similar item in whatever form it is issued, including electronically, which entitles the holder to receive telecommunications services up to its face value, and includes a pre-paid Subscriber Identity Module ("SIM") card and a rechargeable card;

"progressive or periodic supply" means—

*(a)*   a supply of goods or services made progressively or periodically under an agreement or law that provides for progressive or periodic payments; or

*(b)*   a supply of goods by way of a lease, hire, or licence (including a finance lease);

"promoter of public entertainment" means a person who arranges the staging of entertainment to which the general public is invited, but does not include:

No. 5 of 2006.   *The Antigua and Barbuda Sales*   11   ANTIGUA
*Tax Act, 2006.*                          AND
                                          BARBUDA

(a)   an educational institution referred to in item 10 of paragraph (1) of Schedule 4 or the board of management or a parent teacher association of such an institution;

(c)   a person who provides entertainment on a daily or weekly basis;

(d)   a church incorporated by statute or approved by the Minister; or

(e)   an approved non-profit body;

"real property" includes an estate, interest, easement, or right, whether equitable or legal, in, to, or out of land, including anything attached to land or things permanently fastened to anything attached to land;

"recipient" means the person to whom a supply is made;

"registered," in relation to a person, means that the person is registered for ABST;

"registration threshold" means the thresholds set out in section 9(2);

"Regulations" means regulations made under this Act;

"related persons" has the meaning given in section 5;

"repealed taxes" means the following taxes:

(a)   Consumption tax imposed under the Consumption Tax Act, Cap. 98;

(b)   Hotel (bed-night) tax imposed under that name by the Hotel Tax Act, Cap. 205;

(c)   Hotel Guest tax imposed under that name by the Hotel Tax Act, Cap.205;

(d)   Hotel Guest levy imposed under the Hotel Guest (Levy) Act, Cap.202;

**A473**

ANTIGUA    12        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                         *Tax Act, 2006.*
BARBUDA

*(e)*    Restaurant and Catering Services tax imposed under
the Restaurant and Catering Services Act, 1994 ; and

*(f)*    Telecommunications tax imposed under the
Telecommunications Act, Cap. 424;

"representative" means, in the case of:

*(a)*    an individual under a legal disability  a guardian or
manager who receives or is entitled to receive income
on behalf of, or for the benefit of, the individual;

*(b)*    a company, other than a company in liquidation  the
chief executive officer of the company;

*(c)*    an unincorporated association or body  a member of
the committee of management of the association or
body;

*(d)*    the Government  an individual responsible for
accounting for the receipt or payment of moneys or
funds on behalf of the Government;

*(e)*    a local authority, council, or similar body  an
individual responsible for accounting for the receipt
or payment of moneys or funds on behalf of the
authority, council, or body;

*(f)*    a partnership  a partner in the partnership;

*(g)*    a trust, including an estate of a deceased person  a
trustee of the trust or an executor or administrator
of the estate;

*(h)*    a foreign government or a political subdivision of a
foreign government  an individual responsible for
accounting for the receipt or payment of moneys or
funds in Antigua and Barbuda on behalf of that
government or political subdivision of government;

*(i)*    any other body of persons not mentioned above  a
person who is responsible for accounting for the
receipt or payment of moneys or funds on behalf of
the body;

**A474**

No. 5 of 2006.     *The Antigua and Barbuda Sales*     13     ANTIGUA
                   *Tax Act, 2006.*                          AND
                                                          BARBUDA

(j)   a non-resident person  a person controlling the person's affairs in Antigua and Barbuda, including a manager of a business of such person in Antigua and Barbuda;

(k)   any person  a receiver or agent of the person; and

(l)   a person that the Commissioner has, by notice in writing, declared to be a representative of a person for the purposes of this Act;

"resident" means:

(a)   a government entity or a local government authority, council, or similar body (including but not limited to the Barbuda Local Council);

(b)   an individual who is resident in Antigua and Barbuda for the year in question for the purposes of the Income Tax Act or the Personal Income Tax Act;

(c)   a person, other than an individual, which is formed or created under the laws of Antigua and Barbuda or is managed and controlled in Antigua and Barbuda (whether or not that person is resident in Antigua and Barbuda for the year in question for the purposes of the Income Tax Act); or

(d)   any other person to the extent that the person carries on a taxable activity in Antigua and Barbuda;

"residential premises" means land or a building that is occupied or capable of being occupied as a residence, but not including hotel or holiday accommodation;

"reviewable decision" means a decision that may be objected to or appealed under Part XVIII;

"sales receipt" means a document that a supplier is required to issue under section 33;

"services," in the context of a supply, has the meaning given in section 6(2);

ANTIGUA    14       *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

"ship's stores" means stores for the use of the passengers or crew of a ship, or for the service of a ship;

"stores," in the definitions of "aircraft's stores" and

"ship's stores," has the same meaning as in the Customs (Control and Management) Act;

"supplier," in relation to a supply, means the person or persons who make the supply;

"supply" means a supply of goods or services as defined in section 6;

"tax" has the same meaning as "ABST";

"tax fraction" has the meaning given in section 15(1);

"tax period" means a calendar month;

"taxable acquisition" means the acquisition of a taxable supply;

"taxable activity" has the meaning given in section 7;

"taxable import" means an import of goods other than an exempt import;

"taxable person" means:

*(a)*    a person who is registered; and

*(b)*    subject to the limitations set out in section 9(9), a person who is required to apply for registration under this Act or under any other Act dealing with the administration of this Act;

"taxable supply" means a supply made in Antigua and Barbuda by a taxable person in the course or furtherance of a taxable activity, but does not include an exempt supply;

"taxpayer identification number" or "TIN" means the number issued by the Commissioner to a person for the purposes of the person's registration under this Act;

No. 5 of 2006.         *The Antigua and Barbuda Sales*         15     ANTIGUA
                       *Tax Act, 2006.*                                AND
                                                                    BARBUDA

"telecommunications supplier" means a supplier of telecommunications services;

"telecommunications services" means the transmission, emission, or reception of signals, writing, images, sounds or information of any kind by wire, radio, optical, or other electromagnetic systems, and includes:

*(a)*   the related transfer or assignment of the right to use capacity for such transmission, emission, or reception; and

*(b)*   the provision of access to global or local information networks,

but does not include the supply of the underlying writing, images, sounds, or information;

"timesharing scheme" has the meaning given in section 2 of the Timesharing (Licensing and Control) Act Cap 427;

"total amounts wagered" has the meaning given in section 20(1);

"total monetary prizes" has the meaning given in section 20(1);

"travel agent" means a travel agent, tour operator, hotel operator, or person acting in a similar capacity, who makes supplies of rights to receive accommodation, meals, tours, services, entertainment of any kind, or any similar goods or services commonly provided to tourists or visitors to a particular country (whether alone or as part of a holiday or tour package);

"trust," in the context of the definition of a person, means the person or persons acting for time to time in the capacity of trustee of a particular trust estate;

"trust estate" means property held by a person or persons acting as trustee;

"value,"—

**A477**

ANTIGUA AND BARBUDA   16    *The Antigua and Barbuda Sales Tax Act, 2006.*    No. 5 of 2006.

(a) in relation to a supply, has the meaning in section 15; and

(b) in relation to an import, has the meaning given in section 26;

"voucher" means a voucher, stamp, token, coupon, or similar article, including an article issued electronically, that can be redeemed by the holder for supplies of goods or services, and includes a phone card but does not include a postage stamp;

"zero-rated," in relation to a supply or import, means—

(a) a supply or import that is specified as zero-rated under this Act, in a Schedule to this Act, or under the Regulations; or

(b) a supply of a right or option to receive a supply that will be zero-rated.

**Consideration.**    **3.** (1) Consideration, in relation to a supply or acquisition, means the total of the following amounts:

(a) the amount in money paid or payable by any person, whether directly or indirectly, in respect of, in response to, or for the inducement of the supply; and

(b) the fair market value of anything paid or payable in kind, whether directly or indirectly, by any person in respect of, in response to, or for the inducement of the supply, reduced by any price discounts or rebates allowed and accounted for at the time of the supply.

(2) Examples of amounts included in consideration under subsection (1) are amounts paid to reimburse the supplier for duties, levies, fees, charges, and taxes (including ABST) paid or payable by the supplier on, or by reason of, the supply.

(3) For the avoidance of doubt, consideration does not include anything given by a person as an unconditional gift to an approved non-profit body.

**A478**

No. 5 of 2006.  *The Antigua and Barbuda Sales*  17  ANTIGUA
*Tax Act, 2006.*  AND
BARBUDA

(4) The Regulations may provide that a payment made to a government entity in relation to a particular class of transactions is not to be treated as consideration for a supply by the government entity.

4. (1) The fair market value of a supply of goods or services, including anything provided as in-kind consideration for another supply, is:  *Fair market value.*

    *(a)*    the consideration the supply would fetch in an open market transaction freely made between unrelated persons; or

    *(b)*    if it is not possible to determine an amount under paragraph *(a),* the consideration a similar supply would fetch in an open market transaction freely made between unrelated persons, adjusted to take account of the differences between such supply and the actual supply, determined on the basis of the market conditions, including the registration status of the supplier, prevailing at the time and place of the actual supply.

(2) For the purpose of subsection (1)*(b)*, one supply is similar to another if it is the same as, or closely resembles, the other supply in character, quality, quantity, functionality, materials, and reputation.

(3) If the fair market value of a supply cannot be determined under subsection (1), it may be determined using any method approved by the Commissioner for calculating an objective approximation of the consideration the supply would fetch in an open market transaction freely made between unrelated persons.

(4) If a provision of this Act requires the fair market value to be determined for particular goods or services, or for a particular asset, that value is worked out under this section by reference to the value that a supply of those goods or services, or that asset, would fetch in a transaction freely made under appropriate market conditions.

5. (1) Persons are "related persons" if—  *Related persons.*

A479

ANTIGUA AND BARBUDA    18    *The Antigua and Barbuda Sales Tax Act, 2006.*    No. 5 of 2006.

(a) they are officers or directors of one another's business;

(b) in the case of a partnership, they are partners in that partnership, and the partner, either alone or together with persons who are related to that partner under another paragraph of this definition, owns 25 per cent or more of the rights to income or capital of the partnership;

(c) they are shareholders in a company limited by shares in which a shareholder, either alone or together with persons who are related to that shareholder under another paragraph of this definition:

　(i) controls 25 per cent or more of the voting power in the company; or

　(ii) owns 25 per cent or more of the rights to distributions of income or capital by the company;

(d) in the case of two companies, a person directly or indirectly, either alone or together with persons who are related to the person under another paragraph of this definition, owns, controls, or holds 25 per cent or more of the voting power or the rights to distributions of income or capital in both of them;

(e) one of them directly or indirectly controls the other;

(f) both of them are directly or indirectly controlled by a third person;

(g) together they directly or indirectly control a third person;

(h) they are members of the same family; or

(i) in the case of a trust, they are the trustees and a person who is or may be a beneficiary of that trust or, in the case of an individual, whose relative is or may be a beneficiary of the trust.

(2) Persons who are associated in business with one another in that one is the sole agent, sole distributor, or sole

No. 5 of 2006.        *The Antigua and Barbuda Sales*        19        ANTIGUA
                             *Tax Act, 2006.*                                 AND
                                                                          BARBUDA

concessionaire, however described, of the other are related persons only if they fall within the criteria of subsection (1).

(3) For the purposes of this section, one person controls another if the former is legally or operationally in a position to exercise restraint or direction over the latter.

6. (1) A supply of goods means:                                      Supplies.

    *(a)*   a sale, exchange, or other transfer of the right to dispose of goods as owner;

    *(b)*   a lease, hire, or other right granted in relation to goods, including a supply of goods under a finance lease; or

    *(c)*   anything that is deemed to be a supply of goods by this Act or by Regulations.

(2) Anything that is not a supply of goods or money is a supply of services, including—

    *(a)*   the grant, assignment, termination, or surrender of a right;

    *(b)*   the making available of a facility, opportunity, or advantage;

    *(c)*   refraining from or tolerating an activity, a situation, or the doing of an act;

    *(d)*   the issue of a licence, permit, certificate, concession, authorisation, or similar document; or

    *(e)*   anything that is deemed to be a supply of services by this Act or by Regulations.

(3) A progressive or periodic supply is treated as a series of separate supplies as follows:

    *(a)*   if the supply is made progressively or periodically under an agreement or law that provides for progressive or periodic payments:

**A481**

*The Antigua and Barbuda Sales*          No. 5 of 2006.
                          *Tax Act, 2006.*

    *(i)*    each progressive or periodic part of the supply is a separate supply; or

    *(ii)*    if the progressive or periodic parts of such a supply are not readily identifiable, each separate supply corresponds to the proportion of the supply to which each separate part of the consideration relates;

    *(b)*    if the supply involves a lease or hire of goods:

    *(i)*    if payment is made progressively or periodically, each separate supply corresponds to the proportion of the supply to which each separate part of the consideration relates; or

    *(ii)*    in any other case, each separate supply corresponds to each tax period, to the extent that the period of the lease or hire occurs during that tax period.

(4) If a taxable person—

    *(a)*    applies goods or services wholly to a private or exempt use; or

    *(b)*    having used goods wholly or partly in its taxable activity, applies them in the manner described in paragraph *(a)* from a particular time onwards; and

    *(c)*    the taxable person is or has been allowed an input tax credit in respect of part or all of the input tax incurred on the acquisition or importation of the goods or services,

the application is treated as a supply of the goods or services.

(5) A supply of a particular kind ("the incidental supply") that is ancillary or incidental to a supply of another kind ("the principal supply"), is part of the principal supply.

(6) A supply that is ancillary or incidental to an import of goods is part of the import of goods.

No. 5 of 2006.   *The Antigua and Barbuda Sales*   21   ANTIGUA
            *Tax Act, 2006.*                      AND
                                                 BARBUDA

(7) Subject to subsections (5) and (6), the Regulations may provide that a supply of goods and services is a supply of goods or a supply of services, or that a supply of more than one kind is a supply of one of those kinds.

(8) Where the managing agent of a timesharing scheme makes a supply of accommodation under that scheme, the supply is treated as a supply made by the managing agent as principal and not as agent for any other person.

(9) The Regulations may provide that something that would otherwise be a supply is not a supply for the purposes of this Act.

7. (1) Subject to subsection (2), taxable activity means an activity carried on continuously or regularly by a person, whether or not for profit, if the activity involves or is intended to involve the supply of goods or services to another person, and includes a business, trade, manufacture, commerce, or adventure in the nature of trade, but does not include:

Taxable activity.

   *(a)*   the activities of an employee providing services in that capacity to an employer;

   *(b)*   activities performed as a director of a company except where, in carrying on any business, the person accepts an office and supplies services as the holder of that office, in which case those services shall be regarded as being supplied in the course or furtherance of the business;

   *(c)*   an activity carried on by an individual as a private recreational pursuit or hobby;

   *(d)*   an activity carried on by a person other than an individual which, if carried on by an individual, would fall within paragraph *(b)*;

   *(e)*   an activity carried on by a government entity or by a local government authority, council, or similar body, except to the extent that the activity:

       *(i)*   involves the supply of goods or services for a fee, including but not limited to the supply of

**A483**

ANTIGUA    22        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

a licence, permit, permission, or other right, a
lease of property, a supply of goods, or a
supply of services; or

*(ii)*·  is one in which the entity carries on activities
commonly conducted by other persons for
profit.

(2) A taxable activity includes anything done or undertaken
during the commencement or termination of a taxable activity.

(3) The activities undertaken by a managing agent under the
*Timesharing (Licensing and Control) Act* CAP. 427, including
the supply of accommodation under the timesharing scheme are
a taxable activity carried on by the managing agent and not by
the purchaser of a right to occupy and use the facilities of the
scheme.

## PART II
## IMPOSITION OF
## ANTIGUA AND BARBUDA SALES TAX

Imposition of       **8.** (1) Antigua and Barbuda Sales Tax is levied on—
Antigua and
Barbuda Sales       *(a)*   a taxable supply; and
Tax and persons
liable.             *(b)*   a taxable import.

(2) The amount of ABST chargeable on a taxable supply or
import is computed by applying the rate specified in subsection
(3) to the value of the taxable supply or import.

(3) The rate of ABST applicable to a taxable supply or
import is—

*(a)*   if the supply or import is zero-rated, zero per cent;

*(b)*   if the supply is taxable because, under paragraph (2)
of Schedule 4, the supplier chooses not to treat the
supply as exempt under item 6 or 7 of paragraph (1)
of that Schedule, the rate of tax applicable to the
supply is 10.5 per cent; or

*(c)*   if the supply is of a kind for which a special rate is
specified in another Act or in the regulations, that rate;

**A484**

No. 5 of 2006.     *The Antigua and Barbuda Sales*    23    ANTIGUA
                *Tax Act, 2006.*                      AND
                                                   BARBUDA

     *(d)*    in any other case, 15 per cent.

    (4) The ABST chargeable—

     *(a)*    on a taxable supply, is the liability of the supplier and must be accounted for to the Commissioner according to the formula in section 27, unless otherwise specified under this Act; and

     *(b)*    on a taxable import, must be paid to the Comptroller by the importer at the time of import.

    (5) For the purposes of subsection (4), if a non-resident principal makes a taxable supply or a taxable import through a resident agent, the ABST payable under that subsection is payable by the resident agent and not by the non-resident principal.

    (6) Subsection (5) does not apply if the non-resident principal is treated to any extent as a resident because of paragraph *(d)* of the definition of resident and the principal is registered for ABST under this Act at the time of the supply.

    (7) Notwithstanding subsection (5), the Commissioner may, under Part XVII of this Act or under any other Act providing for recovery of tax under this Act, recover all or part of the ABST payable, including any penalties and interest thereon, against either or both of the principal and the agent, but may not recover more than the full amount properly payable under this Act.

    (8) No person, class of persons, transaction, class of transactions, import, or class of imports is exempt from ABST, except as provided by this Act, or by a law or regulations duly enacted by the Parliament of Antigua and Barbuda and signed into effect by the Governor-General, and as a general rule:

     *(a)*    exemptions of a general nature or application should be provided for in this Act or the Regulations; and

     *(b)*    exemptions of an isolated or specific nature, or in relation to a particular transaction or event, may be provided for in a law specifically dealing with the person, event, or transaction for which the exemption is granted.

ANTIGUA   24   *The Antigua and Barbuda Sales*   No. 5 of 2006.
AND   *Tax Act, 2006.*
BARBUDA

## PART III
### REGISTRATION

Applications for   9. (1) A person is required to apply for registration under this
registration.   Act on the last day of any month, if—

    *(a)*   the person exceeded the registration threshold in
the period of 12 calendar months ending on that
day;

    *(b)*   the person exceeded one third of the registration
threshold in the period of 4 calendar months ending
on that day, unless there are reasonable grounds to
expect that in that period and the following 8 calendar
months the person will not exceed the registration
threshold; or

    *(c)*   there are reasonable grounds to expect that the
person will exceed the registration threshold in the
12 month period commencing on the following day.

(2) Subject to subsection (3), a person exceeds the registration
threshold in a particular period if the total value of supplies
made by the person in the course or furtherance of a taxable
activity during that period is equal to or greater than $300,000.

(3) In determining whether a person exceeds the registration
threshold under subsection (2)—

    *(a)*   the value of supplies made by the person is treated
as if it did not include:

        *(i)*   the value of a supply that is not taxable or that
would not be a taxable supply if the person
were registered;

        *(ii)*   the value of a supply by way of sale of one or
more capital 'assets of the person;

        *(iii)*   the value of a supply made solely as a
consequence of the person selling the
person's taxable activity or part of that taxable
activity; or

        *(iv)*   the value of supplies made solely as a
consequence of the person permanently
ceasing to carry on its taxable activity;

No. 5 of 2006.　　*The Antigua and Barbuda Sales*　　25　　ANTIGUA
　　　　　　　　　　　　　*Tax Act, 2006.*　　　　　　　　　　　AND
　　　　　　　　　　　　　　　　　　　　　　　　　　　　BARBUDA

　　*(b)*　the value of supplies made by the person includes
　　　　　the value of supplies the person would be treated as
　　　　　making because of section 18 if the person were
　　　　　registered; and

　　*(c)*　the Commissioner may require the person to treat
　　　　　the value of supplies made by that person as
　　　　　including the value of supplies made by a related
　　　　　person if he is satisfied that it is appropriate to do
　　　　　so due to the nature of the activities carried out by
　　　　　the related person, the way in which the taxable
　　　　　activities of the taxable person and the related person
　　　　　are carried on, the connections between those
　　　　　persons or between the activities carried on by them,
　　　　　or any other relevant factors.

　(4) A person is required to apply for registration, irrespective
of whether the person exceeds the registration threshold

　　*(a)*　if the person is a government entity or a local
　　　　　authority, council, or similar body that carries on a
　　　　　taxable activity, at the earlier of the day two calendar
　　　　　months before the day referred to in section 1(2) or
　　　　　seven days before the date on which the person
　　　　　commences carrying on a taxable activity;

　　*(b)*　if the person is a promoter of public entertainment
　　　　　or a licensee or proprietor of a place of public
　　　　　entertainment, the earlier of seven days before the
　　　　　day on which the person commences carrying on a
　　　　　taxable activity or a day no later than 48 hours before
　　　　　the entertainment will be provided; or

　　*(c)*　if the person supplies professional services of a kind
　　　　　specified in the Regulations.

　(5) A resident agent acting on behalf of a non-resident principal
is required to apply for registration if the non-resident principal
is required to apply for registration.

　(6) A non-resident supplier who is required to apply for
registration may choose not to apply for registration if all the
taxable supplies or imports made by the supplier are made through
one or more resident agents who are registered.

**A487**

ANTIGUA    26    *The Antigua and Barbuda Sales*    No. 5 of 2006.
AND                  *Tax Act, 2006.*
BARBUDA

(7) A person who is not required to apply for registration may apply for registration if the person is carrying on a taxable activity and makes, or intends to make, supplies that would be taxable if the person were registered.

(8) An application for registration must be made to the Commissioner in the approved form and, in the case of a person who is required to apply for registration, must be lodged with the Commissioner within 14 calendar days of the date on which the person becomes required to apply for registration, except where subsection 4 requires the application to be made at an earlier time.

(9) For the purposes of paragraph (b) of the definition of a taxable person, a person is not a taxable person under that paragraph—

    *(a)*    unless the timeframe for applying for registration has elapsed without the person having submitted an application for registration; or

    *(b)*    if the person submitted an application for registration within the timeframe but that application has not yet been dealt with by the Commissioner,

and for the purposes of this subsection, minor defects in the form or content of an application for registration does not prevent the person from becoming a taxable person.

Registration.    **10.** (1) If a person applies for registration and the Commissioner is satisfied that the person is required to apply for registration, the Commissioner—

    *(a)*    must register the person; and

    *(b)*    within 21 days of the date on which the person became required to apply for registration, must notify the person of the registration by notice in writing,

and the date of effect of the registration must be the beginning of the month following the month in which the notice is issued.

(1A) If a promoter of public entertainment or a licensee or proprietor of a place of public entertainment is required to apply

**A488**

No. 5 of 2006.     *The Antigua and Barbuda Sales*    27    ANTIGUA
                    *Tax Act, 2006.*                        AND
                                                BARBUDA

for registration under section 9(4)(b), the Commissioner must register that person no later than the earlier of:

     *(a)*     the day on which the person commences to carry on a taxable activity; or

     *(b)*     24 hours before the entertainment will be provided, whichever is appropriate.

(2) If the Commissioner is satisfied that a person is required to apply for registration and the person has not applied for registration within the time limit given in section 9, the Commissioner may register that person unless the person is a non-resident to whom section 9(6) applies.

(3) Subject to section 60, if a person applies for registration and the Commissioner is not satisfied that the person is required to apply for registration, he must register the person if he is satisfied that—

     *(a)*     the person is making, or will make, supplies that would be taxable if the person were registered;

     *(b)*     the person has a fixed place at which the person's taxable activity is carried on;

     *(c)*     there are reasonable grounds to believe that the person will keep proper records and lodge regular and reliable ABST returns; and

     *(d)*     if the person has commenced carrying on a taxable activity, the person has—

          *(i)*     kept proper records in relation to its taxable activity; and

          *(ii)*     complied with its obligations under other taxation laws, including laws relating to customs.

(4) If the Commissioner registers a person who is not required to apply for registration—

**A489**

ANTIGUA
AND
BARBUDA

28

*The Antigua and Barbuda Sales*
*Tax Act, 2006.*

No. 5 of 2006.

(a)    he must notify the person of the registration by
       notice in writing issued no later than 28 days after
       the day on which the person applied to be registered;

(b)    the date of effect of the registration may be the date
       requested by the person in the application or such
       later date as the Commissioner reasonably
       determines, based on the information available to
       him, to be the date on which the person will commence
       carrying on a taxable activity, provided that the date
       should not be less than 7 days after the date on
       which the notice is issued.

(5) The Commissioner must issue a registered person with an
Antigua and Barbuda Sales Tax Registration Certificate in the
approved form, which must include a reference to the date on
which the registration takes effect and the person's TIN for
ABST purposes.

(6) A person who fails to apply for registration when required
is treated as registered from—

(a)    the first day of the tax period commencing
       immediately after the date on which the person was
       required to apply for registration; or

(b)    such later date as the Commissioner notifies in
       writing, provided that date is not more than two
       calendar months from the date determined under
       paragraph *(a)*.

(7) A registered person must display the original copy of its
ABST registration certificate in a prominent position at the
principal place at which the person carries on its taxable activity,
and, at every other place from which the person carries on its
taxable activity, a certified copy of the certificate, which must be
obtained from the Commissioner, must also be displayed in a
prominent position.

(8) A registered person must notify the Commissioner in
writing of a change in the name (including business name or
other trading name), address, place of business, or nature of the
taxable activity carried on by the person within 14 days of the
change occurring.

No. 5 of 2006.          *The Antigua and Barbuda Sales*          29      ANTIGUA
                        *Tax Act, 2006.*                                  AND
                                                                        BARBUDA

(9) If the Commissioner decides not to register a person who applies for registration, he must, within 28 days of receiving the application, notify the person by notice in writing stating the reasons for his decision and outlining the person's rights to object and appeal against the decision under Part XVIII.

11. (1) A registered person who ceases to make taxable supplies must apply to the Commissioner for cancellation of its registration within 15 days of the date on which the person ceased making taxable supplies.          Cancellation of registration.

(2) A registered person, who continues to make taxable supplies but does not exceed the registration threshold may apply to have its registration cancelled, except where the person is required to be registered irrespective of the registration threshold.

(3) The Commissioner must, by notice in writing, cancel the registration of a person who has applied for cancellation if he is satisfied that the person is required or permitted to apply for cancellation of registration.

(4) The Commissioner must, by notice in writing, cancel the registration of a person who has not applied for cancellation if he is satisfied that the person has ceased making taxable supplies.

(5) The cancellation of a person's registration takes effect from the date set out in the notice of cancellation, which must not be less than 2 years after the date on which the registration commenced (or such earlier date as the Commissioner considers appropriate) unless the person will not continue to make taxable supplies.

(6) A person whose registration is cancelled under this section is treated as having made a taxable supply of goods or services on hand at the time the registration is cancelled, but only if the person was allowed an input tax credit in respect of the acquisition or importation of those goods or services, or in respect of the acquisition of goods or services which have been subsumed into those goods or services.

(7) The taxable supply referred to in subsection (6) is treated as having been made—

ANTIGUA 30
AND
BARBUDA

*The Antigua and Barbuda Sales*
*Tax Act, 2006.*

No. 5 of 2006.

*(a)* immediately before the cancellation of the person's registration; and

*(b)* for a value equal to—

*(i)* if the goods or services have been used in the person's taxable activity, the lesser of the fair market value of the goods at that date or the consideration paid or payable for the acquisition of the goods or services by the person reduced, in either case, by the tax fraction of that amount; or

*(ii)* if the goods or services have not been used in the person's taxable activity, the consideration paid or payable for the person's acquisition of the goods or services by the person reduced by the tax fraction of that amount,

or if the deemed supply relates to goods imported by the person, references in this paragraph to the consideration paid or payable by the person for the acquisition of the goods should be taken to refer to the value of the import for the purposes of this Act.

(8) If a person's registration is cancelled under this section, the person must—

*(a)* immediately cease to hold out in any way that the person is a registered person;

*(b)* immediately cease to use any documents (including ABST invoices, receipts, credit notes, and debit notes) that identify the person as a registered person;

*(c)* immediately return the person's ABST Registration Certificate, and any certified copies thereof, to the Commissioner; and

*(d)* within 15 days after the date of cancellation of the person's registration, lodge a final ABST return and pay all ABST due, including ABST, if any, due as a result of subsection (6).

Case 15-1595, Document 51, 08/27/2015, 1586809, Page37 of 152

No. 5 of 2006.          *The Antigua and Barbuda Sales*          31      ANTIGUA
                        *Tax Act, 2006.*                                 AND
                                                                      BARBUDA

(9) An application for cancellation of registration must be in the approved form.

**12.** (1) The Commissioner must maintain a National Register of Persons Registered for ABST, which must include an accurate and up to date record of all registered persons and must state:

National register of persons registered for ABST.

    *(a)*   the name and address of the registered person;

    *(b)*   the trading name or names, if any, under which the registered person carries on its taxable activities;

    *(c)*   the TIN of that person; and

    *(d)*   the date on which the registration commenced.

(2) If the Commissioner cancels the registration of a person—

    *(a)*   the Commissioner must ensure that the person's entry remains in the Register for at least six months after the date of cancellation and that the Register clearly shows that the registration has been cancelled and the date from which it was cancelled; and

    *(b)*   after six months the Commissioner may remove the person's entry from the Register, provided that he retains full and accurate historical records of persons removed from the Register.

### PART IV
### BASIC RULES RELATING TO SUPPLIES

**13.** (1) A supply of goods or services is made on the earlier of the time when—

Time of supply.

    *(a)*   an invoice for the supply is issued by the supplier; or

    *(b)*   any of the consideration for the supply is received.

(2) Despite subsection (1), if the supplier and recipient are related persons, or if the Commissioner is of the opinion that a supplier and recipient have colluded to defer the time of payment for ABST by deferring the issue of an invoice or the payment of

ANTIGUA   32      *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                     *Tax Act, 2006.*
BARBUDA

consideration, a supply of goods or services is made on the
earliest of the date determined under subsection (1) or the date
on which:

    *(a)*   for a supply of goods, the goods are delivered or
        made available; or

    *(b)*   for a supply of services, the services are performed.

    (3) An application of goods or services to a private or exempt
use that is treated as a supply of goods or services under section
6(4) is treated as being made on the date the goods or services
are first applied to such use.

    (4) Where a progressive or periodic supply is treated,
under section 6(3), as a series of separate supplies made
successively, each successive supply is treated as being
made on the earliest of:

    *(a)*   the date on which an invoice for the progressive or
        periodic payment corresponding to the supply is
        issued by the supplier, but only if a separate invoice
        is issued for each such supply;

    *(b)*   the date on which the progressive or periodic
        payment corresponding to the supply is due;

    *(c)*   the date on which any of the progressive or periodic
        payment corresponding to the supply is received;

    *(d)*   the first day of the period, if any, to which the
        progressive or periodic payment relates; or

    *(e)*   the first day on which the recipient is able to
        commence use or enjoyment of the successive part
        of the actual supply which corresponds to the
        supply.

    (5) Where a person becomes registered or is required to apply
for registration but does not do so, or the person ceases to be
registered, for the purpose of working out whether a supply
made by the person is a taxable supply, or whether an acquisition
made by the person gives rise to an entitlement to input tax
credits, a supply or acquisition is made when:

No. 5 of 2006.        *The Antigua and Barbuda Sales*        33        ANTIGUA
                      *Tax Act, 2006.*                                AND
                                                                  BARBUDA

   *(a)*  for a supply of goods, the goods are delivered or
made available; or

   *(b)*  for a supply of services, the services are performed.

(6) Where, because of subsection (5), a supply or acquisition is treated as being made by a person while the person was registered, but the time referred to in subsection (1) occurred before the person became registered, for the purpose of determining the tax period in which the person should account for the ABST or input tax credit under section 27, the supply or acquisition is treated as being made in the first tax period in which the person is registered.

(7) Where, because of subsection (5), a supply or acquisition is treated as being made by a person while the person was registered, but the time referred to in subsection (1) occurred after the person ceased to be registered, for the purpose of determining the tax period in which the person should account for the ABST or input tax credit under section 27, the supply or acquisition is treated as being made in the last tax period in which the person is registered.

(8) The Regulations may specify or vary the time at which a particular kind of supply is treated as being made.

**14.** (1) Except as otherwise provided in this Act or the Regulations, a supply of goods or services is regarded as taking place in Antigua and Barbuda if        Place of supply.

   *(a)*  the supplier is a resident; or

   *(b)*  the supplier is a non-resident and

      *(i)*  in the case of a supply of goods, the goods supplied are located in Antigua and Barbuda at the time of the supply; or

      *(ii)*  in the case of a supply of services, the services are physically performed in Antigua and Barbuda by any person who is in Antigua and Barbuda at the time the services are performed.

ANTIGUA     34      *The Antigua and Barbuda Sales*      No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

(2) Except as provided in subsections (1)*(b)*, (5), and (7), a supply of goods or services is regarded as not taking place in Antigua and Barbuda if the supplier is a non-resident.

(3) Where a supplier who is not resident in Antigua and Barbuda makes a supply of goods or services referred to in subsection (1)*(b)*, (5), or (7) to a recipient who is a registered person and who acquires the goods or services in the course of furtherance of a taxable activity, the supply is deemed to take place outside Antigua and Barbuda unless the supplier and recipient have agreed in writing that this subsection will not apply.

(4) Where goods that have been imported into Antigua and Barbuda are supplied to a person before the goods are entered for use within Antigua and Barbuda, the supply is deemed to have taken place outside Antigua and Barbuda.

(5) Where a supply is of the lease, hire, or licence of goods, including under a charterparty or agreement for chartering

*(a)*    if the goods are for use, or are used, wholly outside Antigua and Barbuda, the supply is treated as taking place outside Antigua and Barbuda;

*(b)*    if the goods are for use, or are used, wholly or partly in Antigua and Barbuda, the supply is treated as taking place in Antigua and Barbuda;

*(c)*    if the goods are used in international territory and immediately before and after that use the goods are used in Antigua and Barbuda, the supply is treated as taking place in Antigua and Barbuda.

(6) For the avoidance of doubt, in the case of a progressive or periodic supply, including a supply referred to in subsection (5) of this section, that is deemed to be a series of separate supplies because of section 6(3), the place where each such supply takes place is determined separately.

(7) A supply of telecommunications services is regarded as taking place in Antigua and Barbuda if the supplier is a non-resident and a person, physically in Antigua and Barbuda, initiates the supply from a telecommunications supplier, whether or not the person initiates the supply on behalf of another person.

No. 5 of 2006.    *The Antigua and Barbuda Sales*    35    ANTIGUA
                  *Tax Act, 2006.*                          AND
                                                        BARBUDA

(8) For the purposes of this Act, the person who initiates a supply of telecommunications services is

    *(a)*    the person who is identified by the supplier of the services as being

        (i)    the person who controls the commencement of the supply;

        (ii)    the person who pays for the services; or

        (iii)    the person who contracts for the supply; and

    *(b)*    if more than 1 person satisfies paragraph (a), the person who appears highest on the list in that paragraph.

(9) If a telecommunications supplier cannot apply subsection (7) because it is impractical for the supplier to determine the physical location of a person due to the type of service or the class of customer to which the person belongs, the supplier must treat the supply of telecommunications services as taking place in Antigua and Barbuda if the person's address for receiving invoices from the supplier is in Antigua and Barbuda, where "address" means the physical, residential, or business address of the person to whom invoices are sent, but does not include a post office box number.

(10) Subject to subsection (11), if subsection (9) applies, the telecommunications supplier must apply subsection (9) for all supplies of telecommunications services made for that type of service or class of customer.

(11) Subsections (7) and (9) do not apply to supplies made between telecommunications suppliers.

(12) A supply of services by an Antigua and Barbuda licensing authority occurs in Antigua and Barbuda regardless of where the licence, permit, certificate, concession, authorisation, or other document is issued.

(13) The Regulations may specify or vary the place of supply for a particular kind of supply.

ANTIGUA    36        *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

Value of a supply.    **15.** (1) "Tax fraction", in relation to a taxable supply, means
the fraction calculated in accordance with the following
formula—

where is the rate of ABST applicable to the supply as determined
under section 8(3).

(2) Subject to this section

    *(a)*   the value of a taxable supply is the consideration for
the supply reduced by an amount equal to that sum
multiplied by the tax fraction; and

    *(b)*   the value of a supply that is not a taxable supply is
the consideration for the supply.

(3) If a person has applied goods or services to a private or
exempt use and the application is treated as a supply under sec-
tion 6(4), or a taxable person supplies goods or services to an
employee for personal use, the value of the supply is

    *(a)*   if the application or supply is of goods imported by
the person, the lesser of:

        *(i)*   the value of the import for the purposes of
this Act; or

        *(ii)*   if only part of the input tax was allowed as a
credit to the taxable person, the value of the
import reduced by an amount reflecting the
extent to which no input tax credit was
allowed; or

    *(b)*   in any other case, the lesser of:

        *(i)*   the consideration paid or payable by the
person for the acquisition of the goods or
services, reduced by an amount equal to the
input tax incurred on that acquisition; or

        *(ii)*   if only part of the input tax was allowed as a
credit to the taxable person, the amount
referred to in subparagraph *(b)(i)*, reduced
by an amount reflecting the extent to which
no input tax credit was allowed.

No. 5 of 2006.   *The Antigua and Barbuda Sales*   37   ANTIGUA
*Tax Act, 2006.*                                 AND
                                                 BARBUDA

(3A) If, in a situation to which subsection (3) applies, before the goods or services are applied or supplied as referred to in that subsection, the taxable person has used them in its taxable activity for a purpose other than making exempt supplies, the value of the supply is the lesser of:

    *(a)*    the amount determined under subsection (3); or

    *(b)*    the ABST-exclusive fair market value of the goods or services at the time they are first applied to the private or exempt use, or supplied to the employee, reduced, in a case to which paragraph *(a)(ii)* or *(b)(ii)* applies, by an appropriate amount reflecting the extent to which no input tax credit was allowed.

(4) The value of a supply of goods under a finance lease does not include an amount payable in relation to a supply of credit under the lease agreement, if the credit for the goods is provided for a separate charge and the charge is disclosed to the recipient of the goods.

(5) If a taxable person makes a supply for no consideration, or for consideration that is less than the fair market value of the supply, to a related person who would not be entitled to a full input tax credit for the acquisition of the thing supplied, the value of the supply is the ABST-exclusive fair market value of the supply.

(6) The value of a supply that a recipient is treated as having made because of section 18 is:

    *(a)*    if the supplier and recipient are related persons, the appropriate proportion of the ABST-exclusive fair market value of the actual supply; or

    *(b)*    in any other case, the appropriate proportion of the consideration for the actual supply, where "actual supply" means the supply made to the recipient and "appropriate proportion" reflects the extent to which the recipient is treated as making the supply because of section 18,

ANTIGUA   38        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                          *Tax Act, 2006.*
BARBUDA

(7) Except as provided otherwise, the value of a supply of goods or services for no consideration is nil.

(8) The value of an unconditional gift given to an approved non-profit body is nil, provided that anything received by the donor in respect of the gift is insignificant, such as a recognition or acknowledgement of the gift.

(9) The Regulations may specify or vary the way in which the value of a particular kind of supply is determined.

**Post-supply adjustments for ABST adjustment events**

16. (1) An ABST adjustment event occurs if

   *(a)*    a taxable supply is cancelled;

   *(b)*    the consideration for a taxable supply is altered;

   *(c)*    goods or services (or part thereof) that were the subject, or one of the subjects, of a taxable supply are returned to the supplier; or

   *(d)*    the nature of a supply, whether or not it was a taxable supply, is fundamentally varied or altered:

(2) If an ABST adjustment event occurs and the ABST properly chargeable in respect of the supply exceeds the ABST actually accounted for by the supplier, the amount of the excess is treated as output tax payable by the supplier in the tax period in which the ABST adjustment event occurred.

(3) If subsection (2) applies and the supplier has issued an ABST debit note to the recipient of the supply in accordance with section 34(2), the recipient of the supply may treat the additional ABST specified in the ABST debit note as input tax in the tax period in which the ABST debit note is received.

(4) If an ABST adjustment event occurs and the ABST actually accounted for by the supplier exceeds the ABST properly chargeable in respect of the supply, the supplier may treat the amount of the excess as input tax in the tax period in which the ABST adjustment event occurred, but only if the supplier has issued an ABST credit note to the recipient of the supply in accordance with section 34(1).

**A500**

Case 15-1595, Document 51, 08/27/2015, 1586809, Page45 of 152

No. 5 of 2006.   *The Antigua and Barbuda Sales*   39   ANTIGUA
*Tax Act, 2006.*   AND
   BARBUDA

(5) If subsection (4) applies and the recipient is a taxable person, the recipient must include in its output tax for the tax period in which the credit note is received, the following amount:

    *(a)* if the recipient was entitled to a credit for all of the input tax in relation to the acquisition, the amount of additional ABST specified in the ABST credit note;

    *(b)* if the recipient was entitled to a credit for only a proportion of the input tax in relation to the acquisition, the same proportion of the amount of additional ABST specified in the ABST credit note; or

    *(c)* if the recipient was not entitled to a credit for the input tax in relation to the acquisition, nil.

(6) If the recipient of a supply to which subsection (4) applies is unregistered, no ABST credit note may be issued and no input tax credit is allowed under that subsection until the supplier has repaid the excess ABST to the recipient of the supply, whether in cash or as a credit against any amount owing to the supplier by the recipient.

**17.** (1) If all or part of the consideration for a supply has not been received by the supplier, this section provides for section 16 to be applied in certain circumstances, and in each case the section is taken to apply as if an ABST adjustment event referred to in section 16(1)*(b)* had occurred in relation to the supply.

Post supply
adjustments for
bad debts.

(2) If the amount referred to in subsection (1) has been overdue for more than 12 months from the date on which it was due to be paid, section 16 applies to both the supplier and the recipient, provided that if the supplier has, in writing, granted additional time to pay the period of 12 months is taken to commence when the additional time has expired.

(3) If, after section 16 has applied in relation to a supply because of subsection (2) of this section, the supplier later receives one or more payments for the supply, section 16 applies again to both the supplier and the recipient to the extent of each such additional payment.

(4) If, before the time referred to in subsection (2), the supplier has, in its books of account, written off an amount in respect of

ANTIGUA   40      *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                       *Tax Act, 2006.*
BARBUDA

all or part of the amount not received, section 16 applies to the
supplier but not the recipient.

(5) If, after section 16 has applied in relation to a supply
because of subsection (4) of this section, the supplier later
receives one or more payments for the supply, section 16 applies
again to the supplier to the extent of each such additional
payment and the supplier is not required to give the recipient an
ABST credit note.

(6) For the avoidance of doubt, a supplier cannot apply both
subsection (2) and subsection (4) in relation to the same amount
outstanding on a supply.

(7) For the purposes of an ABST adjustment event that arises
because of this section

    *(a)*   the supplier is not required to give the recipient an
           ABST debit or credit note; and

    *(b)*   for the purposes of section 29(8), neither the sup-
           plier nor the recipient is required hold a copy of an
           ABST debit or credit note, but in a case to which
           subsection (4) applies, the supplier must hold docu-
           mentary evidence establishing that it has written off
           the debt and the reasons why the debt was written
           off, and in any other case to which this section ap-
           plies, each party must be able to substantiate the
           extent to which payments have been made or re-
           ceived and the basis of the adjustments made under
           section 16 because of this section.

**Reverse charge**
**on supply of**          18. (1) If
**services from**
**outside Antigua**
**and Barbuda.**

    *(a)*   a non-resident person makes a supply of services to
           a taxable person in Antigua and Barbuda, otherwise
           than through a resident agent;

    *(b)*   the supply is not a taxable supply but would have
           been a taxable supply if it had been made by a resi-
           dent person who was registered for ABST; and

    *(c)*   the supply is not or would not be zero-rated; the
           supply is treated as a taxable supply made by the

No. 5 of 2006.       *The Antigua and Barbuda Sales*       41       ANTIGUA
*Tax Act, 2006.*                                    AND
                                                 BARBUDA

recipient of the supply at the same time and for
the same consideration as the actual supply, but
only to the extent that the recipient will use the
supply

*(d)*   to make exempt supplies;

*(e)*   for private or domestic use, or a use that would be
        private or domestic if the recipient were an indi-
        vidual; or

*(f)*   to provide entertainment (as defined for the purposes
        of section 28) to:

        *(i)*    an associate or employee; or

        *(ii)*   any other person other than in the course of a
                taxable activity of providing entertainment.

(2) If an ABST adjustment event occurs in relation to a supply,
part or all of which is treated as a supply made by the recipient
because of subsection (1), and the event would cause the ABST
properly chargeable in respect of the supply to exceed the ABST
actually accounted for by the recipient, the amount of the excess
is treated as output tax payable by the recipient for a taxable
supply made in the tax period in which the ABST adjustment
event occurs.

(3) If an ABST adjustment event occurs in relation to a supply,
part or all of which is treated as a supply made by the recipient
because of subsection (1), and the event would cause the ABST
actually accounted for by the recipient to exceed the ABST
properly chargeable in respect of the supply, the Commissioner
may, on application in writing by the recipient, allow the recipient
an input tax credit for the amount of the excess in the tax period
he thinks appropriate if, on the evidence provided, he is satisfied
that that the adjustment event occurred.

(4) If a taxable person carries on activities both inside and
outside Antigua and Barbuda, the person is treated as if it were
two separate persons corresponding respectively to the taxable
activities the person carries on inside and outside Antigua and
Barbuda and

(a)   the person outside Antigua and Barbuda is deemed to have made a supply to the person inside Antigua and Barbuda consisting of any benefit in the nature of services (as defined for the purposes of this Act) that is received by the person in Antigua and Barbuda through or as a result of the activities carried on by the person outside Antigua and Barbuda;

(b)   the time of the supply is worked out under section 13(2)(b) on the assumption that a supply has been made;

(c)   the value of the supply is worked out under section 15(6)(a) on the assumption that the supply was made outside Antigua and Barbuda to a related person inside Antigua and Barbuda; and

(d)   subsections (2) and (3) apply to a supply that is treated as being made by a taxable person because of this subsection.

## PART V
## SPECIAL RULES RELATING TO SUPPLIES

Rights, options, and vouchers.

**19.** (1) If a right or option is exercised, the consideration for the supply made on exercise of the right or option is limited to the additional consideration, if any, for that supply or in connection with the exercise of the right or option.

(2) Subsection (1) applies to a supply made on redemption of a face value voucher unless—

(a)   the Regulations provide otherwise; or

(b)   the supply made on redemption of the voucher is a taxable supply and the supply of the voucher was not a taxable supply.

Gambling supplies.

**20.** (1) In this section —

"total amounts wagered," in relation to a taxable person and a tax period, is the sum of:

(a)   the consideration for all of the gambling supplies made by the taxable person in that tax period; and

No. 5 of 2006.     *The Antigua and Barbuda Sales*     43     ANTIGUA
                   *Tax Act, 2006.*                          AND
                                                          BARBUDA

    *(b)*    any amounts recovered by the taxable person during the tax period in respect of an amount written off in the current or a previous tax period, which was included in total monetary prizes under paragraph (d) of the definition of that term; and

"total monetary prizes," in relation to a taxable person and a tax period, is the sum of the following amounts, whether or not the relevant gambling event, gambling supply, or gambling loss occurred during the tax period:

    *(a)*    the monetary prizes paid by the person during the tax period because of the outcome of gambling events;

    *(b)*    any amounts of money paid during the tax period by the person to a recipient of the person's gambling supplies because of an agreement between them requiring the person to repay a proportion of the recipient's losses from those supplies;

    *(c)*    a negative amount, if any, resulting from the calculation under subsection (3) in the immediately preceding tax period; and

    *(d)*    an amount the person writes off as a bad debt in relation to all or part of the consideration for a gambling supply made by the person that is due as a debt to the person and has not been received.

(2) Notwithstanding section 8(2), the amount of GST chargeable on gambling supplies made by a taxable person is determined on a global basis under this section for each tax period rather than for each gambling supply.

(3) For each tax period, an amount calculated according to the following formula is included in the output tax of a person who makes gambling supplies:

**(TOTAL AMOUNTS WAGERED—TOTAL MONETARY PRIZES) X THE TAX FRACTION**

(4) If the amount calculated under subsection (3) is a negative amount in any tax period no amount is included in the output tax of the taxable person.

**A505**

ANTIGUA   44   *The Antigua and Barbuda Sales*   No. 5 of 2006.
AND               *Tax Act, 2006.*
BARBUDA

(5) Section 17, which deals with bad debts, does not apply in relation to a gambling supply.

(6) A payment of a kind referred to in paragraph (b) of the definition of "total monetary prizes" is treated as if it were not consideration for a supply or acquisition.

Lay-away sales     **21.** (1) In this section, "lay-away agreement" means a purchase agreement for goods under which

    *(a)*  the purchase price is payable by at least one additional payment after the payment of a deposit;

    *(b)*  delivery of the goods takes place at a time after payment of the deposit; and

    *(c)*  ownership of the goods is transferred by delivery.

(2) A supply of goods under a lay-away agreement occurs on the date the goods are delivered to the recipient.

(3) If a lay-away agreement is cancelled and the person who would have been the supplier (referred to herein as the supplier) retains an amount paid as consideration for the cancelled supply, or recovers an amount owing by the person who would have been the recipient under the agreement (referred to herein as the recipient)

    *(a)*  the cancellation of the agreement is treated as a supply of services by the supplier to the recipient;

    *(b)*  the value of the supply is the amount retained or recovered by the supplier, reduced by an amount equal to that amount multiplied by the tax fraction;

    *(c)*  to the extent, if any, that an amount is retained, the supply occurs at the time of cancellation; and

    *(d)*  to the extent, if any, that an amount is recovered from the recipient under the agreement, the supply occurs when the amount is recovered.

Vending           **22.** A supply of goods through a vending machine, meter, or
machines.         other automatic device (not including a pay telephone) that is

No. 5 of 2006.  *The Antigua and Barbuda Sales*   45   ANTIGUA
*Tax Act, 2006.*                   AND
                                   BARBUDA

operated by a coin, note, or token occurs on the date the coin,
note, or token is taken from the machine, meter, or other device
by or on behalf of the supplier.

23. (1) For the purposes of this section—                         Supply as part of
                                                                  the transfer of a
    *(a)*  a transfer of a taxable activity includes a transfer of    going concern
        part of a taxable activity, if that part is capable of
        separate operation;

    *(b)*  a transfer of a taxable activity as a going concern
        occurs if—

        *(i)*  all the goods and services necessary for the
            continued operation of that taxable activity
            are supplied to the person to whom the taxable
            activity is transferred; and

        *(ii)*  the supplier carries on the taxable activity until
            the day of the transfer.

(2) A supply of goods or services as part of the transfer of a
taxable activity as a going concern by a registered person to
another registered person is zero-rated, but only if—

    *(a)*  the supply would otherwise have been a taxable sup-
        ply that was not a zero-rated supply; and

    *(b)*  the supplier

        *(i)*  has agreed in writing with the recipient that
            the taxable activity is supplied as a going
            concern; and

        *(ii)*  notified the Commissioner, in writing, of the
            details of the supplies treated as zero-rated
            under this section because of the transfer,
            including the quantities and values of the
            things supplied.

(3) If the recipient of a supply that has been treated as zero-
rated under this section uses or intends to use the thing acquired
to make exempt supplies, or for a private or domestic purpose,
and the extent of that use will constitute more than 10 per cent of
the total use of the thing acquired —

ANTIGUA    46        *The Antigua and Barbuda Sales*              No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

    *(a)*  the recipient has an amount of output tax equal to the tax rate specified in section 8(3)(c) multiplied by the consideration for the acquisition;

    *(b)*  the output tax is payable in the tax period in which the acquisition was made; and

    *(c)*  this Act, other than this section, applies in relation to the output tax as if it were output tax charged by the supplier in relation to the supply.

Travel agents     **24.** (1) Whether or not it would otherwise apply, section
and tour          14(1)(b) does not apply to a supply by a non-resident, including
operators.        but not limited to a non-resident travel agent, if the supply is a supply of a right to receive, in Antigua and Barbuda, accommodation, meals, tours, services, entertainment of any kind, or any similar goods or services commonly provided to tourists or visitors to Antigua and Barbuda (whether alone or as part of a holiday or tour package).

(2) Whether or not it would otherwise apply, section 19(2)(b) does not apply to a supply, in Antigua and Barbuda, to a tourist or visitor to Antigua and Barbuda, to the extent, if any, that the consideration for the supply includes the redemption of a face value voucher if:

    *(a)*  the supply is of accommodation, meals, tours, services, entertainment of any kind, or any similar goods or services commonly provided to tourists or visitors to Antigua and Barbuda (whether alone or as part of a holiday or tour package); and

    *(b)*  the supply of the voucher to the tourist or visitor was not a taxable supply because of subsection (1).

(3) Despite anything in Schedule 1 or 2, a taxable supply by a resident travel agent is not zero-rated if the supply is a supply of a right to receive, outside Antigua and Barbuda, accommodation, meals, tours, services, entertainment of any kind, or any similar goods or services commonly provided to tourists or visitors to foreign countries (whether alone or as part of a holiday or tour package).

No. 5 of 2006.    *The Antigua and Barbuda Sales*    47    ANTIGUA
                  *Tax Act, 2006.*                         AND
                                                        BARBUDA

(4) Where one or more taxable supplies made by a resident travel agent is not zero-rated because of subsection (3), the value of those supplies is calculated on a global basis for each tax period and is equal to the amount calculated accordingly to the following formula, reduced by an amount equal to that sum multiplied by the tax fraction where is the consideration for all taxable supplies of goods and services made by the taxable person in that tax period that are not zero-rated because of subsection (3); and is the consideration paid by the person for the acquisition in that tax period of such goods and services for the purpose of on-supply

(5) If exceeds  in the calculation in subsection (4) for a particular tax period, the amount of the excess amount is included in the value of for the following tax period.

## PART VI
### BASIC RULES RELATING TO IMPORTS

**25.** An import of goods occurs                          Time of import.

    *(a)*   if the goods are entered under the Customs (Control and Management) Act, on the date on which they are so entered; or

    *(b)*   in any other case, on the date the goods are brought into Antigua and Barbuda.

**26.** (1) The value of an import of goods is the sum of    Value of import.

    *(a)*   the value of the goods for the purposes of customs duty under the Customs (Control and Management) Act, whether or not duty is payable on the import;

    *(b)*   to the extent not included under paragraph *(a)*:

        *(i)*   the cost of insurance and freight incurred in bringing the goods to Antigua and Barbuda; and

        *(ii)*   the cost of services that have been treated as part of the import of the goods because of section 6(6); and

**A509**

ANTIGUA          48          *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                                  *Tax Act, 2006.*
BARBUDA

(c)   the amounts, if any, of customs duty, customs ser-
      vice charge, excise tax, or other tax or fiscal charge
      (other than ABST) payable on the importation of the
      goods.

(2) Where goods are re-imported after being exported for the
purpose of undergoing repair, renovation, or improvement, the
value of the import of the goods is the amount of the increase in
their value that is attributable to the application of the repair,
renovation, or improvement process, so long as the form or
character of the goods has not been changed by the repair,
renovation, or improvement.

(3) The Regulations may specify or vary the way in which the
value of a particular kind of import is determined.

## PART VII
## CALCULATION AND PAYMENT
## OF ABST NET AMOUNT

Net amount of          **27.** The amount of ABST that a taxable person must remit to
ABST to be          the Commissioner for a tax period is a net amount calculated
remitted in a tax          according to the following formula where is the total output tax
period.          payable by the person in relation to the period; and is the total
                    input tax credits allowed to the person under sections 16, 17, 29,
                    30, 31, and 44 in respect of that tax period.

## PART VIII
## INPUT TAX CREDITS

Goods or services          **28.** (1) In this section
for which no
input tax credits          "entertainment" means the provision of food, beverages,
are allowable          tobacco, amusement, recreation, or hospitality of any kind,
                    including gambling; and

                    "passenger vehicle" means an on-road or off-road vehicle
                    designed or adapted for the transport of 9 or fewer seated
                    passengers.

                    (2) Notwithstanding any other provision in this Act, no
                    entitlement to an input tax credit arises for a person in relation to
                    a taxable acquisition or import by the person to the extent that

No. 5 of 2006.          *The Antigua and Barbuda Sales*          49          ANTIGUA
                              *Tax Act, 2006.*                                        AND
                                                                              BARBUDA

    *(a)*   the acquisition or import is not made in the course or
furtherance (including commencement or termination)
of the person's taxable activity;

    *(b)*   the acquisition or import is of a passenger vehicle, or
of spare parts or repair and maintenance services for
such vehicle, unless the person's taxable activity
involves dealing in or hiring out such vehicles and
the vehicle was acquired for that purpose;

    *(c)*   the acquisition or import is used to provide enter-
tainment, to the extent of that use, unless the
person's taxable activity involves providing enter-
tainment and the entertainment was provided in the
ordinary course of that taxable activity and was not
supplied to a related person or employee;

    *(d)*   the acquisition is of a membership or right of entry
for any person in a club, association, or society of a
sporting, social, or recreational nature; or

    *(e)*   the acquisition or import is otherwise of a private or
domestic nature.

**29.** (1) Except as provided otherwise, if all of the supplies   Input tax credits.
made by a taxable person during a tax period are taxable supplies,
the person is allowed input tax credits for all of the input tax
payable on taxable acquisitions or imports made by the person
during that tax period.

(2) Except as provided otherwise, if none of the supplies
made by a taxable person during a tax period are taxable supplies,
the person is not allowed input tax credits for the input tax payable
on taxable acquisitions or imports made by the person during
that period.

(3) Except as provided otherwise, if a taxable person makes
both taxable and other supplies during a tax period, the input tax
credits allowed to the person for that tax period are determined
as follows:

    *(a)*   if an acquisition or import by the person relates wholly
to making taxable supplies, an input tax credit is al-
lowed for the full amount of input tax payable in
respect of the acquisition or import;

**A511**

ANTIGUA   50          *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                          *Tax Act, 2006.*
BARBUDA

(b)  if an acquisition or import by the person relates wholly
to making supplies that are not taxable, no input tax
credit is allowed for the input tax payable in respect
of that acquisition or import;

(c)  for acquisitions or imports by the person that relate,
whether directly or indirectly, partly to making tax-
able supplies and partly to making other supplies,
the sum of the input tax credits allowed for such
supplies or imports during the tax period is calcu-
lated according to the following formula A is the to-
tal amount of input tax payable in respect of imports
or acquisitions made by the person during the pe-
riod, less the input tax accounted for under *(a)* and
*(b)*; B is the value of all taxable supplies made by the
taxable person during the period; and C is the value
of all supplies made by the taxable person during the
period, other than supplies made through a taxable
activity carried on by the person outside Antigua
and Barbuda.

(4) Notwithstanding subsection (3)

(a)  if the fraction B/C in subsection (3)*(c)* is more than
0.90, the taxable person is allowed input tax credits
for all of the input tax payable on taxable acquisi-
tions or imports made by the person during that tax
period;

(b)  if the fraction B/C in subsection (3)*(c)* is less than
0.10, the taxable person is not allowed input tax cred-
its for taxable acquisitions or imports made by the
person during that tax period;

(c)  if the taxable person is a bank or other financial insti-
tution making both exempt and taxable supplies,
whether or not the person makes any exempt sup-
plies in the particular tax period, paragraph (3)*(c)*
does not apply;

(d)  if the Regulations specify a different way for a par-
ticular class of taxable person to calculate the amount
of input tax allowed for a tax period in which the
person makes both taxable and exempt supplies, the

**A512**

No. 5 of 2006.        *The Antigua and Barbuda Sales*        51        ANTIGUA
                      *Tax Act, 2006.*                                AND
                                                                   BARBUDA

person must use that method to calculate the input tax credits it is allowed for that period.

(5) If section 16(3) allows a taxable person to treat an amount as input tax in a tax period because an ABST adjustment event occurred during that period in relation to an acquisition made by the person, the amount of the input tax credit the person is allowed for the input tax is determined by reference to the extent that the person was entitled to an input tax credit for the original acquisition.

(6) If section 16(4) allows a taxable person to treat an amount as input tax in a tax period because an ABST adjustment event occurred during that period in relation to a supply made by that person, the person is entitled to an input tax credit for that amount.

(7) If, at the time the person submits an ABST return for a tax period, the person does not, in relation to an acquisition or importation made in that tax period, hold the documentation referred to in subsection (8)

    *(a)*  the person is not allowed the input tax credit it would otherwise have been allowed for that acquisition or importation in that tax period; but

    *(b)*  the person is allowed the input tax credit in the first subsequent tax period in which the person holds the documentation, provided that if the person does not hold the documentation before the end of the tax period ending 6 months after the date on which the return was due, no input tax credit is allowed for the acquisition or importation.

(8) The documentation required for the purposes of subsection (7) is

    *(a)*  in the case of a taxable acquisition, the ABST invoice issued by the supplier for the supply, or for a low value supply to which section 32(3) applied, the sales receipt issued by the supplier for the supply;

    *(b)*  in the case of a taxable import, a bill of entry or other document prescribed under the Customs (Control and Management) Act for the import; or

ANTIGUA    52      *The Antigua and Barbuda Sales*      No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

(c)   in the case of an input tax credit allowed under sec-
      tion 16(3) because of an ABST adjustment event for
      an acquisition, the ABST debit note issued by the
      supplier in respect of that event;

(d)   in the case of an input tax credit allowed under sec-
      tion 16(4) because of an ABST adjustment event for
      a supply, a copy of the ABST credit note issued to
      the recipient of the supply in respect of that event.

(9) Subsection (7) does not alter the way in which the amount
of an input tax credit for an acquisition or importation made in a
tax period is calculated under this section.

(10) Whether an acquisition or importation made in a tax period
relates to making a particular kind of supply should be determined
on the basis of the taxable person's intention at the time of the
acquisition or importation, but the taxable person may take
account of actual use or a change in intention that occurs before
the date on which the ABST return for that tax period is required
to be lodged.

Acquisitions or        **30.** (1) For the purposes of section 29, if a non-resident
importations by    principal makes an acquisition or import through a resident agent,
resident agent     any input tax credit allowed under that section is allowed to the
                   resident agent and not to the non-resident principal.

(2) Subsection (1) does not apply if the non-resident principal
is treated to any extent as a resident because of paragraph *(d)* of
the definition of resident and the principal is registered for ABST
under this Act at the time of the acquisition or import.

Regulations         **31.** (1) The Regulations may require a taxable person to include
relating to input   an amount in its output tax or input tax for one or more tax
tax credit          periods if:
entitlements

(a)   the value of a particular acquisition or importation,
      or of a related group of acquisitions or importations,
      exceeds $10,000; or

(b)   the acquisition is of a capital asset of the person;
      and the way in which the person has used the acqui-
      sition or importation is different from the way in which
      it intended to use the acquisition or importation.

**A514**

No. 5 of 2006.        *The Antigua and Barbuda Sales*        53        ANTIGUA
                              *Tax Act, 2006.*                              AND
                                                                        BARBUDA

(2) The Regulations may provide additional rules allowing or denying input tax credits in order to ensure that the amount of input tax credits allowed to a taxable person reflects the extent to which its acquisitions or importations are used to make taxable supplies.

(3) Except to the extent of the limitations in subsection (1)(a) and (b), this section does not limit the Minister's power to make regulations under this Act.

## PART IX
## ABST DOCUMENTATION

**32.** (1) A registered supplier who makes a taxable supply to a   ABST invoices.
registered recipient is required, at the time of the supply, to issue
the recipient with an original ABST invoice for the supply.
(2) An ABST invoice must contain the information prescribed
by the Regulations.

(3) A registered supplier making a taxable supply to a registered
recipient may issue a sales receipt in lieu of an ABST invoice if
the consideration for the taxable supply is paid in money and
does not exceed $50.

**33.** (1) A registered supplier making a taxable supply to a   Sales receipts.
recipient who is not registered is prohibited from issuing an
ABST invoice to the recipient, but must, at the time of the supply,
issue a sales receipt to the recipient.
(2) A sales receipt must contain the information prescribed by
the Regulations.

**34.** (1) If   ABST credit and
                                                                 debit notes.

   *(a)*   a registered supplier has made a taxable supply to a
           registered recipient;

   *(b)*   an ABST adjustment event has occurred in relation
           to the supply;

   *(c)*   at the time of the supply, the supplier issued an origi-
           nal ABST invoice to the recipient; and

   *(d)*   the amount shown on that invoice as the ABST
           charged exceeds the ABST properly chargeable in

**A515**

ANTIGUA     54     *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

respect of the supply, the supplier must provide the recipient with an original ABST credit note.

(2) If

(a) a registered supplier has made a taxable supply to a registered recipient;

(b) an ABST adjustment event has occurred in relation to the supply;

(c) at the time of the supply, the supplier issued an original ABST invoice to the recipient; and

(d) the ABST properly chargeable in respect of the supply exceeds the amount shown on that invoice as the ABST charged, the supplier must provide the recipient with an original ABST debit note.

(3) An ABST credit or debit note must contain the information prescribed by the Regulations.

**Documentation issued by or to agents.**
**35.** (1) If a taxable supply is made by or to an agent on behalf of a principal and both the agent and principal are registered under this Act, any documentation required to be issued by or to the principal, including an ABST credit or debit note, may be issued by or to the agent, using the name, address, and TIN of the agent.

(2) If a taxable supply is made by or to an agent on behalf of a principal and the principal is registered under this Act but the agent is not registered, any documentation required to be issued by or to the principal, including an ABST credit or debit note, may be issued by or to the agent but must be issued using the name, address, and TIN of the principal.

(3) If a taxable supply is made by or to an agent on behalf of a non-resident principal who is not registered under this Act, any documentation required to be issued by or to the principal, including an ABST credit or debit note, must be issued by or to the agent, using the name, address, and TIN of the agent.

(4) If a taxable supply is made by or to an agent on behalf of a principal, any documentation required to be issued must be issued only once and must not be issued by or to both the agent and the principal.

**A516**

No. 5 of 2006.          *The Antigua and Barbuda Sales*          55      ANTIGUA
                        *Tax Act, 2006.*                                 AND
                                                                       BARBUDA

(5) A document issued by or to an agent in accordance with this Act is treated as issued by or to the principal for the purposes of this Act.

**36.** (1) A registered recipient who has not received an ABST invoice, ABST credit note, or ABST debit note that the supplier was required to issue, may make a written request to the supplier to issue the document.

<div style="float:right">Requests for ABST documentation.</div>

(2) A registered supplier must comply with a request under subsection (1) within 14 days of receiving the request.

(3) A request under subsection (1) cannot be made

*(a)*  for an ABST invoice, more than 60 days after the date on which the supply occurred; or

*(b)*  for an ABST credit or debit note, more than 60 days after the ABST adjustment event to which the credit or debit note relates.

**37.** (1) If the Regulations specify that prior approval is required from the Commissioner before ABST invoices, debit notes, or credit notes are issued, whether electronically or otherwise, no such document may be issued until the approval is obtained.

<div style="float:right">Prohibitions.</div>

(2) Only one original ABST invoice may be issued for a taxable supply, but the person who issued the original may provide a copy clearly marked as such to a registered recipient who claims to have lost the original.

(3) Only one original ABST credit or debit note may be issued for a particular ABST adjustment event in relation to a supply, but the person who issued the original may provide a copy clearly marked as such to a registered recipient who claims to have lost the original.

(4) It is an offence to issue an ABST invoice, ABST credit note, or ABST debit note in circumstances other than those specified in this Part.

**38.** The following documents must be retained by a registered person for the purposes of Part XIX of this Act

<div style="float:right">Retention of records</div>

ANTIGUA     56        *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                          *Tax Act, 2006.*
BARBUDA

*(a)*    a copy of all ABST invoices, ABST credit notes, and
ABST debit notes issued by the person, maintained
in chronological order;

*(b)*    all ABST invoices, ABST credit notes, and ABST
debit notes received by the person, whether origi-
nals or copies;

*(c)*    all customs documentation relating to imports and
exports of goods by the person; and

*(d)*    in relation to all imported services to which section
18 applies, sufficient written evidence to identify the
supplier and the recipient, and to show the nature
and quantity of services supplied, the time of sup-
ply, the place of supply, the consideration for the
supply, and the extent to which the supply has been
used by the recipient for particular purposes.

## PART X
## ABST RETURNS AND PAYMENTS

### *Division 1: ABST Payable on Returns*

ABST returns.      **39.** (1) A taxable person must lodge an ABST return for each
tax period no later than one calendar month after the end of the
period.

(2) An ABST return must

*(a)*    be lodged with the Commissioner;

*(b)*    be in the form prescribed by the Commissioner; and

*(c)*    contain the information specified in that form.

(3) On application in writing by a taxable person, the
Commissioner may grant that person permission to lodge an
ABST return after the date specified in subsection (1).

(4) A permission granted under subsection (3) does not alter
the due date for payment of ABST under section 41.

**A518**

No. 5 of 2006.     *The Antigua and Barbuda Sales*     57     ANTIGUA
                   *Tax Act, 2006.*                             AND
                                                            BARBUDA

(5) The Commissioner may, by notice in writing, require a person to file, whether on that person's own behalf or as agent or trustee of another person, such fuller or additional returns for a tax period as he requires, and such notice may be given even if the taxable person has not lodged an ABST return for the period.

**40.** (1) If a taxable person who has lodged an ABST return requests the Commissioner to amend the return, the Commissioner must amend the original return or accept lodgement of an amended return.

Amended returns.

(2) The request must be in writing, specifying in detail the grounds on which it is made, and must be made within three years after end of the tax period to which the return relates.

**41.** (1) The ABST payable by a taxable person to the Commissioner under section 27 is due and payable by the due date for lodgement of the ABST return for the tax period.

Due date for payment of ABST for a tax period

(2) The liability to pay an amount of ABST arises by operation of this section and does not depend on the Commissioner making an assessment of the ABST due.

(3) A person who fails to pay all or part of the ABST due for a tax period by the due date is liable to a late payment penalty equal to twenty percent of the amount of ABST due but not paid.

(4) A taxable person may request the Commissioner in writing to grant an extension, or a further extension, of time to pay the ABST due for a tax period and the Commissioner may, if he thinks it appropriate in the circumstances, grant the requested extension, or a different extension, or make other arrangements to ensure payment of the ABST, including arrangements requiring the person to pay the amount due in such instalments as he determines.

(5) If a person makes an application under subsection (4), the Commissioner must notify the person of his decision in writing within 7 days of receiving the application.

(6) If the Commissioner has granted an extension of time to pay an amount of ABST, or made other arrangements for payment of the ABST, the taxpayer's liability, if any, for a late payment penalty under subsection (3) is waived.

ANTIGUA     58      *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

(7) The grant of an extension of time, or the grant of permission to pay ABST due by instalments, does not prevent a liability for interest arising under section 61 from the original date the ABST was due for payment.

(8) If a taxpayer is permitted to pay ABST by instalments and the taxpayer defaults in payment of an instalment, the whole balance of the ABST outstanding at the time of the default becomes immediately payable.

(9) If the Commissioner has reasonable grounds to believe that a taxpayer may leave Antigua and Barbuda before the due date for payment of an amount of ABST, 'that ABST is due on the date specified by the Commissioner by notice in writing to the taxable person.

### *Division 2: ABST Payable on Imports*

Due date for
payment of
ABST on
imports.

**42.** (1) The ABST payable by an importer to the Comptroller of Customs in respect of a taxable import is due and payable at the time of the import.

(2) The liability to pay an amount of ABST arises by operation of this section and does not depend on the making of an assessment of the ABST due.

ABST Payable on
imports.

**43.** (1) The Comptroller of Customs

*(a)*   must collect the ABST due under this Act on an import of goods at the time of import and must at that time obtain the name and TIN for ABST purposes, if any, of the importer, the import declaration, and the invoice values in respect of the import; and

*(b)*   may make arrangements for such functions to be performed on his behalf in respect of imports through the postal services.

(2) An importer of goods is required, on entry of the goods into Antigua and Barbuda, to furnish the Comptroller with an import declaration and pay any ABST due on the import.

(3) An import declaration required under subsection (2) must—

No. 5 of 2006.          *The Antigua and Barbuda Sales*          59          ANTIGUA
                        *Tax Act, 2006.*                                    AND
                                                                           BARBUDA

   (a)   be in the form prescribed by the Comptroller;

   (b)   state the information necessary to calculate the ABST
        payable in respect of the import; and

   (c)   be furnished in the manner prescribed by the Comp-
        troller.

(4) Except where the contrary intention appears, the provisions relating to the import, transit, coastwise carriage, and clearance of goods, and the payment and recovery of duty in the Customs (Control and Management) Act, the Customs Duties Act, and any enactments amending those Acts, apply in relation to ABST payable on a taxable import under this Act as if that ABST were duty payable on imported goods, so far as those provisions are relevant, and with such exceptions, modifications, and adaptations as are necessary for the purpose of collecting ABST on taxable imports.

(5) The Comptroller of Customs may exercise any power conferred on him by any customs legislation as if the reference to duty in that legislation included a reference to ABST charged under this Act on an import of goods.

## PART XI
### REFUNDS

**44.** (1) If the calculation under section 27 results in a negative amount of ABST payable because the total input tax credits allowed in the tax period exceed the total output tax payable for the tax period          Refunds.

   (a)   the excess is carried forward and allowed as an input
        tax credit in the following tax period and any remain-
        ing amount not credited in that period is carried for-
        ward to the next tax period, and this process contin-
        ues until either—

      (i)   no amount remains; or

      (ii)   the amount, or part of it, has been carried
          forward for six consecutive tax periods after
          the tax period in which the excess arose; and

(b)    any amount that has not been credited after those six months must, on application in the form and manner prescribed by the Commissioner, be refunded to the person within three calendar months after the date of the application.

(2) If, in a particular tax period, a taxable person is allowed input tax credits because of more than one excess carried forward under subsection (1) from an earlier tax period, the excess credit from the earliest tax period is allowed first.

(3) Despite subsection (1), the Commissioner must, on application in the form and manner he prescribes, refund an excess within three calendar months after lodgement of the application

(a)    if, considering the person's turnover or predicted turnover from supplies made or to be made during the period of twelve calendar months consisting of the current month, the previous five months, and the following six calendar months—

(i)    50 per cent or more of the person's turnover is from supplies that are zero-rated exports; or

(ii)    50 per cent or more of the person's expenditure on inputs is from acquisitions or imports that relate to making supplies that are zero-rated exports; or

(b)    in any other case, the excess is due to some other feature of the taxable person's business that the Commissioner is satisfied regularly results in excess input tax credits.

(4) A taxable person who has erroneously overpaid ABST for a tax period may apply in writing to the Commissioner for an input tax credit equal to the amount overpaid and, if the Commissioner is satisfied that the amount was erroneously overpaid, he must allow the person an input tax credit for that amount, or for such other amount the Commissioner is satisfied was erroneously paid, in the tax period in which the Commissioner notifies the person of his decision.

No. 5 of 2006.    *The Antigua and Barbuda Sales*    61    ANTIGUA
                  *Tax Act, 2006.*                          AND
                                                        BARBUDA

(5) An application under subsection (4) must be made within 3 years from the end of the tax period to which the overpayment relates and the Commissioner must make a decision in relation to the application within 30 days of the date of the application, unless on or before that time the Commissioner commences an audit of the taxpayer in relation to that tax period.

(6) If a refund is payable to a person under this section, the Commissioner may apply it first in reduction of any interest or penalty payable by the person under this Act, or against payment of any other taxes, levies, or duties collected by the Commissioner including any unpaid amounts under the repealed taxes.

(7) Notwithstanding anything in this section, if the amount of an excess to be refunded is less than $100, it must continue to be carried forward into succeeding tax periods until it is reduced to nil.

(8) The Commissioner may authorise, subject to appropriate conditions and restrictions, the granting of a refund of part or all of the ABST incurred in relation to a taxable acquisition or a taxable import made by a public international organisation, foreign government, or any other person to the extent that organisation, government, or person is entitled to exemption from ABST under an international assistance agreement.

(9) A claim for a refund under subsection (8) must be made in the form and manner, and at the time prescribed by the Commissioner and must be accompanied by such supporting documentation as the Commissioner may require, including but not limited to:

    *(a)*   evidence that the ABST for which a refund was sought was incurred by the person, including customs documents, sales receipts, or other appropriate evidence;

    *(b)*   evidence of the person's entitlement to make the claim under subsection (8).

(10) Where the Commissioner does not pay a refund within the time required under this section, interest is payable by the Commissioner on the amount outstanding at the rate specified for the purpose of section 61 of this Act.

| ANTIGUA AND BARBUDA | 62 | *The Antigua and Barbuda Sales Tax Act, 2006.* | No. 5 of 2006. |
|---|---|---|---|

## PART XII
## ASSESSMENTS

Assessments.

**45.** (1) The Commissioner may make an assessment of the ABST payable by a taxable person if

    *(a)*   the Commissioner is not satisfied as to the accuracy of an ABST return lodged by the person;

    *(b)*   the person fails to lodge an ABST return as required under this Act; or

    *(c)*   the person has been paid a refund or allowed an input tax credit under section 44 to which the person is not entitled.

(2) If a person, other than a taxable person, makes a supply of goods or services and represents that ABST is charged on the supply, the Commissioner may make an assessment of ABST payable by the person in relation to that supply as if the person were a taxable person and the supply were a taxable supply.

(3) If a taxable person makes a supply of goods or services and the supply is not a taxable supply, or is a taxable supply charged with ABST at the rate of zero percent, and in either case, the taxable person represents that a positive rate of tax is charged on the supply, the Commissioner may make an assessment of ABST on that person as if the supply were a taxable supply.

(4) An amount assessed under subsection (2) or (3) is treated, for all purposes of this Act, as ABST payable under this Act unless, in the case of an amount assessed under subsection (3), the taxable person reasonably believed that ABST should have been applied at the positive rate and has since refunded to the recipient of the supply the ABST charged on the supply or has otherwise satisfied the Commissioner that the recipient was not disadvantaged and the taxable person was not advantaged by the mistake.

(5) For the purposes of making an assessment under this section, the Commissioner may estimate the amount of ABST payable by a person based on the information available to him.
(6) The Commissioner must serve notice of an assessment on the person assessed, stating

**A524**

No. 5 of 2006.          *The Antigua and Barbuda Sales*          63          ANTIGUA
                        *Tax Act, 2006.*                                     AND
                                                                            BARBUDA

    *(a)*    the reason for the assessment, the amount of ABST
payable as a result of the assessment, and the basis
on which that amount was determined;

    *(b)*    the date on which that ABST is due and payable,
which must be no less than 10 business days after
the date on which the notice is served; and

    *(c)*    the time, place, and manner of appealing the assess-
ment.

(7) The Commissioner may, within the timeframe specified in
subsection (9), amend the assessment by making such alterations
or additions to the assessment as he considers necessary, and
must serve a notice of the amended assessment on the person
assessed.

(8) An amended assessment is treated in all respects as an
assessment under this Act.

(9) The Commissioner may not make an assessment, including
an amended assessment

    *(a)*    in the case of an assessment under subsection (1)*(a)*,
more than six years after the end of the tax period to
which the assessment relates; or

    *(b)*    in the case of an assessment under subsection (1)*(c)*,
more than six years after the date on which the re-
fund was paid or, if an input tax credit was allowed,
more than six years after the end of the tax period in
which the credit was allowed, unless, in either case,
the taxable person committed fraud or wilful default
in furnishing the return for the tax period or in apply-
ing for the refund.

(10) The Commissioner may make an assessment at any time
if the assessment is made under subsection (1)*(b)*, (2), or (3).

(11) Nothing in subsection (9) prevents the amendment of an
assessment to give effect to a decision of the Appeal Board or a
Judge.

ANTIGUA   64        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

(12) Nothing in this section prevents any interest or penalty payable

*(a)*    in respect of ABST assessed under subsection (1)*(a)* and *(b)*, from being computed from the original due date for payment of the ABST as determined under section 41;

*(b)*    in respect of ABST assessed under subsection (1)*(c)* in relation to an application for a refund, from being computed from the date on which the refund was paid; or

*(c)*    in respect of ABST assessed under subsection (2) or (3), from being computed from the date on which payment of the ABST would have been due under section 41 if the supply had been a taxable supply.

Assessment   of    **46.** (1) If a supplier has incorrectly treated a taxable supply as
recipient.          an exempt or zero-rated supply because of misrepresentation or fraud by the recipient of the supply, the Commissioner may assess the recipient of the supply for payment of the ABST due in respect of the supply, including any interest or penalty payable as a result of the late payment of the ABST, and the assessment is treated as an assessment of ABST payable by the recipient for all purposes of this Act, whether or not the recipient is a taxable person.

(2) The Commissioner must serve notice of the assessment on the recipient specifying

*(a)*    the reason for the assessment;

*(b)*    the amount of ABST payable as a result of the assessment;

*(c)*    the date on which that ABST is due and payable; and

*(d)*    the time, place, and manner of objecting against the assessment.

(3) Subsection (1) does not preclude the Commissioner from recovering from the supplier the ABST, interest, or penalty due in respect of the supply and

**A526**

No. 5 of 2006.   *The Antigua and Barbuda Sales*   65   ANTIGUA
*Tax Act, 2006.*   AND
BARBUDA

(a)   the Commissioner may recover part of the ABST payable on the supply from the supplier and part from the recipient; but

(b)   the Commissioner cannot recover more than the total amount of ABST, interest, and penalty payable in relation to the supply.

(4) If a supplier who incorrectly treated a taxable supply as an exempt or zero-rated supply because of misrepresentation or fraud by the recipient of the supply has paid to the Commissioner any amount of the ABST, interest, or penalty in respect of the supply, the supplier may recover that amount from the recipient of the supply.

**47.** (1) In this section

Negation of tax
benefit from a
scheme.

"scheme" includes a course of action and an agreement, arrangement, promise, plan, proposal, or undertaking, whether express or implied and whether or not legally enforceable; and

"tax benefit" includes

(a)   a reduction in the liability of a person to pay ABST;

(b)   an increase in the entitlement of a person to an input tax credit, including an increase in an excess carried forward;

(c)   an entitlement to a refund;

(d)   a postponement of liability for the payment of ABST;

(e)   an acceleration of entitlement to a deduction for input tax;

(f)   any other benefit arising because of a delay in payment of tax or an acceleration of entitlement to a deduction for input tax;

(g)   anything that causes what is in substance and effect a taxable supply or import not to be a taxable supply or import; or

**A527**

ANTIGUA    66    *The Antigua and Barbuda Sales*    No. 5 of 2006.
AND                    *Tax Act, 2006.*
BARBUDA

(h)   anything that gives rise to an input tax credit entitle-
ment for an acquisition or import that is in substance
and effect an acquisition used or to be used for a
purpose other than that of making taxable supplies.

(2) Notwithstanding anything in this Act, if the Commissioner
is satisfied that a scheme has been entered into or carried out
and

(a)   a person has obtained a tax benefit in connection
with the scheme in a manner that constitutes a mis-
use or abuse of the provisions of this Act; and

(b)   having regard to the substance of the scheme, it
would be concluded that    the person, or one of the
persons, who entered into or carried out the scheme
did so for the sole or dominant purpose of enabling
the person to obtain the tax benefit, the Commis-
sioner may determine the liability of the person who
has obtained the tax benefit as if the scheme had not
been entered into or carried out.

(3) For the purposes of determining a person's liability under
subsection (2), and for the purposes of ensuring the prevention
or reduction of the tax benefit, the Commissioner may do any of
the following

(a)   treat a particular event that actually happened as not
having happened;

(b)   treat a particular event that did not actually happen
as having happened and, if appropriate, treat the
event as:

(i)    having happened at a particular time; and

(ii)   having involved particular action by a
particular person;

(c)   treat a particular event that actually happened
as:

(i)    having happened at a time different from the
time it actually happened; or

**A528**

No. 5 of 2006.  *The Antigua and Barbuda Sales*  67  ANTIGUA
*Tax Act, 2006.*  AND
BARBUDA

    *(ii)*   having involved particular action by a particular person (whether or not the event actually involved any action by that person).

(4) If the Commissioner makes a determination under subsection (2), he must notify the person of his determination either by serving notice of the determination on the person or by issuing an assessment to the person in relation to one or more tax periods.

**48.** (1) The original or a certified copy of a notice of assessment is receivable in proceedings as conclusive evidence that the assessment has been duly made and, except in proceedings in relation to the assessment under Part XVIII of this Act, that the amount and all particulars of the assessment are correct.

General provisions relating to assessments.

(2) No assessment purporting to be made, issued, or executed under this Act may be

    *(a)*   quashed or deemed to be void or voidable for want of form; or

    *(b)*   affected by reason of mistake, defect, or omission therein, if it is, in substance and effect, in conformity with this Act and the person assessed or intended to be assessed is designated in it according to common understanding.

## PART XIII
## POWERS AND DUTIES OF THE COMMISSIONER

**49.** (1) The Commissioner has the responsibility for the general administration of this Act and for carrying out the provisions of this Act.

Powers and Duties of the Commissioner.

(2) The power to carry out a duty or function required of the Commissioner under this Act, including that of carrying out the responsibilities under subsection (1), is conferred on the Commissioner.

(3) The Commissioner may prepare documents outlining the way in which he will administer this Act and his understanding of how the Act applies, and may designate such documents as

ANTIGUA   68     *The Antigua and Barbuda Sales*     No. 5 of 2006.
AND
BARBUDA                    *Tax Act, 2006.*

being only for internal use by taxation officers or may, if he thinks appropriate, publish such documents for the information of taxpayers.

(4) A document referred to in subsection (3) is not binding for the purposes of this Act, and in the performance of his responsibilities under this Act, the Commissioner may at any time withdraw the document in whole or in part, or administer this Act in a manner that is not in conformity with the document.

*Secrecy.*     **50.** (1) Except as provided in this section, the Commissioner or a taxation officer carrying out the provisions of this Act must not

    *(a)*    disclose to a person any matter in respect of another person that may come to the officer's knowledge in the exercise of his powers or the performance of his duties under the said provisions; nor

    *(b)*    permit a person to have access to records in the possession or custody of the Commissioner, except in the exercise of the officer's powers or the performance of the officer's duties under this Act or by order of a court.

(2) Nothing in this section prevents the Commissioner from

    *(a)*    disclosing information to a person in the service of a revenue or statistical department of the Government of Antigua and Barbuda, so long as such disclosure is necessary for the performance of that person's official duties and the information disclosed does not identify a specific person; or

    *(b)*    disclosing documents or information

        *(i)*    if the disclosure is necessary for the purposes of this Act or another revenue law;

        *(ii)*    if a person is authorised by an enactment to receive such information; or

        *(iii)*    if the information is disclosed to the competent authority of the government of another country with which Antigua and Barbuda has

Case 15-1595, Document 51, 08/27/2015, 1586809, Page75 of 152

No. 5 of 2006.      *The Antigua and Barbuda Sales*    69    ANTIGUA
                *Tax Act, 2006.*                       AND
                                                  BARBUDA

entered into an agreement for the avoidance of double taxation or for the exchange of information, to the extent permitted under that agreement or under a law.

(3) A person receiving documents and information disclosed in accordance with subsection (2) must keep them secret under the provisions of this section, except to the minimum extent necessary to achieve the purpose for which the disclosure was made.

(4) The Commissioner may use documents or information obtained in the performance of his duties under this Act for the purposes of any other revenue law administered by the Minister, the Commissioner, or the Comptroller of Customs.

(5) If a person consents in writing, information concerning that person may be disclosed to another person.

(6) The Commissioner may disclose information concerning a taxpayer's affairs to a person claiming to be the taxpayer or the taxpayer's authorised representative only after obtaining reasonable assurance of the authenticity of the claim.

51. (1) For the purposes of securing payment of ABST that is or may become due, the Commissioner may, by notice in writing, require a person to give security in such amount and manner as the Commissioner thinks fit, by the date specified in the notice.     *Power to require security.*

(2) A person who is required to give security under subsection (1) must give the security in the amount and manner and on the date specified in the notice.

(3) If security has been given in cash and the Commissioner is satisfied that the security is no longer required, the Commissioner must apply the amount of the security in the following order—

     *(a)*     first in reduction of any interest or penalty payable by the person under this Act;

     *(b)*     then against any ABST due and payable by the person;

ANTIGUA    70          *The Antigua and Barbuda Sales*          No. 5 of 2006.
AND                         *Tax Act, 2006.*
BARBUDA

    (c)    then against payment of any other taxes, levies, or duties collected by the Commissioner, including any unpaid amounts under the repealed taxes, and any amount remaining must be refunded to the person who gave the security.

    (4) A decision under subsection (1) may be challenged only under Part XVIII of this Act.

**Power to seize goods.**

**52.** (1) The Commissioner may enter a place and seize goods in respect of which the Commissioner has reasonable grounds to believe that ABST that is or will become payable in respect of the supply or import of the goods has not been or will not be paid.

    (2) Goods seized under subsection (1) must be stored in a place approved by the Commissioner for that purpose.

    (3) As soon as practicable after a seizure of goods under subsection (1), the Commissioner must serve notice of the seizure on

    (a)    either

        (i)    the owner of the goods; or

        (ii)    the person who had custody or control of the goods immediately before seizure; or

    (b)    if, after making reasonable enquiries, he cannot obtain sufficient information to identify a person referred to in paragraph

    (a),    a person claiming the goods who provides sufficient information to enable such notice to be served, and if no such person claims the goods, the Commissioner is not required to serve the notice.

    (4) A notice under subsection (3) must be in writing and must

    (a)    identify the goods seized;

    (b)    state that the goods have been seized under this section and the reason for the seizure; and

No. 5 of 2006.  *The Antigua and Barbuda Sales*  71   ANTIGUA
               *Tax Act, 2006.*                          AND
                                                      BARBUDA

    *(c)*   set out the terms of subsections (5), (6), and (7).

(5) The Commissioner may authorise the delivery of goods seized under subsection (1) to the person on whom a notice under subsection (3) has been served, if that person has, to the satisfaction of the Commissioner:

    *(a)*   given, or made an arrangement to give, security for payment of the ABST that is due or may become payable in respect of the supply or import of the goods; or

    *(b)*   agreed to pay by instalments the ABST that is due or may become payable in respect of the supply or import of the goods.

(6) If subsection (5) does not apply, the Commissioner may detain the goods seized under subsection (1)

    *(a)*   in the case of perishable goods, for such period as the Commissioner considers reasonable having regard to the condition of the goods; or

    *(b)*   in any other case, for 21 days after the seizure of the goods, and thereafter the Commissioner may sell the goods by public auction or in such other manner as the Commissioner may determine.

(7) The proceeds of a disposal of goods under subsection (6) must be applied as follows

    *(a)*   first toward the cost of seizing, keeping, and selling the goods;

    *(b)*   then towards payment of the ABST due in respect of the supply or import of the goods seized, including any interest or penalties thereon; and

    *(c)*   the balance, if any, must be paid to the owner of the goods.

(8) Nothing in this section precludes the Commissioner from proceeding under Part XVII of this Act with respect to any balance owed, if the proceeds of disposal are not sufficient to meet the costs referred to in subsection (7)*(a)* and *(b)*.

ANTIGUA    72     *The Antigua and Barbuda Sales*      No. 5 of 2006.
AND                    *Tax Act, 2006.*
BARBUDA

Delegation.     **53.** (1) The Commissioner may delegate in writing a duty, power, or function conferred on him under this Act other than:

> *(a)*   the power of delegation conferred by this subsection; and

> *(b)*   the power to sanction prosecutions conferred by section 74.

(2) A delegation under this section does not prevent the exercise of such power, duty, or function by the Commissioner himself.

(3) The Commissioner may, at any time, revoke in writing a delegation under this section.

## PART XIV
## MISCELLANEOUS

Branches   and     **54.** (1) Except as provided in section 18(4), a taxable activity
divisions     conducted by a taxable person in branches or divisions is a single taxable activity for the purposes of this Act.

(2) A person who conducts a taxable activity in branches or divisions must be registered in the name of the person and not in the names of the branches and divisions.

Actions of     **55.** (1) For the purposes of this Act, anything done or engaged
partners,     in by a person in the capacity as an officer of an unincorporated
trustees, and     body of persons is treated as being done by the unincorporated
members of     body and not by the officer.
unincorporated
persons

(2) Without limiting subsection (1), examples of things done or engaged in by a person include:

> *(a)*   carrying on a taxable activity or part of the activity;

> *(b)*   making a supply, import, or acquisition in the course or furtherance of the taxable activity carried on by the body;

> *(c)*   receiving service of a notice;

> *(d)*   lodging a return;

No. 5 of 2006.   *The Antigua and Barbuda Sales*   73   ANTIGUA
*Tax Act, 2006.*   AND
BARBUDA

   *(e)*   providing information; or

   *(f)*   any other action by the person.

**56.** (1) An amount taken into account under this Act must be   Currency.
expressed in Eastern Caribbean Currency.

   (2) If an amount is expressed or paid in a currency other than
Eastern Caribbean Currency

   *(a)*   if the amount relates to an import of goods, it must
be converted into Eastern Caribbean Currency at the
exchange rate applicable under the Customs (Con-
trol and Management) Act for the purposes of com-
puting the customs duty payable on the import; and

   *(b)*   if no such provisions apply, and in any other case,
the amount must be converted to Eastern Caribbean
Currency at the Eastern Caribbean Central Bank mid-
exchange rate applying between the foreign currency
and Eastern Caribbean Currency on the date the
amount is taken into account for the purposes of
this Act.

**57.** (1) A price charged by a taxable person in respect of a   ABST-inclusive
taxable supply includes an amount representing the ABST   pricing.
chargeable on that supply, whether or not the person included
an amount for ABST when determining the price, stated that the
price included an amount for ABST, or otherwise took ABST
into account in setting the price.

   (2) A price advertised or quoted by a taxable person in respect
of a taxable supply must include the ABST payable on the supply,
and the advertisement or quotation must also separately state
the amount of the ABST payable.

   (3) Despite subsection (2), price tickets on goods need not
separately state the amount of ABST included in the price if a
notice stating that prices include ABST is prominently displayed
at or near the entrance to the premises where the goods are
offered for sale and at the place where payments are effected.

   (4) A taxable person advertising or quoting a price may include
a statement of the ABST-exclusive price in the advertisement or

**A535**

ANTIGUA 74 *The Antigua and Barbuda Sales* No. 5 of 2006.
AND *Tax Act, 2006.*
BARBUDA

quotation only if the ABST-inclusive price is stated with equal or greater prominence.

(5) The Commissioner may, in relation to a taxable person or a class of taxable persons, approve another method of displaying prices for taxable supplies, including, but only in the case of supplies made to other taxable persons, a method involving ABST-exclusive pricing.

Regulations **58.** (1) The Minister may, with the consent of Cabinet, make regulations–

    *(a)* for any matter that this Act requires or allows to be prescribed by regulations; or

    *(b)* for any matter that is necessary or convenient to be prescribed in order to better carry out or give effect to the purposes of the Act.

(2) Without limiting the generality of subsection (1), such regulations may provide for—

    *(a)* transitional or saving provisions consequent on the coming into force of the Act or on any change in the tax rate or tax base under the Act;

    *(b)* the collection of output tax in respect of taxable sup-plies made by retailers;

    *(c)* simplified methods for calculating the net ABST pay-able to the Commissioner by small businesses;

    *(d)* refunding to visitors the tax paid on gifts, souvenirs, or other goods to be consumed outside Antigua and Barbuda, if the total value of such goods acquired in the course of one visit to Antigua and Barbuda ex-ceeds one thousand dollars;

    *(e)* provisions to remedy (in manner and or form) any deficiency in this Act arising from the absence or insufficiency of provisions to deal with any thing that is necessary to give effect to the Act;

    *(f)* ensuring that the provisions of the Act do not inap-propriately result in the application of ABST more

Case 15-1595, Document 51, 08/27/2015, 1586809, Page81 of 152

No. 5 of 2006.        *The Antigua and Barbuda Sales*        75   ANTIGUA
                      *Tax Act, 2006.*                            AND
                                                              BARBUDA

than once (or, unless clearly intended by the Act, less than once) to a particular type of transaction;

*(g)* ensuring that this Act operates as a multi-stage, value added tax on consumption in Antigua and Barbuda at the appropriate rate of tax;

*(h)* prescribing the duties and functions of officers and other persons appointed or employed under the Act;

*(i)* prescribing the form of returns to be made, the particulars to be included in the returns, the persons by whom, and the time when or within which such returns are to be made;

*(j)* prescribing the forms of assessments, notices, and other documents that are referred to in the Act or are necessary in order to give effect to the Act;

*(k)* providing for any matter that is contemplated by or necessary for giving full effect to the provisions of the Act and for the due administration the Act.

(2) Subject to subsection (3), regulations made under this Act are subject to an affirmative resolution of the Parliament.

(3) The specification and description of the nature and form of filing and documentation requirements and approved forms may be issued by the Minister as Regulations or by way of notice in the *Gazette.*

## PART XV
## REGISTRATION
## ON COMMENCEMENT OF ABST

**59.** (1) A person is required to apply to the Commissioner for registration under this Act no later than one calendar month before the commencement day referred to in section 1(2) if, considering the total value of supplies made or to be made by the person in the course or furtherance of the person's taxable activity, the person would have been required to apply for registration under section 9 on or before that day if this Act had come into force 12 calendar months before that day.

Registration
at the
commencement
of ABST.

**A537**

Case 15-1595, Document 51, 08/27/2015, 1586809, Page82 of 152

(2) A person who is not required to be registered under subsection (1) is required to apply for registration under this Act on any subsequent day before the day referred to in section 1(2), if on that day section 9(1)(c) would have applied to that person if this Act had come in force 12 calendar months before that day.

(3) Notwithstanding section 10, if a person is required to apply for registration under subsection (1) or (2) of this section, the date of effect of the registration is the date of commencement of this Act.

(4) If, prior to the date on which this section commenced—

(a)    a person purported to lodge an application for registration under this Act;

(b)    the Commissioner purported to register a person under this Act;

(c)    the Commissioner purported to issue a person with a TIN; or

(d)    the Commissioner purported to issue an Antigua and Barbuda Sales Tax Registration Certificate under this Act, the application, registration, TIN, or certificate, as applicable, is treated for all purposes as if it were made on the date of commencement of this section.

(5) If the Commissioner is satisfied that a person is required to apply for registration under subsection (1) or (2) and the person has not applied for registration as required, the Commissioner may register that person unless the person is a non-resident to whom section 9(6) applies.

No voluntary registration during transition period.    **60.** (1) Despite section 10(4)(b), if a person applies for registration under section 9(7) and the person is not required to be registered, the Commissioner may not register the person with a date of effect earlier than such date, if any, as the Minister may by Order appoint as being the date from which voluntary registration will be allowed.

(2) Subsection (1) does not prevent the Commissioner, before the day referred to in that subsection, receiving or processing

No. 5 of 2006.          *The Antigua and Barbuda Sales*          77      ANTIGUA
                               *Tax Act, 2006.*                           AND
                                                                        BARBUDA

such applications for registration, so long as the date of effect
of the registration is on or after that day.

### PART XVI
### INTEREST, PENALTIES, AND OFFENCES

#### *Division 1: Interest*

**61.** (1) A person who fails to pay ABST payable to the | Interest on late
Commissioner or the Comptroller under this Act on or before the | payments.
due date for payment is liable for interest at the rate of one per
cent per month on the amount unpaid, calculated from the date
the payment was due to the date the payment is made.

(2) Interest payable by a person under subsection (1) may be
recovered by the Commissioner under the Inland Revenue
Administration Act as if it were tax payable by the person,
provided that section 9 of that Act does not apply in relation to
amounts payable under this Act.

(3) If a person has paid interest under subsection (1) and an
amount to which the interest relates is found not to have been
payable, the interest paid on that amount must be refunded to
the person.

(4) Interest payable under this section is payable in addition
to the late payment penalty imposed under section 41(3) and
any penalty imposed under Division 2 or fine imposed under
Division 3 in respect of the non-payment of the amount.

#### *Division 2: Administrative Penalties*

**62.** (1) No penalty is payable under this Division by a person | General
who has been convicted of an offence under Division 3 in respect | provisions.
of the same act or omission, or if the offence has been
compounded under section 90.

(2) If a penalty under this Division has been paid and the
Commissioner institutes a prosecution proceeding under
Division 3 in respect of the same act or omission, the
Commissioner must refund the amount of the penalty paid, and
the penalty is not payable unless and until the prosecution is
withdrawn.

**A539**

Case 15-1595, Document 51, 08/27/2015, 1586809, Page84 of 152

(3) A person's liability for a penalty under a section in this Division is separate and distinct from the person's liability, if any, for a penalty under another section in this Division.

(4) The Commissioner may make an assessment of a penalty charged under this Division as if the penalty were ABST payable under this Act, and may specify the date on which the penalty is payable, which must not be less than 14 days from the date on which the notice of assessment was issued.

(5) A notice of an assessment of a penalty imposed under this Division must be served on the person subject to the penalty and must state the amount of the penalty payable, the provision under which it is payable, and the due date for payment, and on service of the notice

*(a)*   the notice and the assessment are treated as if they were a notice and assessment of ABST payable under this Act;

*(b)*   the amount of the penalty specified in the notice is treated as ABST payable under this Act; and

*(c)*   the due date for payment is the date specified in the notice.

(6) A person's liability to pay a penalty under this Division arises on the making of an assessment by the Commissioner under subsection (5).

(7) The time limit for assessing a penalty under this Division is:

*(a)*   if the amount of the penalty may be calculated by reference to the ABST payable for a tax period, whether or not it has been calculated in that way, the same time limit as applies for assessing the ABST to which the penalty relates; or

*(b)*   in any other case:

*(i)*   if the penalty is payable because of the doing of an act, within three years after the Commissioner has become aware of the act;

Case 15-1595, Document 51, 08/27/2015, 1586809, Page85 of 152

*(ii)*   if the penalty is payable because of the failure to do an act, within three years after the Commissioner has become aware of such failure;

*(iii)*   if the penalty is payable because of the non-disclosure or incorrect disclosure by a person of information relating to that person's liability to ABST for a tax period, within three years after the person's correct liability to ABST has become final for that tax period.

(8) Where this Division makes a penalty payable for each day, month, or other period during which a particular state of affairs exists or continues, the penalty is payable in full for part of such day, month, or other period in which the state of affairs commences, continues, or ends.

(9) The Commissioner may, of his own volition or on application in writing by a person liable to pay a penalty under this Division, remit the penalty in whole or part if he is satisfied that there is good cause to do so.

**63.** (1) A person who, being required to apply for registration under section 9(1), 9(4), 9(5), or 59, does not do so, is liable to a penalty equal to double the amount of ABST payable by the person from the day on which the person was required to apply for registration until the person files an application or is registered by the Commissioner, whichever is earlier. *Failure to apply for registration.*

(2) If a person is required to be registered only because it is a resident agent acting for a non-resident who is registered:

*(a)*   the penalty payable by the agent under subsection (1) is payable only in respect of supplies made by the agent in its own right, and does not apply to the supplies made by the agent on behalf of the principal; and

*(b)*   the principal is liable for a penalty under subsection (1) in respect of supplies made by the agent on its behalf during that period, unless the principal believed on reasonable grounds that the agent was registered under this Act.

ANTIGUA       80       *The Antigua and Barbuda Sales*       No. 5 of 2006.
AND                         *Tax Act, 2006.*
BARBUDA

(3) No penalty is payable under subsection (1) by a non-resident supplier if section 9(6) applies to the supplier, and if, in the case of taxable supplies made by the supplier through one or more resident agents either

    *(a)*    all of the agents are registered under this Act; or

    *(b)*    the supplier believed on reasonable grounds that all of the agents were registered under this Act.

**Failure to display registration certificate**

**64.** (1) A person who fails to display its Antigua and Barbuda Sales Tax Registration Certificate or a certified copy thereof issued by the Commissioner, whichever is applicable, as required by section 10(7) is liable for a penalty of $50 per day for each day on which the failure occurs.

**Failure to notify changes affecting registration, or to apply for cancellation of registration**

**65.** A person who fails to notify the Commissioner as required by section 10(8), or to apply for cancellation of its registration as required by section 11(1), is liable for a penalty not exceeding $1,000.

**TIN, ABST invoice, credit note, debit note, or sales receipt**

**66.** (1) A person is liable for a penalty not exceeding $25,000 if the person:

    *(a)*    uses a false TIN or a TIN that does not apply to the person;

    *(b)*    issues a false ABST invoice, ABST credit note, ABST debit note, or sales receipt; or

    *(c)*    provides, or fails to provide, an ABST invoice, ABST credit note, ABST debit note, or sales receipt otherwise than as provided for in Part IX.

(2) A supplier is not liable for a penalty under paragraph 1*(b)* or *(c)* only because information relating to the recipient of the supply, which was relevant to the issue of, or required to be included in, the ABST invoice, debit or credit note, or sales receipt (including, but not limited to, information about the registration status or TIN of the person) was incorrect, if the person, having exercised all due care, believes on reasonable grounds that the information relating to the recipient was accurate.

**A542**

No. 5 of 2006.      *The Antigua and Barbuda Sales*      81      ANTIGUA
                    *Tax Act, 2006.*                             AND
                                                            BARBUDA

(3) A supplier is not liable for a penalty under paragraph 1*(c)* if the person, having exercised all due care, believes on reasonable grounds that the recipient of the supply for which a ABST invoice, debit or credit note, or sales receipt was required to be issued was or was not a registered person.

67. A person who fails to file an ABST return by the due date is liable for a penalty equal to the greater of:

> Failure to file return.

*(a)*   $500; or

*(b)*   5 per cent of the ABST payable for the period to which the return relates, for each month in which the return remains outstanding, until the return is filed or an assessment is issued in respect of the period to which the return relates.

68. A person who fails to comply with a notice issued under section 13A of the Inland Revenue Administration Act in relation to an amount of ABST payable under this Act is liable for a penalty not exceeding 25 per cent of the amount sought to be recovered from the person.

> Failure to comply with notice for recovery of ABST

69. A person who fails to maintain proper records as required by sections 38 and 97 is liable for a penalty of $50 per day for each day the failure continues.

> Failure to keep records

70. A person who fails to provide a taxation officer with reasonable facilities and assistance as required by section 99(4) is liable for a penalty not exceeding $1,500.

> Failure to provide facilities

71. A person who fails to comply with a notice issued under section 98(1) within the specified time is liable for a penalty not exceeding $1,000.

> Failure to comply with notice to give information

72. A person who contravenes the requirements of section 57 in relation to the advertising or quotation of prices for taxable supplies is liable for

> Non-compliance with ABST-inclusive price quotation requirements

*(a)*   an initial penalty of $500; and

*(b)*   a further penalty of $50 for each day the breach continues after the person has received a written warning from the Commissioner to correct the breach.

ANTIGUA 82 *The Antigua and Barbuda Sales* No. 5 of 2006.
AND *Tax Act, 2006.*
BARBUDA

Penalty for
making false or
misleading
statements

**73.** (1) A person who makes a statement to a taxation officer that is false or misleading in a material particular is liable for a penalty under this section if an amount properly payable by the person under this Act exceeds the amount that would be payable if the person were assessed on the basis that the statement were true.

(2) The amount of the penalty for which the person is liable is the greater of $250 and ¾

    *(a)* if an amount payable by the person would have been less if it were determined on the basis of the information provided in the statement, the amount by which that amount would have been so reduced; or

    *(b)* in a case where the amount of a refund that the person applied for would be increased if it were determined on the basis of the information provided in the statement, the amount by which that amount would have been so increased.

(3) No penalty is imposed under this section if the person who made the statement did not know and could not reasonably be expected to know that the statement was false or misleading in a material particular.

(4) A reference in this section to a statement made to a taxation officer includes a reference to a statement made orally, in writing, or in another form to that officer acting in the performance of the officer's duties under this Act, and includes a statement made

    *(a)* in an application, certificate, declaration, notification, return, objection, or other document made, prepared, given, filed, lodged, or furnished under this Act;

    *(b)* in any information required to be furnished under this Act;

    *(c)* in a document furnished to a taxation officer otherwise than pursuant to this Act;

    *(d)* in an answer to a question asked of a person by a taxation officer; or

No. 5 of 2006.     *The Antigua and Barbuda Sales*    83    ANTIGUA
                   *Tax Act, 2006.*                            AND
                                                             BARBUDA

     *(e)*    to another person with the knowledge or reasonable expectation that the statement would be conveyed to a taxation officer.

    (5) A reference in this section to a statement that is misleading in a material particular includes a reference to a statement that is so because of the omission of any matter or thing from the statement.

### Division 3: Criminal Offences

    **74.** (1) Subject to the powers of the Director of Public Prosecutions under the Constitution, no criminal proceedings in respect of an offence under this Act may be commenced except with the sanction of the Commissioner.

Sanction for prosecution.

    (2) Criminal proceedings under this Act must be commenced in the name of the Commissioner.

    **75.** Proceedings under this Division may be commenced.

Time limit for proceedings to be taken.

     *(a)*    if the offence alleged has involved the doing of an act, within three years after the doing of the act;

     *(b)*    if the offence alleged has involved the failure to do an act, within three years after the Commissioner has become aware of such failure; or

     *(c)*    if the offence alleged has involved the non-disclosure or incorrect disclosure by a person of information relating to that person's liability to ABST for a tax period, within three years after the person's correct liability to ABST has become final for that tax period.

    **76.** (1) A person who is required to apply for registration under section 9(1), 9(4), 9(5), or 59 and does not do so commits an offence and is liable on conviction to a fine not exceeding $10,000 or imprisonment for a term not exceeding 2 years, or both.

Failure to apply for registration.

    (2) Subsection (1) does not apply to a non-resident supplier if section 9(6) applies to the supplier, and if, in the case of taxable supplies made by the supplier through one or more resident agents, either.

ANTIGUA
AND
BARBUDA

84

*The Antigua and Barbuda Sales
Tax Act, 2006.*

No. 5 of 2006.

    *(a)*   all of the agents are registered under this Act; or

    *(b)*   the supplier believed on reasonable grounds that all of the agents were registered under this Act.

**Failure to display registration certificate.**

**77.** (1) A person who fails to display the person's Antigua and Barbuda Sales Tax Registration Certificate or a copy thereof (whichever is applicable) as required by section 10(7) commits an offence and is liable on conviction to a fine not exceeding $10,000 or imprisonment for a term not exceeding 2 years, or both.

**Failure to notify changes affecting registration, or to apply for cancellation of registration.**

**78.** A person who fails to notify the Commissioner as required by section 10(8), or to apply for cancellation of its registration under section 11(1), commits an offence and is liable on conviction to a fine not exceeding $10,000 or imprisonment for a term not exceeding 2 years, or both.

**Offences on cancellation of registration.**

**79.** A person who fails to comply with section 11(8)*(a)*, *(b)*, or *(c)* commits an offence and is liable on conviction to a fine not exceeding $10,000 or imprisonment for a term not exceeding 2 years, or both.

**ABST invoice, credit note, debit note, or sales receipt.**

**80.** A person commits an offence and is liable on conviction to a fine not exceeding $25,000 or to imprisonment for a term not exceeding 2 years, or both if the person:

    *(a)*   uses a false TIN or a TIN that does not apply to the person;

    *(b)*   issues a false ABST invoice, ABST credit note, or ABST debit note; or

    *(c)*   provides, or fails to provide, an ABST invoice, ABST credit note, or ABST debit note, otherwise than as provided for in Part IX.

(2) A supplier is not guilty of an offence under paragraph 1*(b)* or *(c)* only because information relating to the recipient of the supply, which was relevant to the issue of, or required to be included in, the ABST invoice, debit or credit note, or sales receipt (including, but not limited to, information about the registration status or TIN of the person) was incorrect, if the person, having exercised all due care, believes on reasonable

No. 5 of 2006.         *The Antigua and Barbuda Sales*         85      ANTIGUA
                          *Tax Act, 2006.*                             AND
                                                                   BARBUDA

grounds that the information relating to the recipient was accurate.

(3) A supplier is not guilty of an offence under paragraph 1*(c)* if the person, having exercised all due care, believes on reasonable grounds that the recipient of the supply for which a ABST invoice, debit or credit note, or sales receipt was required to be issued was or was not a registered person.

**81.** A person who wilfully evades, or attempts to evade the assessment, payment, or collection of ABST commits an offence and is liable on summary conviction to a fine not exceeding $25,000, or to imprisonment for a term not exceeding two years, or both.

Tax evasion.

**82.** (1) A person who wilfully impedes or attempts to impede the Commissioner in the administration of this Act commits an offence and is liable on summary conviction to a fine not exceeding $10,000, or to imprisonment for a term not exceeding six months, or both.

Impeding tax administration

(2) A person impedes the administration of this Act if the person—

    *(a)*  fails to comply with a lawful request by a taxation officer to examine documents, records, or data within the control of the person;

    *(b)*  fails to comply with a lawful request by the Commissioner to have the person appear before a taxation officer authorised by the Commissioner;

    *(c)*  interferes with the lawful right of a taxation officer to enter onto a business premises or a dwelling unit; or

    *(d)*  otherwise impedes the determination, assessment, or collection of ABST.

**83.** A person who contravenes section 50 commits an offence and is liable on summary conviction to a fine not exceeding $10,000, or to imprisonment for a term not exceeding six months, or both.

Failure to preserve secrecy.

**84.** A person who improperly claims a refund under section 44 commits an offence and is liable on summary conviction to a

Improper claim for refund.

**A547**

ANTIGUA   86
AND
BARBUDA

*The Antigua and Barbuda Sales
Tax Act, 2006.*

No. 5 of 2006.

fine not exceeding $10,000, or to imprisonment for a term not exceeding six months, or both.

**Offences by taxation officers.**

**85.** A taxation officer who, in carrying out the provisions of this Act.

    *(a)*    directly or indirectly asks for, or takes, in connection with the officer's duties, a payment or reward, whether pecuniary or otherwise, or a promise or security for such payment or reward, not being a payment or reward which the officer was lawfully entitled to receive; or

    *(b)*    enters into or acquiesces in an agreement to do, abstain from doing, permit, conceal, or connive at an act or thing that is contrary to the provisions of this Act or to the proper execution of the officer's duty, or that has the effect that the tax revenue is or may be defrauded, commits an offence and is liable on conviction to a fine not exceeding $25,000 or to imprisonment for a term not exceeding two years, or both, and the Court may, in addition to imposing a fine, order the convicted person to pay to the Commissioner an amount of ABST that has not been paid as a result of the officer's wrongdoing and which cannot be recovered from the person liable for the ABST.

**Failure to pay security.**

**86.** A person who is required to pay security under section 51 commits an offence if the security is not paid within the time allowed for payment and on summary conviction is liable to a fine not exceeding $10,000 or imprisonment for a term not exceeding two years or to both.

**Offences under the Regulations.**

**87.** The Regulations may prescribe specific offences for breach of the Regulations, and for the penalties for such breaches, but such penalties may not exceed a fine of ten thousand dollars and imprisonment for a term of one year.

**Offences by companies.**

**88.** (1) If an offence under this Act has been committed by a company, every person who at the time of the commission of the offence.

**A548**

No. 5 of 2006.     *The Antigua and Barbuda Sales*    87    ANTIGUA
*Tax Act, 2006.*         AND
BARBUDA

     *(a)*    was director or other similar officer of the company; or

     *(b)*    was acting or purporting to act in such capacity, is deemed to have committed the offence.

(2) Subsection (1) does not apply if.

     *(a)*    the offence was committed without the person's consent or knowledge; and

     *(b)*    the person exercised all such diligence to prevent the commission of the offence as ought to have been exercised having regard to the nature of the person's functions and all the circumstances.

**89.** A person who aids, abets, assists, counsels, incites, or induces the commission of an offence under this Act commits that offence and is liable to the same penalties as the person committing the offence.     *Aiding and abetting.*

**90.** (1) If a person has committed an offence under this Division, other than an offence under section 83 or 85, the Commissioner may, at any time prior to the commencement of the hearing by a Court of the proceedings relating thereto, compound the offence and order the person to pay such sum of money as specified by the Commissioner, not exceeding the maximum amount of the fine prescribed for the offence.     *Compounding of offences*

(2) The Commissioner may compound an offence under this section only if the person concerned requests the Commissioner in writing to do so.

(3) If the Commissioner compounds an offence under this section, the order referred to in subsection (1) must.

     *(a)*    be in writing and have attached the written request described in subsection (2);

     *(b)*    specify

         *(l)*    the offence committed;

         *(ii)*    the sum of money to be paid; and

ANTIGUA   88   *The Antigua and Barbuda Sales*   No. 5 of 2006.
AND                    *Tax Act, 2006.*
BARBUDA

*(iii)*   the due date for the payment;

*(c)*   be served on the person who committed the offence; and

*(d)*   be final and not subject to appeal.

(4) If the Commissioner compounds an offence under this section, the offender is not liable for prosecution or penalty in respect of that offence.

(5) The Commissioner's power under this section is subject to the powers of the Director of Public Prosecutions under the Constitution, and the Commissioner must give the Director of Public Prosecutions a copy of the order described in subsection

(3) at the time it is served on the taxpayer.

(6) The amount ordered to be paid under subsection (1) is recoverable as if it were ABST due and payable under this Act.

## PART XVII
## COLLECTION AND RECOVERY

Recovery   of   91. (1) Except to the extent of any inconsistency, the provisions
ABST.         of the Inland Revenue Administration Act, not including sections 8 and 14 but including, to the extent necessary to give effect to section 44(10), those provisions requiring the Commissioner to pay interest on amounts owing to taxpayers, apply for the purposes of the collection and recovery of amounts due and payable, or the repayment of amounts due to be repaid, under this Act.

(2) In addition to the powers under subsection (1) but subject to section 103(4), where money or property of a person who is liable to pay an amount under this Act ("the person liable") is, or will be, in the possession or control of a representative:

(a)   to the extent of the amount owed by the person liable, the Commissioner may, by notice in writing, require the representative to pay part or all of the money held, or to transfer all or part of the property, to the Commissioner within 15 days of the date of service of the notice or, in the case of money or property that will come into the possession or control of the representative at a later date, within 15 days of that date; and

No. 5 of 2006.    *The Antigua and Barbuda Sales*    89    ANTIGUA
                  *Tax Act, 2006.*                           AND
                                                          BARBUDA

    *(b)* in paying the amount or transferring the property, the representative is deemed to have acted under the authority of the person liable and of all other persons concerned and is indemnified in respect of the payment.

(3) If the Commissioner is unable to recover an amount of ABST, interest, or penalty due and payable by a person under this Act, the Minister may, on approval by Cabinet, order the extinguishment of the liability as a debt due to the Crown.

(4) If the Commissioner determines that a person whose debt was extinguished under subsection (2) has assets that may be attached to recover all or part of the unpaid amounts, the liability for the debt may be reinstated by an order of the Minister, approved by Cabinet, revoking the order made under subsection (2).

(5) This section does not apply to ABST collected by the Comptroller of Customs, which is recoverable under procedures for recovery of customs duty.

**92.** If, in addition to an amount of ABST which is due and payable by a person under this Act, an amount of interest or penalty is payable, a payment made by the person in respect of the ABST, interest, or penalty which is less than the total amount due must be applied in the following order.      *Allocation of payments.*

    *(a)* first, to reduce the amount of interest due and payable;

    *(b)* then, to the extent that the payment exceeds the amount of interest, to reduce the amount of penalty due and payable; and

    *(c)* then, to the extent that the payment exceeds the sum of the penalty and interest, to reduce the amount of ABST due and payable.

**93.** (1) If the Commissioner has reasonable grounds to believe that a person may leave Antigua and Barbuda without paying all ABST due under this Act, the Commissioner may issue, in such form as he may prescribe, a certificate to the Chief Immigration Officer requesting that the Chief Immigration Officer take the necessary steps to prevent the person from leaving Antigua and Barbuda until the person makes.      *Recovery of ABST from persons leaving Antigua and Barbuda.*

ANTIGUA   90    *The Antigua and Barbuda Sales*    No. 5 of 2006.
AND                     *Tax Act, 2006.*
BARBUDA

   *(a)*  payment in full; or

   *(b)*  an arrangement satisfactory to the Commissioner for the payment of the ABST or to secure the amount that is or will become owing.

   (2) The Commissioner must serve a copy of the certificate issued under subsection (1) on the person named in the certificate if it is practicable to do so.

## PART XVIII
## OBJECTIONS AND APPEALS

Reviewable decisions.

**94.** (1) The following decisions made under this Act are re-viewable decisions.

   *(a)*  a decision under section 10 to register or not register a person under this Act, including a decision in rela-tion to the date of commencement of registration;

   *(b)*  a decision under section 11 to cancel or not to cancel a person's registration under this Act, including a decision in relation to the date of cessation of regis-tration;

   *(c)*  a decision under section 39(3) not to allow a person permission for late lodgement of a return;

   *(d)*  a decision under section 39(5) to require a person to lodge fuller or additional returns;

   *(e)*  a decision under section 41(4) on a request for an extension of time to pay, including a decision not to grant the request, to require payment sooner than requested, or to require a taxpayer to comply with other payment arrangements;

   *(f)*  a decision under section 41(6) not to waive a late lodgement penalty;

   *(g)*  a decision under section 44 not to pay a refund or allow an input tax credit;

   *(h)*  the issue of an assessment under Part XII;

Case 15-1595, Document 51, 08/27/2015, 1586809, Page97 of 152

No. 5 of 2006.      *The Antigua and Barbuda Sales*    91    ANTIGUA
                   *Tax Act, 2006.*                             AND
                                                          BARBUDA

     *(i)*      a decision under section 47 to make a determination
            in relation to a taxpayer's liability for an amount;

     *(j)*      a decision under section 51 to require a person to
            give security;

     *(k)*      a decision under section 62(8) not to remit a penalty,
            or a decision to remit the penalty only in part;

     *(l)*      a decision under section 102 to appoint a person as
            a representative of a taxable person.

(2) A decision is a reviewable decision if another provision of this Act states that it is a reviewable decision, whether or not the decision is listed in subsection (1).

**95.** (1) A person may, by notice in writing, lodge a notice of objection to a reviewable decision requesting the Commissioner to reconsider his decision.      Objections to the Commissioner.

(2) Section 56 of the Income Tax Act applies to objections made under this section.

**96.** (1) A person may appeal a reviewable decision to the Appeal Board established under the Income Tax Act.      Appeals to Appeal Board and to a Judge.

(2) A person may appeal a decision of the Appeal Board to a Judge as provided in the Income Tax Act.

(3) The provisions of the Income Tax Act relating to appeals apply to appeals pursuant to subsections (1) and (2) in the same manner as they apply to appeals under that Act.

(4) Section 62, except subsection (1), of the Income Tax Act applies to objections and appeals made pursuant to this section.

### PART XIX
### RECORD-KEEPING AND INFORMATION COLLECTION

**97.** Every taxable person must maintain in Antigua and Barbuda such accounts, documents, and other records, including records referred to in section 38, as required under this Act or under any Act dealing with the administration of this Act and such ac-      Maintenance of accounts and records.

ANTIGUA    92    *The Antigua and Barbuda Sales*    No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

counts, documents, and records must be maintained by the tax-payer for 7 years after the end of the tax period to which they relate.

**Power to require provision of information**

98. (1) The Commissioner may, for the purposes of administering this Act, by notice in writing, require a person to.

    *(a)*   furnish, within the time specified in the notice, information that may be required by the notice; or

    *(b)*   attend, at the time and place designated in the notice, to be examined on oath by the Commissioner, or a taxation officer authorised in writing by the Commissioner, concerning the tax affairs of that person or another person, and for that purpose the Commissioner or the authorised taxation officer may require the person examined to produce a book, record, or computer-stored information under the control of the person.

(2) A notice issued under this section must be personally served on the person to whom it is directed or left at his last known usual place of business or abode and the certificate of service signed by the person serving the notice is evidence of the facts stated therein.

(3) This section has effect notwithstanding.

    *(a)*   any Act relating to privacy, privilege, or the public interest with respect to the giving of information or the production of books, records, or computer-stored information; or

    *(b)*   any contractual duty of confidentiality.

**Power to enter and search**

99. (1) If the Commissioner has reasonable grounds to suspect a breach of this Act has occurred, for the purposes of investigating the suspected breach he, or a taxation officer authorised in writing by him.

    *(a)*   is entitled to have, at all times and without notice, full and free access to any premises, place, property, book, record or computer;

No. 5 of 2006.     *The Antigua and Barbuda Sales*    93    ANTIGUA
                   *Tax Act, 2006.*                   AND
                                                  BARBUDA

     *(b)*    may make an extract or copy of a book, record or computer-stored information to which access is obtained under paragraph *(a)*;

     *(c)*    may seize a book, record, or other document that, in the opinion of the Commissioner or authorised taxation officer, affords evidence that may be material in determining the ABST liability of a taxpayer;

     *(d)*    may retain a book, record, or document seized under paragraph *(c)* for as long as it may be required for determining a taxpayer's ABST liability or for proceeding under this Act; and

     *(e)*    may, if a hard copy or electronic copy of information stored on a computer is not provided, seize and retain the computer for as long as is necessary to copy the information required;

(2) A taxation officer is not entitled to enter or remain on premises or a place if, on request by the owner or lawful occupier, the officer is unable to produce the Commissioner's written authorisation permitting the officer to exercise powers under subsection (1).

(3) The Commissioner may require a police officer to be present for the purposes of exercising powers under this section.

(4) The owner or lawful occupier of the premises or place to which an exercise of power under subsection (1) relates must provide all reasonable facilities and assistance to the Commissioner or authorised officer.

(5) A person whose books, records, or computer have been seized under subsection (1) may examine them and make copies, at his expense, during office hours.

(6) The Commissioner or authorised officer must sign for all records, books, or computers removed and retained under this section and he must return them to the owner within 14 days of the conclusion of the investigation or related proceedings.

(7) This section has effect notwithstanding,.

ANTIGUA 94    *The Antigua and Barbuda Sales*     No. 5 of 2006.
AND                    *Tax Act, 2006.*
BARBUDA

    *(a)*   any Act relating to privacy, privilege, or the public interest with respect to access to premises or places, or the production of property, books, records, or computer-stored information; or

    *(b)*   any contractual duty of confidentiality.

**Translation of records**    **100.** If a book, record, or computer-stored information referred to in this Act is not in English, the Commissioner may, by notice in writing, require the taxable person keeping the book, record, or computer-stored information to provide, at the person's expense, a translation into English.

### PART XX
### TAXPAYER IDENTIFICATION NUMBER

**Taxpayer identification number**    **101.** (1) The Commissioner must issue every registered person with a unique taxpayer identification number for ABST purposes, which number may be the same as or related to the number, if any, used to identify the person for the purposes of income tax or another tax administered by the Commissioner.

   (2) Every taxable person must include its TIN in a return, notice, or other document prescribed or used for the purposes of this Act.

   (3) A person whose registration is cancelled under this Act and who is later re-registered must be required to use its previous TIN unless the Commissioner considers it inappropriate to do so.

### PART XXI
### REPRESENTATIVES

**Power to appoint representatives.**    **102.** (1) The Commissioner may, by notice in writing, declare a person to be a representative of another person for the purposes of this Act.

   (2) Without limiting subsection (1), the Commissioner may declare a person to be a representative of another person who is liable to pay an amount to the Commissioner under this Act ("the person liable"), if:

    *(a)*   the person owes or may owe money to the person liable;

No. 5 of 2006.          *The Antigua and Barbuda Sales*          95   ANTIGUA
                        *Tax Act, 2006.*                              AND
                                                                   BARBUDA

    *(b)*   the person has authority from some other person to
           pay money to the person liable; or

    *(c)*   the person is in possession of property of the per-
           son liable.

**103.** (1) Every representative of a person is responsible for    Liabilities and
performing duties or obligations imposed by this Act on that        obligations of
person, including the payment of amounts due and payable            representatives.
under this Act.

(2) Subject to subsection (4), an amount that, by virtue of
subsection (1), is payable by a representative of a person is
recoverable from the representative only to the extent of assets,
if any, of the person that are in the possession or under the
control of the representative.

(3) Every representative is personally liable for the payment
of amounts due by the representative in that capacity if, while
the amount remains unpaid, the representative.

    *(a)*   alienates, charges or disposes of money received or
           accrued in respect of which the amount is payable;
           or

    *(b)*   disposes of or parts with money or funds belonging
           to the person that are in the possession of the repre-
           sentative or which come to the representative after
           the amount is payable, if such amount could legally
           have been paid from, or out of, such money or funds.

(4) Nothing in this section relieves a person from performing
duties or obligations imposed on the person by this Act that the
representative of the person has failed to perform.

(5) If there are two or more representatives of a person, the
duties or obligations referred to in this section apply jointly and
severally to the representatives but may be discharged by any
of them.

(6) The powers of the Commissioner under section 13A of the
Inland Revenue Administration Act apply as if a person
appointed as a representative under this Act were a person
appointed as agent under that section.

(7) This section does not apply to a person who is a representative only because of section 102 and paragraph *(l)* of the definition of representative unless and until the Commissioner gives notice to the person that he has declared the person to be a representative, and includes in the notice a statement that one consequence of the declaration is that this section will apply.

Duties of
Receivers.

**104.** (1) In this section, "receiver" means a person who, with respect to an asset in Antigua and Barbuda is.

    *(a)*   a liquidator of a company;

    *(b)*   a receiver appointed out of court or by a court;

    *(c)*   a trustee for a bankrupt person;

    *(d)*   a mortgagee in possession;

    *(e)*   an executor of the estate of a deceased person; or

    *(f)*   any other person conducting business on behalf of a person who is legally incapacitated.

(2) A receiver must notify the Commissioner in writing within 14 calendar days after the earlier of being appointed to the position or taking possession of an asset of a person liable to ABST in Antigua and Barbuda.

(3) The Commissioner may in writing notify a receiver of the amount which appears to the Commissioner to be sufficient to provide for ABST which is or will become payable by the person whose assets are in the possession of the receiver.

(4) A receiver.

    *(a)*   must set aside, out of the proceeds of sale of an asset of the person who is legally incapacitated, the amount notified by the Commissioner under subsection (3), or such lesser amount as is subsequently agreed on by the Commissioner;

    *(b)*   is liable to the extent of the amount set aside for the ABST payable by the person who owned the asset; and

**A558**

No. 5 of 2006.   *The Antigua and Barbuda Sales*   97   ANTIGUA
*Tax Act, 2006.*   AND
BARBUDA

   (c)   may pay a debt that has priority over the ABST re-
ferred to in this section notwithstanding any provi-
sion of this section.

   (5) A receiver is personally liable to the extent of an amount
required to be set aside under subsection (4) for the ABST referred
to in subsection (3) if, and to the extent that, the receiver fails to
comply with the requirements of this section.

   **105.** (1) If a company fails to pay an amount required to be   Directors of
paid by this Act, the persons who were directors of the company   companies.
at the time the company was required to pay the amount are
jointly and severally liable, together with the company, to pay
that amount and any interest thereon and penalties relating
thereto.

   (2) A director of a company is not liable for a failure under
subsection (1) if the director exercised that degree of care,
diligence, and skill to prevent the failure which a reasonably
prudent person would have exercised in comparable
circumstances.

   (3) A director of a company may not be assessed for an amount
under this section more than five years after the end of the tax
period in which the import, supply, or ABST adjustment event to
which the amount relates occurred, or in the case where an
assessment had been made, not more than five years after the
date of the assessment.

   (4) A director who satisfies a claim under this section is entitled
to a contribution from the other directors who were liable for the
claim.

   **106.** (1) A liability or obligation imposed by or under this Act   Officers of
or the Regulations on an unincorporated body is imposed on   unincorporated
the body and on any person who is an officer of the body at the   bodies.
time the liability or obligation is imposed, and the body and each
such officer are jointly and severally liable for that liability or
obligation.

   (2) For the purposes of this Act, the existence of an
unincorporated body and any taxable activity carried on by the
unincorporated body are deemed not to be affected by any
change in its members or officers.

ANTIGUA   98        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                 *Tax Act, 2006.*
BARBUDA

(3) A document which is required to be served on an unincorporated body under this Act or the Regulations may be served on an officer of the body.

(4) An offence under this Act committed by an unincorporated body is taken to have been committed by the officers of the unincorporated body.

Continuity of
partnerships or
unincorporated
associations.

**107.** If,

(a)   a partnership or other unincorporated association or body is dissolved or otherwise ceases to exist because of the retirement or withdrawal of one or more, but not all, of its partners or members, or because of the admission of a new partner or member; and

(b)   apart from the provisions of this Act a new partnership, association, or body, consisting of the remaining members, or of the existing or remaining members and one or more new members, thereby comes into existence; and

(c)   the new partnership, association, or body continues to carry on the taxable activity that was carried on by the dissolved partnership, association, or body, the dissolved partnership, association, or body and the new partnership, association, or body are, for the purposes of this Act, deemed to be one and the same, unless the Commissioner, having regard to the circumstances of the case, otherwise directs.

Death or
insolvency of
taxable person;
mortgagee in
possession.

**108.** (1) If, after the death of a taxable person or the sequestration of a taxable person's estate, a taxable activity previously carried on by the taxable person is carried on by or on behalf of the executor or trustee of the person's estate or anything is done in connection with the termination of the taxable activity, the estate of the taxable person, as represented by the executor or trustee, is deemed for the purposes of this Act to be the taxable person in respect of the taxable activity.

(2) If a mortgagee is in possession of land or other property previously mortgaged by a mortgagor who is a taxable person, and the mortgagee carries on a taxable activity in relation to the

No. 5 of 2006.          *The Antigua and Barbuda Sales*          99     ANTIGUA
                        *Tax Act, 2006.*                                AND
                                                                       BARBUDA

land or other property, the mortgagee is deemed, from the date
the mortgagee took possession of that land or property until
such time as the mortgagee ceases to be in possession of the
land or property, to be the taxable person carrying on the taxable
activity.

109. For the purposes of this Act, if a person is a trustee in     Trustee.
more than one capacity, the person is treated as a separate person
in relation to each of those capacities.

### PART XXII
### FORMS AND NOTICES

110. (1) Forms, notices, returns, and other documents     Forms,
prescribed or published by the Commissioner for the purposes   notices, and
of the Act may be in such form as the Commissioner determines   authentication
for the efficient administration of the Act, and shall be valid   of documents.
whether or not published in the *Gazette*.

(2) The Commissioner must make the documents referred to
in subsection (1) available to the public at the offices of the
Inland Revenue Department, and may also make the documents
available by any other means at any other locations he thinks
appropriate, including but not limited to:

   *(a)*   by posting electronic versions of the documents on
          an official web site of the Government of Antigua
          and Barbuda, the Inland Revenue Department, or
          the Department of Customs; or

   *(b)*   by making hard copies available for collection from
          Post Offices.

(3) A notice or other document issued, served, or given by
the Commissioner under this Act is sufficiently authenticated if
the name or title of the Commissioner, or a taxation officer
authorised for that purpose, is printed, stamped, or written on
the document.

111. (1) Subject to this Act, a notice or other document required   Service of notices.
to be served on a person for the purposes of this Act is treated
as properly served on the person if it is.

   *(a)*   personally served on the person or his
          representative;

**A561**

ANTIGUA    100      *The Antigua and Barbuda Sales*      No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

    *(b)*   left at the person's usual or last known place of abode
or business in Antigua and Barbuda; or

    *(c)*   sent by registered post to his last known address.

(2) The validity of service of a notice under this Act may not
be challenged after the notice has been wholly or partly complied
with.

**Validity of documents.**

**112.** No document purporting to be made, issued, or executed
under this Act may be.

    *(a)*   quashed or deemed to be void or voidable for want
of form; or

    *(b)*   affected by reason of mistake, defect, or omission
therein, if it is, in substance and effect, in conformity
with this Act and the person affected by the docu-
ment is designated in it according to common under-
standing.

## PART XXIII
## PRINCIPLES OF INTERPRETATION

**Purposive interpretation and extrinsic materials.**

**113.** (1) The following shall be considered to be part of this
Act:

    *(a)*   the headings of the Sections, Parts, Divisions, and
Subdivisions into which the Act is divided; and

    *(b)*   the Schedules to the Act.

(2) In interpreting a provision of this Act, a construction that
would promote the purpose or object underlying the provision
or the Act (whether that purpose or object is expressly stated in
the Act or not) should be preferred to a construction that would
not promote that purpose or object.

(3) Subject to subsection (5), in interpreting a provision of
this Act, if any material that does not form part of the Act is
capable of assisting in ascertaining the meaning of the provision,
consideration may be given to that material:

Case 15-1595, Document 51, 08/27/2015, 1586809, Page107 of 152

No. 5 of 2006.     *The Antigua and Barbuda Sales*    101    ANTIGUA
                *Tax Act, 2006.*                         AND
                                                  BARBUDA

(a)    to confirm that the meaning of the provision is the ordinary meaning conveyed by the text of the provision, taking into account its context in the Act and the purpose or object underlying the Act; or

(b)    to determine the meaning of the provision when:

      (i)    the provision is ambiguous or obscure; or

      (ii)    the ordinary meaning conveyed by the text and taking into account its context in the Act and the purpose or object underlying the Act leads to a result that is manifestly absurd or is unreasonable.

(4) Without limiting the generality of subsection (3), the material that may be considered in interpreting a provision of this Act includes:

(a)    all matters not forming part of the Act that are set out in the document containing the text of the Act as printed by the Government Printer;

(b)    any treaty or other international agreement or international assistance agreement that is referred to in the Act;

(c)    any explanatory memorandum relating to the Bill containing the provision, or any other relevant document, that was laid before, or furnished to the members of, either House of the Parliament by a Minister before the time when the provision was enacted;

(d)    the speech made to a House of the Parliament by a Minister on the occasion of the moving by that Minister of a motion that the Bill containing the provision be read a second time in that House;

(e)    any document (whether or not a document to which a preceding paragraph applies) that is declared by the Act to be a relevant document for the purposes of this section; and

(f)    any relevant material in any official record of proceedings of debates in the Parliament or either House of the Parliament.

A563

ANTIGUA   102      *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                      *Tax Act, 2006.*
BARBUDA

(5) In determining whether consideration should be given to any material in accordance with subsection (3), or in considering the weight to be given to any such material, regard should be had, in addition to any other relevant matters, to:

    *(a)*    the desirability of persons being able to rely on the ordinary meaning conveyed by the text of the provision taking into account its context in the Act and the purpose or object underlying the Act; and

    *(b)*    the need to avoid prolonging legal or other proceedings without compensating advantage.

## SCHEDULE 1

### ZERO-RATED SUPPLIES:

### EXPORTS OF GOODS AND OTHER SUPPLIES OF GODS FOR CONSUMPTION OUTSIDE ANTIGUA AND BARBUDA

(1) A taxable supply of goods is zero-rated for the purposes of this Act if it is listed in one of the items below—

1. A supply of goods, if the supplier has entered or will enter the goods for export under the Customs (Control and Management) Act and the goods have been or will be exported.

2. A supply of goods, if the Commissioner is satisfied that the goods have been or will be exported from Antigua and Barbuda by the supplier.

3. A supply of goods, if—

    *(a)*    the goods are supplied in Antigua and Barbuda to a non-resident recipient who is not a taxable person, or to the agent of that recipient; and

    *(b)*    the goods are or will be exported without being altered or used in any way between the time they are delivered or made available to the recipient and the time they are exported, except to the extent, if any, necessary to prepare them for export,

but only if, within 90 days of the date on which the goods are delivered or made available by the supplier to the recipient, the supplier holds sufficient documentary evidence to establish that the recipient or agent entered the goods for export under the Customs (Control and Management) Act.

No. 5 of 2006.  *The Antigua and Barbuda Sales*  103  ANTIGUA
*Tax Act, 2006.*  AND
BARBUDA

**4.** A supply of goods to a tourist, if the supplier is a licensed duty-free vendor who holds documentary evidence, collected at the time of the supply, which establishes that the goods are to be removed from Antigua and Barbuda without being effectively used or enjoyed in Antigua and Barbuda.

**5.** A supply of goods in the course of repairing, maintaining, cleaning, renovating, modifying, treating, or otherwise physically affecting other goods referred to in item 3, 4, or 5 in paragraph (2) of Schedule 2, if the goods supplied are:

*(a)*   attached to or become part of those other goods; or

*(b)*   become unusable or worthless as a direct result of being used to repair, renovate, modify or treat the other goods.

**6.** A supply of goods if the goods are located outside Antigua and Barbuda at the time of supply and will not be imported into Antigua and Barbuda by the supplier.

**7.** A supply of real property relating to land located outside Antigua and Barbuda.

(2) A supply of goods is not zero-rated under paragraph (1) if the goods have been or will be re-imported into Antigua and Barbuda by the supplier.

(3) A supply of unprocessed agricultural products is not zero-rated under paragraph (1).

### SCHEDULE 2

### ZERO-RATED SUPPLIES:
### EXPORTED SERVICES AND OTHER SUPPLIES OF SERVICES FOR CONSUMPTION OUTSIDE ANTIGUA AND BARBUDA

(1) A taxable supply is zero-rated for the purposes of this Act if it is listed in one of the items below.

**1.** A supply of services directly in connection with land, or improvements to land, situated outside Antigua and Barbuda.

**2.** A supply of services directly in connection with goods situated outside Antigua and Barbuda at the time the services are performed.

**3.** A supply of services directly in connection with goods temporarily imported into Antigua and Barbuda under the special regime for temporary imports specified in the Customs (Control and Management) Act.

ANTIGUA   104        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

4. A supply of services directly in connection with a container temporarily imported under the special regime for temporary imports specified in the Customs (Control and Management) Act.

5. A supply of the services of repairing, maintaining, cleaning, renovating, modifying, or treating goods brought temporarily into Antigua and Barbuda for the purposes of receiving the services, so long as the goods are removed from Antigua and Barbuda after the services have been performed and have not been used in Antigua and Barbuda for any purpose other than to enable the services to be performed.

6. A supply of services directly in connection with a supply of goods referred to in items 1, 2, 6, or 7 in paragraph (1) of Schedule 1, or a supply of services referred to in item 5 of this paragraph of this Schedule, including a supply that consists of arranging for, or is ancillary or incidental to, such supply.

7. A supply of services to a non-resident who is not a taxable person, if the supply is directly in connection with a supply referred to in item 3 in paragraph (1) of Schedule 1, or items 1, 2, or 3 this paragraph, including a supply that consists of arranging for, or is ancillary or incidental to, such supply.

8. A supply of services that are physically performed outside Antigua and Barbuda, if the services are of a kind that are effectively used or enjoyed at the time and place where they are performed.

9. A supply of services, other than a supply of services

   *(a)*   directly in connection with land, or improvements to land, situated in Antigua and Barbuda;

   *(b)*   directly in connection with goods situated in Antigua and Barbuda at the time the services are performed;

   *(c)*   that consist of refraining from or tolerating an activity, a situation, or the doing of an act in Antigua and Barbuda, if the restraint or toleration is effectively used or enjoyed in Antigua and Barbuda. if

   *(d)*   the services are supplied to a non-resident person who is outside Antigua and Barbuda at the time the services are supplied; or

   *(e)*   the services are supplied to a person who is outside Antigua and Barbuda at the time the services are supplied and the services are effectively used or enjoyed outside Antigua and Barbuda.

10.   A supply of services that consist of.

No. 5 of 2006.        *The Antigua and Barbuda Sales*        105      ANTIGUA
                        *Tax Act, 2006.*                                  AND
                                                                     BARBUDA

(a) the filing, prosecution, granting, maintenance, transfer, assignment, licensing, or enforcement of intellectual property rights for use outside Antigua and Barbuda;

(b) incidental services necessary for the supply of services referred to in item 8; or

(c) the acceptance by a person of an obligation to refrain from pursuing or exercising, in whole or part, intellectual property rights for use outside Antigua and Barbuda.

11. A supply of telecommunications services by a resident telecommunications supplier to a non-resident telecommunications supplier, to the extent that the supply is for the use or consumption of a person outside Antigua and Barbuda at the time the services are performed.

12. A supply of telecommunications services that are provided to a person other than another telecommunications supplier, if the telecommunications service is initiated outside Antigua and Barbuda.

(2) A supply of services is not zero-rated under item 9, 11, or 12 of paragraph (1) if the supply is a supply of a right or option to receive a supply of goods or services in Antigua and Barbuda, unless the supply to be received would be zero-rated if it were made in Antigua and Barbuda.

(3) Without limiting paragraph (2), a supply of services is not zero-rated under item 9, 11, or 12 of paragraph (1) if the services are supplied under an agreement that is entered into, whether directly or indirectly, with a person who is a non-resident, if.

(a) the performance of the services is, or it is reasonably foreseeable at the time the agreement is entered into that the performance of the services will be, received in Antigua and Barbuda by another person, and

(b) it is reasonably foreseeable, at the time the agreement is entered into, that the other person will not be a taxable person when it receives the performance of the services, and for the avoidance of doubt, if the supply is a supply of a right or option to receive goods or services, the performance of the services referred to in this paragraph is the performance of that supply of goods or services when the right or option is exercised, rather than the granting of the right or option.

ANTIGUA   106    *The Antigua and Barbuda Sales*    No. 5 of 2006.
AND               *Tax Act, 2006.*
BARBUDA

### SCHEDULE 3

#### ZERO-RATED SUPPLIES: OTHER

(1) In this Schedule the classification and description of goods which bear heading numbers designated in the Customs Tariff are to be interpreted in accordance with the rules for interpretation set out in Part I of the Customs Tariff.

(2) A supply or import listed in one of the items below is a zero-rated supply or import for the purposes of this Act.

**1.** A supply or import of food for human consumption, if the food is of a kind specified in the Regulations.

**2.** A supply or import of particular goods, as specified in the Regulations.

**3.** A supply of:

   *(a)*   electricity; provided to residential premises for domestic use; or

   *(b)*   in any other case, as provided in the Regulation.

**4.** A supply or import of water.

**5.** A supply or import of fuel, as defined under the following Customs Tariff Headings:

| HEADING NO. | DESCRIPTION OF GOODS |
|---|---|
| 2710.10 | Motor spirit (gasoline) and other light oils and preparations |
| 2710.20 | Kerosene and other medium oils (not including Gas Oils) |
| 2710.30 | Gas Oils |
| 2710.40 | Fuel oils, not elsewhere specified or included |
| 2711.00 | Petroleum gases and other gaseous hydrocarbons |

### SCHEDULE 4
#### EXEMPT SUPPLIES

(1) A supply listed in one of the items below is an exempt supply for the purposes of this Act.

Case 15-1595, Document 51, 08/27/2015, 1586809, Page113 of 152

No. 5 of 2006.        *The Antigua and Barbuda Sales*      107    ANTIGUA
                      *Tax Act, 2006.*                            AND
                                                              BARBUDA

1. A supply of the following "financial services,"

    (a)  granting, negotiating, and dealing with loans, credit, credit guarantees, and security for money, including management of loans, credit, or credit guarantees by the grantor;

    (b)  transactions concerning money, deposit and current accounts, payments, transfers, debts, cheques, or negotiable instruments, other than debt collection and factoring;

    (c)  transactions relating to financial derivatives, forward contracts, options to acquire financial instruments, and similar arrangements;

    (d)  transactions relating to shares, stocks, bonds, and other securities, including a sale of an interest in a timesharing scheme, but not including custody services;

    (e)  management of investment funds;

    (f)  provision, or transfer of ownership, of an insurance contract or the provision of reinsurance in respect of such contract;

    (g)  provision, or transfer of ownership, of an interest in a scheme whereby provision is made for the payment or granting of benefits by a benefit fund, provident fund, pension fund, retirement annuity fund or preservation fund;

    (h)  a supply of credit under a finance lease, if the credit for the goods is provided for a separate charge and the charge is disclosed to the recipient of the goods; or

    (i)  the arranging of any of the services in paragraphs *(a)* to *(h)*.

2. A supply of goods, if the goods were used by the taxable person solely in connection with making exempt supplies, unless the supply is made to a registered person.

3. A supply of international transport services, including international mail services provided by the General Post Office.

4. A sale of real property, to the extent that the property relates to residential premises, including land that is designated as residential and is reasonably attributed to such premises.

ANTIGUA   108
AND
BARBUDA

*The Antigua and Barbuda Sales
Tax Act, 2006.*

No. 5 of 2006.

**5.** A lease, licence, hire or other form of supply of the right to occupy or be accommodated in residential premises.

**6.** A supply of holiday or hotel accommodation, if the accommodation is provided to an individual (alone or together with other individuals) who resides therein under terms consistent with a landlord and tenant agreement and for a continuous period of more than 45 days (counting the first day on which the person is supplied the accommodation and disregarding the day on which the person ceases to be provided with the accommodation).

**7.** A supply of accommodation in, or the right to occupy as a residence, a caravan, houseboat, camping site, boat, marina berth, or similar place on terms commensurate with those of landlord and tenant if the accommodation is provided to an individual (alone or together with other individuals) for a continuous period of more than 45 days (counting the first day on which the person is supplied the accommodation and disregarding the day on which the person ceases to be provided with the accommodation).

**8.** A supply by a condominium body corporate to a member of the body, if the condominium owned by the member, or the property the member is entitled to occupy as a consequence of its membership, constitutes residential premises (including any garage, storage space, or other space associated with the premises, so long as that space is of a type commonly considered to be part of residential premises).

**9.** A supply of the transportation of passengers by land, sea, or air within Antigua and Barbuda.

**10.** A supply of "education services," consisting of tuition or instruction for students provided by an institution duly registered or licensed by the Minister of Education, being

    *(a)*   a pre-primary, primary, or secondary school;

    *(b)*   a technical college, community college, or university;

    *(c)*   an educational institution established for the promotion of adult education, vocational training, improved literacy, or technical education;

    *(d)*   an institution established for the education or training of physically or mentally handicapped person; or

    *(e)*   an institution established for the training of sports persons.

No. 5 of 2006.          *The Antigua and Barbuda Sales*          109     ANTIGUA
                        *Tax Act, 2006.*                                 AND
                                                                      BARBUDA

**11.** A supply of medical, dental, nursing, convalescent, rehabilitation, midwifery, paramedical, optical, or other similar services where the services are provided

-    *(a)*   by an institution regulated by the Ministry of Health; or

     *(b)*   by, or under the supervision and control of, a person who is registered as being qualified to perform that service under a law of Antigua and Barbuda or whose qualifications to perform the services are recognised by the government of Antigua and Barbuda.

**12.** A supply of services in a nursing home or residential care facility for aged, indigent, infirm, or disabled persons who need permanent care.

**13.** A supply of prescription medicines.

**14.** A supply of veterinary services.

**15.** A gambling supply conducted by a non-profit association approved by the Minister.

**16.** A supply of unimproved land or of land to be used for agricultural purposes.

**17.** A supply of unprocessed agricultural products if:

     *(a)*   the supplier is the producer of the products; or

     *(b)*   but for paragraph (3) of Schedule 1, the supply would have been a zero-rated export under paragraph (1) of that Schedule.

**18.** A supply of live animals or insects, other than domesticated animals generally held as pets.

**19.** A supply of goods falling within one of the following categories of agricultural inputs to the extent provided in regulations:

     *(a)*   seedlings, cuttings, and fertilizers;

     *(b)*   pesticides, insecticides, and other treatments approved for use in agriculture by the Ministry of Agriculture;

     *(c)*   herbicides and fungicides;

*(d)*   hay, fodder, silage, and animal feed other than food for domesticated
animals generally held as pets;

*(e)*   ventilated boxes and packing film specifically designed for use in trans-
porting unprocessed agriculture products;

*(f)*   machinery and equipment specifically designed for agricultural or hor-
ticultural use, but only if the treatment of the supply as exempt has been
approved by the Minister responsible for Agriculture.

**20.** A supply of goods falling within one or more of the following categories of
fishing inputs

*(a)*   fibreglass or wooden boats;

*(b)*   anchors;

*(c)*   grapnels;

*(d)*   global positioning systems (G.P.S), compasses, very high frequency
(V.H.F.) Radios, or other similar means for identifying the position or
location of a fishing vessel or for allowing communication from the
fishing vessel to other persons;

*(e)*   fish finders;

*(f)*   flare guns and flares, life vests, life rings, buoys and floats, and other
similar safety equipment for use on fishing vessels;

*(g)*   monofilament fishing lines, gaffs, harpoons, spools, line haulers, and
jigging reels;

*(h)*   outboard engines up to 100 hp, inboard diesel engines, winches, and
propellers, but only if the goods are to be used in carrying on a taxable
activity and the treatment of the supply as exempt has been approved
by the Minister responsible for Fisheries.

**21.** A supply of domestic postal services by the General Post Office.

**22.** A supply to a person who is not registered for ABST of a personal or laptop
computer the value of which does not exceed the amount specified in the
Regulations.

No. 5 of 2006.  *The Antigua and Barbuda Sales*   111   ANTIGUA
*Tax Act, 2006.*   AND
BARBUDA

**23.** A supply to a person who is not registered for ABST of equipment for use with a personal or laptop computer as specified in the Regulations.

**24.** A supply, to a person who is not registered for ABST, of computer software of a kind specified in the Regulations, whether that software is pre-loaded and supplied together with a computer, supplied separately as shrink-wrapped software, emailed to the client, downloaded from the Internet or made available for download, or by any other means.

**25.** A supply of aircraft's stores or ship's stores, or of spare parts for an aircraft or ship, if the stores or parts are for use, consumption, or sale on the aircraft or ship during a flight or voyage that constitutes international transport.

**26.** A supply of the services of repairing, maintaining, cleaning, renovating, modifying, or treating an aircraft or ship engaged in international transport.

**27.** A supply of services that.

    *(a)*   consist of the handling, pilotage, salvage, or towage of a ship or aircraft engaged in international transport; or

    *(b)*   are provided directly in connection with the operation or management of a ship or aircraft engaged in international transport.

(2) A supply is not exempt under item 6 or 7 of paragraph (1) for the first 45 days of occupation, and thereafter is not exempt if the supplier chooses instead to treat the supply as taxable at the rate of tax set out in section 8(3)(c).

(3) If, but for this paragraph, a supply, other than a supply covered by item 1, 3, or 21 in paragraph (1), would be both exempt and zero-rated, the supply is zero-rated rather than exempt.

**28.** A supply of local entertainment services.

## SCHEDULE 5

### EXEMPT IMPORTS

(1) An import listed in one of the items below is an exempt import for the purposes of this Act.

**1.** An import of goods if a supply of the goods in Antigua and Barbuda would be an exempt supply.

ANTIGUA   112        *The Antigua and Barbuda Sales*        No. 5 of 2006.
AND                        *Tax Act, 2006.*
BARBUDA

**2.** An import of goods given otherwise than for the purposes of sale as an unconditional gift

    *(a)*   to an approved charitable or non-profit organisation, or to an institution referred to in item 10 or 11(a) of paragraph (1) in Schedule 4; or

    *(b)*   to the State if the Comptroller of Customs has written notification from the Minister of Finance that the goods are to be exempt from tax.

**3.** An import of goods if it is exempt from customs duty under Item X in the List of Conditional Duty Exemptions in the First Schedule to the Customs Duties Act 1993, to facilitate the movement of persons.

**4.** An import of goods (including an import of a container) that have been exported and then returned to Antigua and Barbuda by any person without having been subjected to any process of manufacture or adaptation and without a permanent change of ownership, but not if when the goods were exported they were the subject of a supply that was zero-rated under Schedule 1.

**5.** An import of a motor vehicle by a natural person on change of permanent residence, if the vehicle is imported for personal use and not for re-sale and has been in the use of the person for at least one year prior to entry.

**6.** An import of household and personal effects, professional apparatus, professional books, or workmen's tools by a natural person, including a citizen of Antigua and Barbuda, if the goods are imported for personal use and not for re-sale and the goods:

    *(a)*   have been in the use of the person for at least one year prior to entry; and

    *(b)*   are imported on change of permanent residence of the person to Antigua and Barbuda,

**7.** An import of goods, not including merchandise, owned by a citizen of Antigua and Barbuda, or a person resident in Antigua and Barbuda, who has died abroad.

**8.** An import of goods consigned by a natural person abroad to a natural person in Antigua and Barbuda as a bona fide, unsolicited gift provided that this item does not apply to

    *(a)*   an item exceeding $200 in value;

No. 5 of 2006.          *The Antigua and Barbuda Sales*          113     ANTIGUA
                         *Tax Act, 2006.*                                AND
                                                                      BARBUDA

    *(b)*   goods contained in passengers' baggage; or

    *(c)*   wine, spirits, or manufactured tobacco (including cigarettes or cigars).

**9.** An import of goods shipped or conveyed to Antigua and Barbuda for trans-shipment or conveyance to any other country.

**10.** An import of goods by a diplomatic or consular mission, or by a diplomat or member of the diplomat's family forming part of the diplomat's household in Antigua and Barbuda to the extent provided for under a law of Antigua and Barbuda or under item IX in the List of Conditional Duty Exemptions in the First Schedule to the Customs Duties Act 1993.

**11.** An import of goods made available free of charge by a foreign government or an international institution with a view to assisting the economic development of Antigua and Barbuda, as approved by the Minister of Finance.

**12.** An import of goods if it is exempt from customs duty under Item I(A) in the List of Conditional Duty Exemptions in the First Schedule to the Customs Duties Act 1993, if the goods are for use in carrying on a taxable activity involving agriculture or fishing and are not for private or domestic use.

**13.** An import of goods referred to in item 13, 18, 19, or 20 of Schedule 4, subject to the same conditions or limitations on exemption, if any, set out in those items in relation to a supply of such goods.

**14.** An import of goods if it is exempt from customs duty under Item VI in the List of Conditional Duty Exemptions in the First Schedule to the Customs Duties Act 1993, for Health.

**15.** An import by a person who is not registered for ABST of goods referred to in item 22, 23, or 24 of Schedule 4, if a supply of such goods to the person would be exempt under the relevant item.

**16.** An import of clothing, food, building materials, or equipment donated for free use or distribution in Antigua and Barbuda, as approved by the Minister of Finance.

**17.** An import of goods (including foodstuff) for use in rehabilitation or relief following natural disaster, as approved by the Minister of Finance.

**18.** An import of goods if the Comptroller of Customs is satisfied that ABST has previously been paid on the sale or importation of the goods.

| ANTIGUA 114 | *The Antigua and Barbuda Sales* | No. 5 of 2006. |
| AND | *Tax Act, 2006.* | |
| BARBUDA | | |

Passed by the House of Representatives
this 1st day of August, 2006.

Passed by the Senate this 21st day
of August, 2006.

**D. Giselle Isaac-Arrindell,**
*Speaker.*

**Hazlyn M. Francis,**
*President.*

**Yvonne Henry**
*Clerk to the House of Representatives.*

**Yvonne Henry**
*Clerk to the Senate.*

Printed at the Government Printing Office, Antigua and Barbuda,
by Eric T. Bennett, Government Printer
—By Authority, 2006.

800—9.06

[ *Price $42.15* ]

**A576**

No. 5 of 2006.          *The Antigua and Barbuda Sales*          115      ANTIGUA
                        *Tax Act, 2006.*                                  AND
                                                                       BARBUDA

ANTIGUA AND BARBUDA SALES TAX ACT, 2006

ANTIGUA AND BARBUDA

ARRANGEMENT OF SECTIONS

### PART I
### PRELIMINARY

*Sections*
1. Short title and commencement
2. Interpretation
3. Consideration
4. Fair market value
5. Related persons
6. Supplies
7. Taxable activity

### PART II
### IMPOSITION OF ANTIGUA AND BARBUDA SALES TAX

8. Imposition of Antigua and Barbuda Sales Tax and persons liable

### PART III
### REGISTRATION

9. Applications for registration
10. Registration
11. Cancellation of registration
12. National register of persons registered for ABST

### PART IV
### BASIC RULES RELATING TO SUPPLIES

13. Time of supply
14. Place of supply
15. Value of a supply
16. Post-supply adjustments for ABST adjustment events
17. Post-supply adjustments for bad debts
18. Reverse charge on supply of services from outside Antigua and Barbuda

### PART V
### SPECIAL RULES RELATING TO SUPPLIES

19. Rights, option, and vouchers
20. Gambling supplies
21. Lay-away sales
22. Vending machines
23. Supply as part of the transfer of a going concern
24. Travel agents and tour operators

**A578**

**PART VI**
**BASIC RULES RELATING TO IMPORTS**

25. Time of import
26. Value of import

**PART VII**
**CALCULATION AND PAYMENT OF ABST NET AMOUNT**

27. Net amount of ABST to be remitted in a tax period

**PART VIII**
**INPUT TAX CREDITS**

28. Goods or services for which no input tax credits are allowable
29. Input tax credits
30. Acquisitions or importations by resident agent
31. Regulations relating to input tax credit entitlements

**PART IX**
**ABST DOCUMENTATION**

32. ABST invoices
33. Sales receipts
34. ABST credit and debit notes
35. Documentation issued by or to agents
36. Requests for ABST documentation
37. Prohibitions
38. Retention of records

**PART X**
**ABST RETURNS & PAYMENTS**

*Division 1: ABST Payable on returns*

39. ABST returns
40. Amended returns
41. Due date for payment of ABST for a tax period

*Division 2: ABST Payable on imports*

42. Due date for payment of ABST on imports
43. ABST payable on imports

**PART XI**
**ABST REFUNDS**

44. Refunds

## PART XII
### ASSESSMENTS

45. Assessments
46. Assessment of recipient
47. Negation of tax benefit from a scheme
48. General provisions relating to assessments

## PART XIII
### POWERS OF THE COMMISSIONER

49. Powers and duties of the Commissioner
50. Secrecy
51. Power to require security
52. Power to seize goods
53. Delegation

## PART XIV
### MISCELLANEOUS

54. Branches and divisions
55. Actions of partners, trustees, and members of unincorporated persons
56. Currency
57. ABST-inclusive pricing
58. Regulations

## PART XV
### REGISTRATION ON COMMENCEMENT OF ABST

59. Registration at the commencement of ABST
60. No voluntary registration during transition period

## PART XVI
### INTEREST, PENALTIES, AND OFFENCES

#### Division 1: Interest

61. Interest on late payments

#### Division 2: Administrative Penalties

62. General provisions
63. Failure to apply for registration
64. Failure to display registration certificate
65. Failure to notify changes affecting registration, or to apply for cancellation of registration
66. ABST invoice, credit note, debit note, or sales receipt
67. Failure to file return
68. Failure to comply with notice for recovery of ABST
69. Failure to keep records

**A580**

70. Failure to provide facilities
71. Failure to comply with notice to give information
72. Non-compliance with ABST-inclusive price quotation requirements
73. Penalty for making false or misleading statements

*Division 3: Criminal Offences*

74. Sanction for prosecution
75. Time limit for proceedings to be taken.
76. Failure to apply for registration
77. Failure to display registration certificate
78. Failure to notify changes affecting registration, or to apply for cancellation of registration
79. Offences on cancellation of registration
80. ABST invoice, credit note, debit note, or sales receipt
81. Tax evasion
82. Impeding tax administration
83. Failure to preserve secrecy
84. Improper claim for refund
85. Offences by taxation officers
86. Failure to pay security
87. Offences under the Regulations
88. Offences by companies
89. Aiding and abetting
90. Compounding of offences

**PART XVII**
**COLLECTION AND RECOVERY**

91. Recovery of ABST
92. Allocation of payments.
93. Recovery of ABST from persons leaving Antigua and Barbuda

**PART XVIII**
**APPEALS AND OBJECTIONS**

94. Reviewable decisions
95. Objections to the Commissioner
96. Appeals to Appeal Board and to a Judge

**PART XIX**
**RECORD-KEEPING AND INFORMATION COLLECTION**

97. Maintenance of accounts and records
98. Power to require provision of information
99. Power to enter and search
100. Translation of records

**A581**

PART XX
TAXPAYER IDENTIFICATION NUMBER

101. Taxpayer identification number

PART XXI
REPRESENTATIVES

102. Power to appoint representatives.
103. Liabilities and obligations of representatives
104. Duties of Receivers
105. Directors of companies
106. Officers of unincorporated bodies.
107. Continuity of partnerships or unincorporated associations.
108. Death or insolvency of taxable person; mortgagee in possession.
109. Trustee

PART XXII
FORMS AND NOTICES

110. Forms, notices, and authentication of documents
111. Service of notices
112. Validity of documents

PART XXII
PRINCIPLES OF INTERPRETATION

113. Purposive interpretation and extrinsic materials

SCHEDULES

Schedule 1    Zero-rated supplies: Exports of goods and other supplies of
              goods for consumption outside Antigua and Barbuda

Schedule 2    Zero-rated supplies: Exported services and other supplies of
              services for consumption outside Antigua and Barbuda

Schedule 3    Zero-rated supplies: other

Schedule 4    Exempt supplies

Schedule 5    Exempt imports

ANTIGUA AND BARBUDA



THE  ANTIGUA AND BARBUDA SALES TAX (AMENDMENT)  ACT,  2008

No. 2  of 2008

*[Published in the Official Gazette Vol. XXVIII No. 81
dated 4th December, 2008..]*

Printed at the Government Printing Office, Antigua and Barbuda,
by Eric T. Bennett, Government Printer
— By Authority, 2008.

800—12.08

*[Price $7.15]*

*The Antigua and Barbuda Sales Tax*
*(Amendment) Act, 2008.*                                    2            No. 2 of 2008.

No. 2 of 2008.       3                    *The Antigua and Barbuda Sales Tax*
                                              *(Amendment) Act, 2008.*

## THE ANTIGUA AND BARBUDA SALES TAX (AMENDMENT) ACT, 2008

## ARRANGEMENT

**Sections**

1.  Short title.

2.  Interpretation

3.  Amendment of section 2

4.  Amendment of section 7

5.  Amendment of section 14

6.  Amendment of section 15

7.  Amendment of section 20

8.  Amendment of section 24

9.  Amendment of section 25

10. Amendment of section 27

11. Amendment of section 29

12. Amendment of section 39

13. New section 41A

14. Amendment of section 44

15. Amendment of section 58

16. Amendment of Schedule 1

17. Amendment of Schedule 2

18. Amendment of Schedule 3

19. Amendment of Schedule 4

20. Amendment of Schedule 5

*The Antigua and Barbuda Sales Tax*     4     No. 2 of 2008.
*(Amendment) Act, 2008.*

# Antigua and Barbuda Sales Tax (ABST)

# Registration Guide (2006)



Government of
Antigua and Barbuda
Inland Revenue Department

A587

ABST Registration Guide 2006

1.    Introduction ....................................................1
2.    Who is required to be registered? ..................1
3.    Who is a person?............................................2
4.    What is a taxable activity?.............................2
5.    What is a non-taxable activity?......................2
6.    What is a business?........................................2
7.    What is a taxable supply? ..............................2
8.    What are zero-rated supplies?........................2
9.    What are exempt supplies?.............................2
10.   How is the value of supplies calculated for registration
      purposes?.......................................................2
11.   For which twelve month period is the value of supplies
      calculated?.....................................................3
12.   What if a person is under the threshold but still wishes to
      be registered?................................................3
13.   When to apply for ABST registration.............3
14.   Rule Applying To Persons Who Meet The Threshold At
      A Date Following The Effective Date Of The Tax.........3
15.   How to apply for registration........................3
16.   Post registration procedures..........................5
17.   Returns and tax periods .................................5
18.   Penalties.........................................................6

## 1.  Introduction

Antigua & Barbuda Sales Tax (ABST).

It will be administered by the Inland Revenue Department of the Ministry of Finance and the Economy. It will also be collected by the Customs and Excise division.   ABST will simplify and modernize Antigua & Barbuda's indirect tax system, broaden the existing tax base, make exports more competitive and is consistent with international and WTO recommendations regarding the elimination of consumption taxes.

With the introduction of the Antigua & Barbuda Sales Tax, the following taxes will be abolished:

- Consumption Tax
- Telecommunication Tax
- Hotel Guest Tax
- Hotel Guest Levy
- Hotel (bed-night) Tax
- Restaurant and Catering Services Tax

Please note that the Antigua & Barbuda Sales Tax does not in any way affect Personal Income Tax.

Antigua & Barbuda Sales Tax is applied on imports and the value added to the supply of goods and services at each stage in the production and distribution chain.  It is a tax on consumption and is therefore included in the final price the consumer pays for goods and services.

The Antigua & Barbuda Sales Tax Act requires most businesses and many organizations in Antigua & Barbuda to:

- Register with the Inland Revenue Department

- Pay ABST to the Comptroller of Customs on taxable imports and services
- Charge and collect tax at 15% on all standard-rated supplies
- Calculate for each tax period (calendar month) the net tax payable/refundable
- File a ABST Return for each tax period
- Remit the net ABST collected to the Inland Revenue Department by the end of the following month
- Make a claim on the Notice of Claim for Refund form for any ABST refundable

This guide will indicate whether or not you are required to apply for registration and if so, how to complete the Application for Registration Form (ABST-001); it also includes post registration procedures.

If, after reading this Registration Guide, you need more information about registration, please contact:

The Inland Revenue Department:
Newgate Street
St-John's

Telephone numbers: 462-4142/3 or 462-0396, 462-8920, 462-1357
Fax number: 462-3175
Email address: ABSTINFO@gmail.com
**For additional ABST Registration details please refer to www.ab.gov.ng**

## 2. Who is required to be registered?

Any person who conducts a taxable activity and whose annual gross standard-rated and zero-rated supplies exceed EC$300,000 is required to apply for registration for Antigua & Barbuda Sales Tax (ABST).

All amounts are expressed in Eastern Caribbean currency (EC Dollar).

Additionally, a person is required to apply for registration:-

Where, at the beginning of any period of 365 days, there are reasonable grounds to expect that the total value of taxable supplies to be made by the person during that period will exceed $300,000; or

Where, during any period of **four months**-

(a) that person made taxable supplies which exceed $100,000.00; and
(b) there are reasonable grounds to expect that the total value of taxable supplies to be made by the person during that period and the next **consecutive eight months** will exceed $300,000.00

or

Irrespective of whether they exceed the $300,000.00 Registration threshold –

**A588**

ABST Registration Guide 2006

- Promoter of public entertainment or a licensee or proprietor of a place of public entertainment.
- Persons supplying professional services of a kind specified in the ABST Regulations.

**If a person only makes exempt supplies he will not be required to register for ABST. However, if he makes both taxable and exempt supplies and his taxable supplies exceed the threshold ($300,000), then he will be required to be registered.**
For ABST it is not the business activity which is registered, but the person who conducts it. The registration covers all the business activities of that person.

If the person conducting the taxable activity is an organization (that is, not an individual), it is the organization that must apply for registration. The individual partners or members are not required to register. The registration of a partnership, trustees of a trust or estate is in the name of the partnership, trust or estate respectively.

### 3. Who is a person?
For the purposes of ABST, "person" includes:

- An individual
- A trust
- A company
- A partnership
- A government entity
- Barbuda Local Council

### 4. What is a taxable activity?
A taxable activity is an activity which is carried on continuously or regularly, by any person, that involves or is intended to involve the supply of taxable goods or services to another person for consideration. It includes any business, trade, manufacture or commerce in the nature of trade.

### 5. What is a non-taxable activity?
A non-taxable activity is:
- an activity carried on as a private recreational pursuit or hobby;
- an activity to the extent that the activity involves the making of exempt supplies; or
- an activity of the State or local authority, except when it conducts auctions, hires equipment, rents space, sells medicines and drugs, or when it engages in activity commonly conducted for profit.

### 6. What is a business?
"Business" means any business, profession, trade, venture or undertaking and includes the provision of personal services or technical and managerial skills and any adventure or concern in the nature of trade but does not include any employment.

### 7. What is a taxable supply?
"Taxable Supply" means a supply of goods or services in Antigua & Barbuda in the course or furtherance of a taxable activity, other than an exempt supply.

### 8. What are zero-rated supplies?
These are goods and services which are subject to ABST, but at the rate of zero percent. Though the tax is charged on the supplies at zero percent, the registered taxpayer is allowed to claim a full credit for taxes paid on inputs used in the production of the good or service.

A full description of items that are zero-rated can be found in Schedule I to 3 of the ABST Act. Zero-rated supplies include:-

Export of goods and services (except for those exports that are exempt)
Basic items (mostly food)
Fuel
The supply of water
Electricity provided to residential premises for Domestic use, or in any other case as provided in the ABST Regulations

### 9. What are exempt supplies?
These are goods and services which are not subject to ABST. It should be noted that where a registered person makes both taxable and exempt supplies, he is not entitled to recover input tax in respect of goods and services he has acquired or imported for the purpose of making exempt supplies. A full description of items that are exempt can be found in Schedule 4 & 5 of the ABST Act.

### Exempt supplies include:-

- Financial and Insurance Services
- Medical services including dental, optical and veterinary services
- Drugs and medicines sold in pharmacies and medical centres
- Services provided in nursing homes for persons who need permanent care
- Educational services including both private and state provided education
- Residential rents and sale of residential real property
- Textbooks approved by the Ministry of Education
- Day care services
- Transportation of passengers by land, sea or air within Antigua and Barbuda
- International transport services
- The services of funeral directors and undertakers
- Veterinary services
- Games of chance conducted by non-profit organizations, lotteries conducted by Antigua & Barbuda Lotteries Commission
- Unprocessed agricultural products by the producer
- Export of unprocessed agricultural products

### 10. How is the value of supplies calculated for registration purposes?
The value of supplies is generally the total amount of consideration that will be charged for taxable supplies provided during a twelve month period.

It will include the value of:-
- Standard rated supplies sold or provided in Antigua & Barbuda
- Hotel accommodations

---

Inland Revenue Department – Government of Antigua and Barbuda                    2

ABST Registration Guide 2006

- Restaurant and catering services
- Zero-rated supplies
- Goods taken for your own or family use etc.

## 11. For which twelve month period is the value of supplies calculated?

For businesses in operation for more than one year:-

Where the total value of standard rated and zero-rated sales made in the preceding twelve calendar month period exceeds **$300,000**, **an application for registration is required.**

For businesses in operation for less than one year

There are reasonable grounds to expect that the person will exceed the registration threshold in the 12 month period commencing on the following day.

## 12. What if a person is under the threshold but still wishes to be registered?

The minister may by order appoint the date from which voluntary registration will be allowed.

If the total value of your taxable supplies is below the threshold and you wish to be registered for ABST, you can complete the application for registration and submit it to the Commissioner of Inland Revenue. The Commissioner will make a determination as to whether you qualify for voluntary registration and inform you accordingly. Please note that if successful, you will be required to fully comply with the provisions of the ABST Act. A person will not be registered if the Commissioner has reasonable grounds to believe that the person:

- will not keep proper records; or
- will not submit regular and reliable tax returns, as required under the Act.

If you are applying for voluntary registration or if you are applying for registration because you believe that you will reach the registration threshold at some near future date (intending registration), please **complete form ABST 001b** and attach it to **your application for registration.**

## 13. When to apply for ABST registration

**Rule Requiring Application From Persons Who Meet The Threshold Prior To The Effective Date Of The Tax (Transitional Rule)**

All persons who are currently registered under the Restaurant and Catering Services Tax Act, , Hotel guest tax Act, Hotel Guest Levy Act **must apply for registration now to ensure they are ready for the implementation date unless  they can satisfy the Commissioner of Inland Revenue in writing that they do not meet the registration threshold.**

All other persons who are not currently registered for Restaurant and Catering Services Tax Act, Hotel guest tax Act, Hotel Guest Levy Act who **currently meet the threshold requirements** described above **must apply for registration now to ensure they are ready for the implementation date.**

## 14. Rule Applying To Persons Who Meet The Threshold At A Date Following The Effective Date Of The Tax

Application forms should be submitted to the Commissioner of Inland Revenue **within 14 days of:-**

(a) the end of any period of twelve or fewer months where during that period the person made taxable supplies, the total value of which exceeded $300,000; or

(b) the beginning of any period of 365 calendar days, where there are reasonable grounds to expect that the total value of taxable supplies to be made by the person during that period will exceed $300,000; or

(c) the end of **the fourth month after which the person's taxable supplies exceeded $100 ,000**, and there are reasonable grounds to expect that the total value of taxable supplies to be made by the person during that period and the next consecutive nine months will exceed $300,000..

## 15. How to apply for registration

### IF YOU ARE REQUIRED TO APPLY FOR REGISTRATION:

Download the Application for Registration form (ABST 001) from the government website (www.ab.gov.ag) or, if unable to access the website, contact the Inland Revenue Department (at the address shown under the Introduction Section of this guide) and request an Application for Registration form (ABST 001).

Complete all sections on the Application for Registration form (ABST 001). If a section does not apply to you, please indicate such by filling in "Not applicable" (N/A).

A copy of the registration form and accompanying instructions are shown in the following pages.

If the Application for Registration is for a Company, Partnership, Joint Venture or Unincorporated Body, and the space provided on the ABST 001 is not adequate for all the details of the officers of the entity, attach a completed ABST 001a form for registration details of company directors, partners, joint venture, committee members, etc. A copy of ABST 001a is also shown on the following pages.

Deliver the completed form(s) as soon as possible, to prevent any delay in the processing of your registration.

Failure to apply for registration, when required to, makes you liable to a penalty equal to double the amount of output tax payable from the time the person is required to apply for registration until the person files an application for registration or is registered by the Commissioner, whichever is earlier.

---

**A590**

ABST Registration Guide 2006

# IF A SECTION DOES NOT APPLY, ENTER N/A.

1. **Taxpayer Identification Number**
   Enter the taxpayer Identification number
   **If you have not received a TIN you should collect and complete a F14 or F15 registration form from the Inland Revenue Department or www.ab.gov.ag**

2. **Name of Taxpayer name of the owner of the business.**
   Enter the name of the owner of the business.
   Give your title (e.g. Mr.) followed by the first, middle and surname.

3. **Trade Name**
   Enter the name under which the business operates – if different from that in (2) above.

4. **Address**
   Enter the full street address of the business. If the place of business property is not numbered please give the name of the building. Do not use Post Office box numbers in this section.

5. **Mailing Address**
   Complete this section if you prefer your ABST returns and other correspondence to be sent to an address different from that shown in (4) above.

6  **Telephone Number**
   Enter the telephone number at which the Inland Number Revenue may contact you during working hours.

7. **FAX Number (s)**
   Enter a fax number at which correspondence may be faxed to you.

8. **Email Address**
   Enter the email address at which the Inland Revenue may contact you.

9. **Representative**
   Enter the name of one of the following persons:

   (a) the Financial Controller or the designated officer in the case of a company (other than a company in liquidation).

   (b) any member of the committee of management in the case of an unincorporated association or body.

   (c) any person who is responsible for accounting for the receipt and payment of money or funds on behalf of the company in any other case;

   (d) the liquidator in the case of a company in liquidation;

   (e) any person responsible for accounting for the receipt and payment of money under the provisions of any law or for the receipt and payment of public funds or of funds voted by Parliament in the case of the State or local authority;

   (f) any partner in the case of a partnership;

   (g) any trustee in the case of a trust; or

(h) any person controlling the non-resident's affairs in Antigua & Barbuda, including any manager of a taxable activity of the non-resident in Antigua & Barbuda in the case of a non-resident or a person referred to in paragraph (b) of the definition of "resident" in section 2 of the ABST Act.

10. **Position**
    The title of the person who has signed as the Representative.

11a. **Primary Business Activity**
    If more than one business activity is being conducted, enter the one which has the highest gross sales and give the % of these sales to total sales. When entering the business activity be specific. For example, if you are mainly a manufacturer state what type: manufacturer of furniture, clothing etc. and the % of your sales derived from this activity.

11b. **Secondary Business Activity**
    Enter the business activity which has the second highest gross sales and give the % of these sales. For example, if you are mainly a manufacturer of furniture, but also sell lumber to other manufacturers, state in this section that your secondary business activity is wholesale of lumber and the % of your sales derived from this activity.

12. **Date Taxable Activity Commenced**
    Enter the date your taxable activities commenced.

13. **Value of taxable supplies excluding Capital Goods**
    This is the value of your taxable supplies for the 12-month period immediately preceding the date of your application for ABST registration. If your business has been in operation for less than a year, state your total taxable supplies up to the month immediately preceding your application for ABST registration.

14. **Status of Business**
    Place an (X) in the applicable box to identify whether you are a sole trader, company, joint venture, partnership, or other type of organisation.

    If the application is for a company, joint venture, Partnership or other association enter the Registration Number allocated by Registrar below the applicable box.

15. **Please tick as appropriate**
    **Are you registered for any other taxes**
    If you already have registered with Inland Revenue for another tax such income tax, answer yes

    **Do you expect your Taxable Supplies for the next 12 months to exceed $300,000?**
    Answer Yes if you are currently above the threshold or, if you are not currently above the threshold but the next 12 months you are likely to surpass $300,000 in taxable supplies in the next 12 months.

    **Do you supply accommodation in a hotel, inn, guest house, boarding house or similar establishment?**
    Answer Yes if you supply accommodation in hotel, inn, guest house, boarding house or other similar establishment.

    **Do you operate a restaurant or a catering service?**
    Answer Yes if you operate a restaurant or a catering service.

---

Inland Revenue Department – Government of Antigua and Barbuda                                                    4

# A591

ABST Registration Guide 2006

**Do you make zero-rated and/or exempt supplies?**
If yes, complete line 16 and/or 17.

**Are you below the registration threshold but still wish to be registered?**
The Commissioner of Inland Revenue may register a person who is below the threshold. Registration is not guaranteed.

**Do you carry on taxable activities in more than one location?** If you carry on taxable activities in more than one location answer yes and attach a list detailing the name and physical address (location) of each. An ABST registration certificate will be prepared for each location where you conduct your taxable activities.

**Are your records computerized?**
Enter yes if you use a database to store your records and below the question, indicate the name of the software you use for accounting purposes

**Are you a major exporter?**
Enter yes if at least 50% of your sales are to the export market (i.e. exported from Antigua & Barbuda).

16. **Percentage of Zero-Rated Supplies**
Calculate and show the percentage of your total supplies that will be charged at the rate of zero-rate. (see schedule 1 of the ABST Act)

17. **Percentage of Exempt Supplies**
Calculate and show the percentage of your total supplies that will be exempt (see appendix 2 for information on exempt supplies)

18. **Percentage of exports**
Only complete this box if you have identified yourself as a major exporter under question 15 above. Show the percentage exports represent of your total supplies (should be more than 50%)

19. **Registration details**
These are the boxes where you show the details of the person or persons legally involved in the operation of your business. In the case of a sole trader, enter the data for that person. In the case of a corporation, enter the data for each of the directors of the corporation. In the case of a partnership, enter the data for each of the partners. In the case of a joint venture, enter the data for each of the investors in the venture. In the case of a trust, enter the data for each of the trustees. In the case of any other unincorporated body, enter the data for the person who holds office as chairman, president, treasurer or secretary of the body. If there is insufficient space in box 19 for all the names and data, complete form ABST 002, continuation sheet for registration details.

**Declaration**
In the first space, enter your full name in block letters. In the signature block, sign as you usually would with your full name. Enter your title and the date you completed the form. Please note that in accordance with the provisions of the ABST Act, any change in the status of the taxable person's status MUST be notified to the Commissioner of Inland

Revenue in writing within 21 days after such a change occurs. The relevant sections of the Antigua & Barbuda Sales Tax (ABST) Act are as follows:

Section 7 (7) A registered person shall notify the Commissioner, in writing, of any change in the name (including business name), address, place of business, or nature of business of the person within 21 days of the change occurring.

Section 8(1) & (3) A registered person must apply to the Commissioner for cancellation of the person's registration if the person has ceased to make taxable supplies.

An application for cancellation of registration must be in the approved form and, in the case of an application under subsection (1), must be lodged with the Commissioner within 15 days of ceasing to make taxable supplies.

## 16. Post registration procedures

Where the Commissioner is satisfied with the details on the application for registration, he will register you as a Taxable Person. A Certificate of Registration will be delivered to your place of business. This certificate will show:

- Your name (name of Taxable Person)
- Your trading name (if any)
- **Address of your principal place of business**
- **Your TIN (Tax Identification Number)**
- Your ABST certificate number
- Your effective date of registration

Please note that your certificate MUST be displayed in a conspicuous location at your place of business. If you have more than one place of business, you are required to display a Certificate of Registration at each place. When you submit your registration form, you will also need to inform the Inland Revenue Department, in writing, of the number of these business places and their respective addresses. You will then be provided with the required number of certificates. Photocopies MUST NOT be used.

Your ABST certificate will be delivered by an ABST officer.

## 17. Returns and tax periods

**How often will ABST returns have to be submitted?**
The period covered by the ABST Return is referred to as the "Tax Period" and is one calendar month. A tax period is the period in respect of which a taxable person must account for and pay any ABST to the Inland Revenue Department. Each return will be due on the last day of the month following the end of the tax period whether or not tax is payable in respect of that period. For example, the tax return for the month of September 2007 is due by October 31st, 2007.

The provisions of the ABST Act require that a tax return:-

(a) be in the form prescribed by the Commissioner;
(b) state the information necessary to calculate the tax payable for the period; and
(c) be filed in the manner prescribed by the Commissioner.

The tax payable by a taxable person for a tax period in respect of taxable supplies is the total amount of output tax payable by the

A592

ABST Registration Guide 2006

person in respect of taxable supplies made by the person during the period, less the total input tax deduction allowed to the person for the period. Note that output tax is charged / chargeable on sales made by registered taxpayers and input tax is paid/payable by the business when it purchases inputs for the provision of goods and or services.

### 18. Penalties

**Penalties that you should be aware of**
Under the provisions of the ABST Act, you can be charged a penalty if you:-

- Fail to apply for registration
- Fail to display the certificate of registration in your place of business
- Fail to file a tax return within the time prescribed
- Fail to pay tax as and when due

Note that the full range of penalties can be found in the ABST Act.

**A593**

No. 2 of 2008.        5                          *The Antigua and Barbuda Sales Tax*
                                                      *(Amendment) Act, 2008.*



I Assent,

[ L.S.]

**Louise Lake-Tack,**
Governor-General.

11th November, 2008

## ANTIGUA AND BARBUDA

### THE ANTIGUA AND BARBUDA SALES TAX (AMENDMENT) ACT, 2008

### No. 2 of 2008

AN ACT to amend the Antigua and Barbuda Sales Tax Act, 2006

**ENACTED** by the Parliament of Antigua and Barbuda as follows:

**1. Short title**

(1) This Act may be cited as the Antigua and Barbuda Sales Tax (Amendment) Act, 2008.

(2) Except as otherwise provided, this Act applies from the day on which the Principal Act commenced.

**2. Interpretation**

In this Act,

    *(a)*   "Principal Act" means the Antigua and Barbuda Sales Tax Act 2006, (No. 5 of 2006); and

    *(b)*   a word or phrase not specifically defined in this Act but defined in the Principal Act has the meaning assigned to it in that Act, whether that meaning applies for the purposes of the entire Act or only part of the Act.

**3. Amendment of section 2**

Subsection 2(1) of the Principal Act is amended

**A594**

*The Antigua and Barbuda Sales Tax*          6          No. 2 of 2008.
*(Amendment) Act, 2008.*

   *(a)*    in the definition "acquisition", by replacing the second occurrence of *"(b)"* with *"(c)"*;

   *(b)*    in the definition "government entity" by deleting everything after the word "Barbuda" ;

   *(c)*    in the definition "holiday or hotel accommodation", by combining paragraph *(b)* and the second occurrence of paragraph *(a)*;

   *(d)*    by replacing the definition "phone card" with the following definition:

""phone card" means a card or other item in whatever form it is issued, including electronically, which entitles the holder to receive telecommunications services, whether or not it also entitles the holder to receive other goods or services, and includes a pre-paid mobile phone card, a rechargeable card or similar item, and a unique identification number or other identifier that represents a payment or prepayment for airtime;"

   *(e)*    by replacing the definition "voucher" with the following definition:
        ""voucher" means a voucher, stamp, token, coupon, or similar article, including an article issued electronically, that can be redeemed by the holder for supplies of goods or services, and includes a phone card and a prepaid telecommunications account but does not include a postage stamp;" and

   *(f)*    by adding the following definitions in alphabetical order within the subsection:

""air time" means the right to acquire telecommunications services up to a certain value, or for a defined period of time;

 "long-term lease" means a lease that, at the time of its grant, assignment, or transfer, is for a term of at least 40 years and can reasonably be expected to continue for at least 40 years and for which at least ninety per cent of the consideration is paid in advance, either as a premium or as the first payment of rent;

"pre-paid telecommunications account" means a pre-paid mobile phone account or any other account with a telecommunications supplier that records amounts that have been pre-paid by a customer and can be used by the customer to pay for telecommunication services, including an account that can also be used to pay for supplies of goods or services other than telecommunications services;"

 "sale", in relation to real property, means an arrangement under which

   *(a)*    the ownership of land will be transferred from one proprietor to another in accordance with the Registered Land Act Cap. 374;

   *(b)*    the ownership of a condominium lot will be transferred from one proprietor to another in

**A595**

No. 2  of 2008.         7                    *The Antigua and Barbuda Sales Tax*
                                                      *(Amendment) Act, 2008.*

accordance with the Registration of Condominium Titles Act Cap. 376 and the Regis-
tered Land Act Cap. 374;

    *(c)*   the ownership of land not registered under the Condominium Titles Act Cap. 376 or the
Registered Land Act Cap. 374 will be transferred from one person to another by grant,
assignment, or other means; or

    *(d)*   units in a unit trust, shares in a company, or membership interests in any other person are
transferred from one owner to the other, if the units, shares, or interests, carry with them
an entitlement for the holder to occupy any land or part thereof as if the person were the
owner of that land or part thereof,

but does not include a grant, assignment, or transfer of a lease, other than a long-term lease;".

**4.  Amendment of section 7**

Paragraph 7(1)*(e)* of the Principal Act is amended

    *(a)*   in subparagraph (i) by replacing the word "or" with the word  "and" at the end; and

    *(b)*   in sub-paragraph (ii), by replacing the words "is one in which the entity carries on activi-
ties" with the words "is an activity".

**5.  Amendment of section 14**

   (1) Section 14 of the Principal Act is amended by repealing subsections (4) and (5) and substitut-
ing the following:

   "(4) Where a person makes a supply of imported goods after the goods are imported but before the
goods are entered for home use, the goods are deemed to have been located outside Antigua and
Barbuda at the time of supply.

   (5) Where a supply by a non-resident is of the lease, hire, or licence of goods, including under a
charter party or agreement for chartering, for the purposes of subsection (1)*(b)*(i) the goods are treated
as located in Antigua and Barbuda at the time of supply during any period in which

    *(a)*   the goods are for use, or are used, wholly or partly in Antigua and Barbuda; or

    *(b)*   the goods are used in international territory if immediately before and after that use the
goods are used in Antigua and Barbuda."

   (2) This section has effect from the date on which this Act is published in the Gazette.

**A596**

*The Antigua and Barbuda Sales Tax*          8       No. 2 of 2008.
*(Amendment) Act, 2008.*

**6. Amendment of section 15**

Subsection 15(1) of the Principal Act is amended

     *(a)*     in the blank line after the word "formula" and before the word "where" by inserting the following formula:

         "R/(100+R)"; and

     *(b)*     in the line commencing "where",  by inserting the symbol "R" immediately after the word "where".

**7. Amendment of section 20**

Subsection 20(2) of the Principal Act is amended by repealing the acronym "GST" and substituting the acronym "ABST".

**8. Amendment of section 24**

    (1) Subsection 24(4) of the Principal Act is amended by repealing all the words after the words "tax fraction" and substituting the following:

$$C - P$$

where—

C is the consideration for all taxable supplies of goods and services made by the taxable person in that tax period that are not zero-rated because of subsection (3); and

P is the consideration paid or payable by the person for the acquisition, in that tax period, of such goods and services for the purpose of on-supply."

    (2) Subsection 24(5) of the Principal Act is repealed and substituted with the following:

    "(5) If **P** exceeds **C** in the calculation in subsection (4) for a particular tax period, the excess amount is included in the value of **P** for the following tax period."

**9. Amendment of section 25**

Section 25 of the Principal Act is amended

     *(a)*     in paragraph *(a)*, by inserting the words "for home use" after the word "entered";

     *(b)*     in paragraph *(b)*, by inserting the words "where goods are imported for use in Antigua and Barbuda" after the word "case".

No. 2  of 2008.        9                          *The Antigua and Barbuda Sales Tax*
                                                  *(Amendment) Act, 2008.*

**10. Amendment of section 27**

Section 27 of the Principal Act is amended by repealing all the words after the word "following" and substituting the following"

"formula—

$$A - B$$

where—

A is the total output tax payable by the person in relation to the period; and

B is the total input tax credits allowed to the person under sections 16, 17, 29, 30, 31 and 44 in respect of that tax period."

**11. Amendment of section 29**

Subsection 29(3) of the Principal Act is amended in paragraph *(c)* by repealing the words after the word "following" and substituting the following"

"formula—

$$A \times {}^B/_C$$

where—

A is the total amount of input tax payable in respect of imports or acquisitions made by the person during the period, less the input tax accounted for under paragraphs *(a)* and *(b)*;

B is the value of all taxable supplies made by the taxable person during the period;

C is the value of all supplies made by the taxable person during the period; and

B and C do not include the value of supplies made through a taxable activity carried on by the person outside Antigua and Barbuda."

**12. Amendment of section 39**

Subsection 39(2) of the Principal Act is amended by adding the word "and" at the end of paragraph *(c)* and inserting the following paragraph at the end"

"*(d)*    be signed by

(i)    if the taxable person is an individual, the taxable person or another person authorised by the taxable person in writing to sign the return; or

*The Antigua and Barbuda Sales Tax*
*(Amendment) Act, 2008.*                              10          No. 2 of 2008.

> (ii)   if the taxable person is not an individual, a representative of the taxable person or another person authorised by the taxable person in writing to sign the return."

**13. New section 41A**

The Principal Act is amended by adding the following section after section 41:

"41A. Barbuda amounts

(1) Subject to this section, the references to the "Commissioner" in section 27, and subsections 39(2) and 41(1) are to be read, with respect to taxable persons located in Barbuda as references to the Barbuda Council.

(2) The Barbuda Council is entitled to retain the revenue generated from the ABST with respect to taxable persons located in Barbuda and shall provide full details to the Commissioner of the remittance forms and payments received.

(3) Any penalty or interest occasioned by late submission or payment is to be collected by the Commissioner and. any refunds due shall be administered and remitted by the Commissioner.

(4) Revenue retained by the Barbuda Council shall be offset against the amounts due under the annual estimates."

**14. Amendment of section 44**

(1) Subsection 10 of section 44 is repealed and substituted with the following:

"(10) The Commissioner may authorise, subject to subsection (11), a refund of ABST charged on the supply of goods or on the importation of goods, to a person constructing new residential premises or premises intended solely for use for an approved purpose, where –

(a)   those goods are incorporated in the premises  or on the site of the premises; and

(b)   the supply of goods would have been zero-rated by virtue of item 8 of paragraph 2 of Schedule 3 if they had been supplied by a supplier making to the same person supplies of services referred to in item 7 of that paragraph, including the use or installation of the goods, and any required certificate had been given.

(11) The Commissioner is not required to consider a claim for a refund of ABST under this section unless the claim –

(a)   is made within the designated time and in the designated form and manner;.

**A599**

No. 2 of 2008.          11                         *The Antigua and Barbuda Sales Tax*
                                                    *(Amendment) Act, 2008.*

   (b)    contains the designated information; and

   (c)    is accompanied by the designated documents.

(12) The Commissioner may designate times, forms, manners, information and documents for the purpose of subsection (11).

(13) For the purpose of subsection (10) "use for an approved purpose" has the same meaning as in Schedule 3.

(14) Where the Commissioner does not pay a refund within the time required under this section, interest is payable on the amount outstanding at the rate specified for the purpose of section 61.

(15) Subsections 10 to 13 have effect from the date on which this Act is published in the Gazette."

**15. Amendment of section 58**

Section 58 of the Principal Act is amended by repealing the first subsection (2).

**16. Amendment of Schedule 1**

(1) The title of Schedule 1 to the Principal Act is amended by repealing the word "GODS" and substituting the word "GOODS".

(2) Paragraph (1) of Schedule 1 to the Principal Act is amended by adding the following items, immediately after item 7:

"**8.** A supply of aircraft's stores, including airline catering supplies, or ship's stores, or of spare parts for an aircraft or ship, if the stores or parts are for use, consumption, or sale on the aircraft or ship during a flight or voyage that constitutes international transport.

**9.** A supply of an aircraft or ship imported or acquired for use exclusively in international transport."

(3) Schedule 1 to the Principal Act is amended by inserting the following at the end:

"(4) Where a supply by a resident is of the lease, hire, or licence of goods, including under a charter party or agreement for chartering, for the purposes of item 6 of paragraph (1)—

   (a)    the goods are treated as located outside Antigua and Barbuda at the time of supply during any period in which the goods are for use, or are used, wholly or partly outside Antigua and Barbuda; and

*The Antigua and Barbuda Sales Tax*          12          No. 2 of 2008.
*(Amendment) Act, 2008.*

    *(b)*    there is a presumption that the supplier will not import the goods during the relevant period if the goods are outside Antigua and Barbuda during that period."

    (4) Subsection (3) comes into force on the day on which this Act comes into force.

**17. Amendment of Schedule 2**

    (1) Item 9 in paragraph (1) of Schedule 2 to the Principal Act is repealed and substituted with the following:

"**9.** A supply of services if—

    *(a)*    the services—

        (i)    are not directly connected with land, or improvements to land, situated in Antigua and Barbuda;

        (ii)    are not directly connected with goods situated in Antigua and Barbuda at the time the services are performed; and

        (iii)    do not consist of refraining from or tolerating an activity, a situation, or the doing of an act in Antigua and Barbuda, if the restraint or toleration will be effectively used or enjoyed in Antigua and Barbuda; and

    *(b)*    the recipient of the supply is

        (i)    a non-resident person who is outside Antigua and Barbuda at the time the services are performed; or

        (ii)    a person who is outside Antigua and Barbuda at the time the services are performed and who will effectively use or enjoy the services outside Antigua and Barbuda."

    (2) Item 10 in paragraph (1) of Schedule 2 to the Principal Act is amended by repealing the full stop that occurs after the word "of" at the end of the opening line of the item and substituting it with a colon.

    (3) Paragraph (1) of Schedule 2 to the Principal Act is amended by inserting, the following items at the end:

"**13.** A supply of the services of repairing, maintaining, cleaning, renovating, modifying, or treating an aircraft or ship engaged in international transport.

    **14.** A supply of services that

No. 2 of 2008.        13                    *The Antigua and Barbuda Sales Tax*
                                           *(Amendment) Act, 2008.*

    *(a)*    consist of the handling, pilotage, salvage, or towage of a ship or aircraft engaged in international transport; or

    *(b)*    are provided directly in connection with the operation or management of a ship or aircraft engaged in international transport."

(4) Paragraph (3) of Schedule 2 to the Principal Act is repealed and substituted with the following paragraphs—

"(3) Without limiting paragraph (2), a supply of services is not zero-rated under item 9, 11, or 12 of paragraph (1) if—

    *(a)*    the services are supplied under an agreement that is entered into, whether directly or indirectly, with a person who is a non-resident;

    *(b)*    the performance of the services is, or it is reasonably foreseeable at the time the agreement is entered into that the performance of the services will be, received in Antigua and Barbuda by another person, and

    *(c)*    it is reasonably foreseeable, at the time the agreement is entered into, that the other person will not be a taxable person when it receives the performance of the services.

(4) For the avoidance of doubt, if paragraph (3) applies to a supply of a right or option to receive goods or services, paragraph (3)*(b)* is to be read as referring to the receipt of the goods or services supplied when the right or option is exercised."

**18. Amendment of Schedule 3**

(1) Paragraph (1) of Schedule 3 to the Principal Act is repealed and substituted with the following paragraph:

"(1) In this Schedule—

    *(a)*    the classification and description of goods which bear heading numbers designated in the Customs Tariff are to be interpreted in accordance with the rules for interpretation set out in Part I of the Customs Tariff; and

    *(b)*    unless the context requires otherwise—

"new residential premises" means residential premises that—

    *(a)*    have not previously been sold as residential premises or been the subject of a long-term lease; or

*The Antigua and Barbuda Sales Tax*         14     No. 2 of 2008.
*(Amendment) Act, 2008.*

    *(b)*   have replaced demolished premises on the same land;

but does not include premises that have been occupied by any person for a period of more than five years since their construction;

    "use for an approved purpose" means:

    *(a)*   use for an approved charitable purpose; or

    *(b)*   use for an approved residential purpose;

"use for an approved charitable purpose" means use by an approved non–profit body otherwise than in the course or furtherance of a taxable activity, or part of such activity, that is carried on for a profit;

"use for an approved residential purpose" means use as—

    *(a)*   a home or other institution providing residential accommodation for children;

    *(b)*   a home or other institution providing residential accommodation with personal care for persons in need of personal care by reason of old age, disablement, past or present dependence on alcohol or drugs, or past or present mental disorder;

    *(c)*   a hospice;

    *(d)*   residential accommodation for students or school pupils;

    *(e)*   residential accommodation for members of the Royal Police Force of Antigua and Barbuda or the Defence Force of Antigua and Barbuda;

    *(f)*   a monastery, nunnery, or similar establishment; or

    *(g)*   an institution which is the sole or main residence of at least 90 per cent of its residents

but does not include use as a hospital, a prison or similar institution, or a hotel or holiday accommodation."

   (2) Paragraph (2) of Schedule 3 to the Principal Act is amended by inserting, immediately after item 5, the following items:

"6. A sale of real property to the extent that the property is—

    *(a)*   new residential premises; or

    *(b)*   premises intended for use solely for an approved purpose and that have not previously been sold for that purpose.

No. 2 of 2008.      15 ·                                    *The Antigua and Barbuda Sales Tax*
                                                           *(Amendment) Act, 2008.*

7.  A supply of any services to the extent that the services consist of, or are closely related to, the construction of—

   *(a)*   new residential premises; or

   *(b)*   premises intended for use solely for an approved purpose.

8.  A supply of materials, builders' hardware, sanitary ware, or other articles of a kind ordinarily installed by builders as fixtures, where the supply is made in the course of supplying services covered by item 7 and—

   *(a)*   both the services and goods are supplied by the same supplier to the same recipient; and

   *(b)*   the supplier uses or installs the goods in the course of supplying the services.

9.  A supply to a person who is not registered for ABST of a personal or laptop computer, as defined under the Customs Tariff Headings listed below, the value of which is less than the amount specified in the Regulations:

   8471.30     Portable digital automatic data processing machines, weighing not more than 10kg, consisting of at least a central processing unit, a keyboard and a display.

   8471.41     Other digital automatic data processing machines: Comprising in the same housing at least a central processing unit and an input and output unit, whether or not combined.

   8471.49     Other, presented in the form of systems.

10.  A supply, to a person who is not registered for ABST, of equipment of a kind specified in the Regulations, if the equipment is supplied together with an eligible personal or laptop computer that is zero-rated under item 9.

11.  A supply, to a person who is not registered for ABST, of computer software of a kind specified in the Regulations, if the software is supplied together with an eligible personal or laptop computer that is zero-rated under item 9 to the schedule, including software that is pre-loaded on the computer or supplied separately by any means.

12.  A supply of any services to the extent that the services consist of the installation of a solar water heater.

13.  A supply of materials, where the supply is made in the course of supplying services covered by item 12 and—

*The Antigua and Barbuda Sales Tax*                    16        No. 2 of 2008.
*(Amendment) Act, 2008.*

    (a)   both the services and goods are supplied by the same supplier to the same recipient; and

    (b)   the supplier uses or installs the goods in the course of supplying the services.

    **14.** Imports by individuals under the Dollar Barrel Initiative during the period legislated in each calendar year subject to the conditions laid down in the annual legislative amendments to the Customs Duties Act and the Customs Service Tax Act."

    **15.** Supplies or imports of goods or supplies of services made to a company registered under the International Business Corporations Act Cap. 222."

    (3) Items 8, 12, 13 and 15, as enacted by subsection (2), have effect only from the date on which this Act is published in the Gazette.

    (4) Schedule 3 to the Principal Act is amended by inserting, at the end of the Schedule, the following paragraphs:

    "(4) A sale of real property is not zero-rated under item 7(a) of paragraph (2) unless—

    (a)   the recipient has an unrestricted right to reside in the premises throughout the year;

    (b)   the recipient intends to occupy the premises as the person's main residence and has given the supplier a certificate to that effect in the form specified by the Commissioner; and

    (c)   nothing in the contract of sale, the terms of a covenant or caveat, the Development Control Authority consent or similar permission, or the zoning of the land would prevent the person residing in the premises throughout the year as a principal place of residence.

    (5) A sale of real property is not zero-rated under item 7(b) of paragraph (2) unless the recipient of the supply intends to use the premises for the approved purpose and has given the supplier a certificate to that effect in the form specified by the Commissioner.

    (6) For the avoidance of doubt, a supply is zero-rated under item 6, 7, or 8 of paragraph (2) only to the extent that it is, or relates to, new residential premises or premises to be used for an approved purpose, and in particular a supply, or part of a supply, is only partly zero-rated if—

    (a)   there is more than one building on the land being sold, and only some of the buildings are residential premises or intended for use solely for an approved purpose; or

    (b)   part of a building ("the shared part") is intended to be used both for residential purposes or for an approved purpose and for some other purpose.

    (7) Where a supply is only partly zero-rated under item 6, 7, or 8 of paragraph (2), the extent to

No. 2 of 2008.      17                    *The Antigua and Barbuda Sales Tax*
                                          *(Amendment) Act, 2008.*

which the supply is zero-rated must be determined on a fair and reasonable basis, so as to reflect the true extent to which the premises will be used for residential purposes or for an approved purpose.

(8) For the purposes of items 7 and 8 in paragraph (2), services consisting of or closely related to construction do not include the services provided by a Barrister-at-law, Solicitor, Architect, Land Surveyor, Quantity Surveyor, Civil Engineer, Electrical Engineer, Mechanical Engineer, or Structural Engineer.

(9) The reference in item 7 of paragraph (2) to the construction of premises does not include a reference to—

    *(a)*   the conversion, reconstruction, alteration, or enlargement of existing premises; or

    *(b)*   the construction of an extension or annexation to existing premises if

    (i)   internal access is provided to the existing building from the extension or annexe; or

    (ii)   the separate use, letting, or disposal of the extension or annexe is prevented by the terms of any covenant, caveat, zoning, or Development Control Authority consent or similar permission.

(10) The following types of goods are not zero-rated under item 8 of paragraph (2):

    *(a)*   finished or prefabricated furniture, other than furniture designed to be fitted in kitchens;

    *(b)*   materials for the construction of fitted furniture, other than kitchen furniture;

    *(c)*   domestic electrical or gas appliances, other than those designed to provide space heating or water heating or both; or

    *(d)*   carpets or carpeting material.

(11) Domestic supplies under item 15 are only zero rated where the supplier is in possession of a purchase order or similar document certified prior to the supply by the ABST division of the Inland Revenue."

**19. Amendment of Schedule 4**

(1) Paragraph (1) of Schedule 4 to the Principal Act is amended

    *(a)*   in item 2, by repealing the phrase "unless the supply is made to a registered person" and substituting "or if the goods are a passenger vehicle on which the person incurred input tax and was denied a credit under section 28(2)*(b)*"

**A606**

*The Antigua and Barbuda Sales Tax*      18    No. 2 of 2008.
*(Amendment) Act, 2008.*

    *(b)*    by inserting the following new item 6 after item 5 and renumbering items the other items accordingly;

"6. The following supplies relating to land in Barbuda:

    *(a)*    a grant of an exclusive right of occupation of land in accordance with section 7*(a)* of the Barbuda Land Act 2007; or

    *(b)*    a grant or renewal of a lease under section 8(1) or (2) of the Barbuda Land Act 2007, to the extent that it relates to a right covered by section 7*(a)* of that Act."

    *(c)*    in paragraph 20*(a)* (formerly paragraph 19*(a)*), by adding the word "seeds" before the word "seedlings" at the beginning of that paragraph;

    *(d)*    by replacing items 23 to 28 (formerly items 22 to 27) with the following:

"23. A supply of local entertainment services.

    24. A supply of a ticket in a lottery conducted by the Leeward Islands Lottery Holding Company, or any other approved lottery operator."

    (2) Paragraph (2) of Schedule 4 to the Principal Act is amended by replacing the phrase "6 or 7" with "7 or 8".

    (3) Schedule 4 to the Principal Act is amended by repealing item 28, which appears at the end of the Schedule after paragraph (3).

**20. Amendment of Schedule 5**

    (1) Schedule 5 to the Principal Act is amended in item 2*(a)* of paragraph (1) by repealing the phrase "10 or 11*(a)*" and substituting the phrase "11 or 12*(a)*".

    (2) Schedule 5 to the Principal Act is amended in item 15 by repealing the phrase "22, 23 or 24 of Schedule 4" and substituting the phrase "9, 10 or 11 of Schedule 3" and by repealing the word

    "exempt" and substituting the word "zero-rated."

No. 2 of 2008.        19

*The Antigua and Barbuda Sales Tax (Amendment) Act, 2008.*

Passed by the House of Representatives on this 7th day of July, 2008.

Passed by the Senate on this 21st day of August, 2008.

**D. Gisele Isaac-Arrindell,**
*Speaker.*

**Hazlyn M. Francis,**
*President.*

**L. Thomas,**
*Acting Clerk to the House of Representatives.*

**L. Thomas,**
*Acting Clerk to the Senate.*

**A608**