# 15-1595-cv

## United States Court of Appeals
*for the*
## Second Circuit

~.~

AMERICAN UNIVERSITY OF ANTIGUA - COLLEGE OF MEDICINE,

*Petitioner-Appellee,*

-v.-

LEEWARD CONSTRUCTION COMPANY, LTD.,

*Respondent-Appellant,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF OF RESPONDENT-APPELLANT
## LEEWARD CONSTRUCTION COMPANY, LTD.

VERONICA A. MCMILLAN
LEWIS & GREER, P.C.
*Attorney for Respondent-Appellant*
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
(845) 454-1200

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Respondent-Appellant Leeward Construction Company, Ltd. certifies that it is a private non-governmental party without any corporate parent, affiliate and/or subsidiary, publicly held or otherwise. No publicly held corporation owns 10% or more of Leeward Construction Company, Ltd.'s stock.

# **TABLE OF CONTENTS**

PAGE

CORPORATE DISCLOSURE STATEMENT ........................................................ i

PRELIMINARY STATEMENT ........................................................ 1

ARGUMENT ........................................................ 4

    I.    IN DECIDING THE AUA'S ABST CLAIM, THE TRIBUNAL EXCEEDED ITS AUTHORITY UNDER THE PARTIES' ARBITRATION AGREEMENT ........................................................ 4

    II.    THE PARTIAL FINAL AWARD CONSTITUTES A MANIFEST DISREGARD OF THE LAW ........................................................ 7

    III.    THE PARTIAL FINAL AWARD IS NON-FINAL AND AMBIGUOUS ........................................................ 11

    IV.    THE AUA'S UNJUST ENRICHMENT CLAIM WAS NOT BEFORE THE TRIBUNAL ........................................................ 12

CONCLUSION ........................................................ 15

CERTIFICATE OF COMPLIANCE WITH FED.R.APP.P. 32 (A) ...................... 16

CERTIFICATE OF SERVICE ........................................................ 17

# TABLE OF AUTHORITIES

CASES                                                                    PAGE

*AG of Can. v. R. J. Reynolds Tobacco Holdings, Inc.,*
268 F.3d 103 (2d Cir. 2001) ............................................................... 5

*Benjamin v. Traffic Executive Assoc. Eastern Railroads,*
869 F.2d 107 (2d Cir. 1989) ............................................................... 9

*Bremer Handelsgesellschaft v. C. Mackprang Jr.,*
1 Lloyd's Rep 221 (Court of Appeal 1979) ........................................... 10

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.,*
70 N.Y.2d 382 (1987) ....................................................................... 13

*Commercial Risk Reins. Co., Ltd. v. Security Ins. Co. of Hartford,*
526 F.Supp.2d 424 (SDNY 2007) ......................................................... 8

*Dworkin-Cosell Interair Courier Services, Inc. v. Avraham,*
728 F.Supp. 156 (SDNY 1989) ........................................................... 11

*Fibrosa Spolka Akcyina v. Fairbarin Lawson Combe Barbour Ltd,*
[1943] A.C. 32 ................................................................................. 13

*Henderson v. Henderson,*
3 Hare 100 (1943) .............................................................................. 9

*Mavis Henry v. Tyrone Warner,*
Claim No. ANUHCV 2000/0277, Eastern Caribbean Supreme Court (2009) ........ 9

*N.L.R.B. v. United Technologies,*
706 F.2d 1254 (2d Cir. 1988) ............................................................. 9

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,*
157 F.3d 174 (2d Cir. 1998) ............................................................... 11

*Superintendent of Ins. v. Ochs,*
377 F.3d 209 (2d Cir. 2004) ............................................................... 13

*Westdeutsche Landesbank Girozentrade v. Islington London BC,*
[1996] 2 WLR 802(HL) ................................................................. 13

*Woods v. Dunlop Tire Co.,*
972 F.2d 36 (2d Cir. 1992) ........................................................... 9

*Zeiler v. Deutsch,*
500 F.3d 157 (2d Cir. 2007) .......................................................... 8

OTHER AUTHORITIES                                                 PAGE(S)

ABST Act (2006), *as amended* (2008)............................................*passim*

Antiguan Arbitration Act,
Chapter 33 of the Laws of Antigua and Barbuda .................................... 11

1 Chitty on Contracts,
§ 22-040 ............................................................................ 10

Sean Wilken, Wilken and Villiers: The Law of Waiver, Variation
and Estoppel 2d, §4.01............................................................... 10

## PRELIMINARY STATEMENT

Leeward Construction Company, Ltd. ("Leeward") demonstrates in its Brief that the District Court erred in confirming an arbitration award in favor of American University of Antigua – College of Medicine ("AUA") for a number of reasons. In making the Partial Final Award, the Tribunal decided questions concerning the applicability of the Antigua and Barbuda Sales Tax Act ("ABST Act"), an action which was outside the scope of its authority given the procedures and statute of limitations in the ABST Act as it relates to refunds as well as the "revenue rule," which precluded the Tribunal and the District Court from adjudicating the AUA's ABST claim, an unadjudicated tax claim of a foreign nation. In response, AUA completely ignores the ABST Act's requirements and instead argues that it is entitled to a monetary refund of the payments because it was never obligated to pay ABST in the first instance. AUA does not deny that it is seeking restitution for monies it paid as ABST. As such, its claim is subject to the ABST Act and as the dissenting arbitrator cogently reasoned, the Tribunal acted outside of its authority by improperly engaging in tax enforcement when it awarded the AUA recovery on its ABST claim in the Partial Final Award.

The Partial Final Award also constitutes a manifest disregard of the law in that the Tribunal failed to apply Antiguan law, the law governing the parties' contract, to the AUA's claims. If Antiguan law had been applied, the Tribunal

1

would have properly concluded that the AUA's claims are barred by the doctrines of *res judicata*, collateral estoppel, claim preclusion, issue preclusion, waiver and modification. The AUA, *inter alia*, argues that the doctrine of *res judicata* is not applicable to its claim because it does not arise out of the same facts and circumstances as the First Arbitration Proceeding. Given that this Court has already found the AUA's appeal from the First Arbitration Proceeding inextricably intertwined with this one such that they should both be heard in tandem, the AUA's conclusion that they are not related is incredulous at best. Further, the AUA's claim flies in the face of Antiguan law and United States Common Law which were manifestly disregarded by both the Tribunal and the District Court when they refused to dismiss the AUA's ABST and Defective Work claims as barred by *res judicata*.

Third, the Partial Final Award is non-final and ambiguous in that it leaves Leeward open to double-liability and the possibility of future litigation. The Partial Final Award does not address the possibility that Leeward is forced to pay over huge sums of money to the AUA in the repayment of ABST only to later have the Antiguan government find that Leeward satisfied all its obligations under the ABST Act by paying ABST down the stream of commerce to its subcontractors and material suppliers thereby precluding the AUA's refund, in the first instance. The AUA does not dispute this possibility in its Brief because it is the exact

2

circumstance the ABST Act seeks to avoid and the reason why the Tribunal should not be involved in tax enforcement.

Finally, the Tribunal improperly decided the AUA's unjust enrichment claim. The AUA's unjust enrichment claim was outside the Tribunal's purview because it is an equitable, restitution claim that under Antiguan law is independent of any contract. Accordingly, the AUA's unjust enrichment claim could not arise under the parties' arbitration agreement and the Tribunal improperly decided the claim in the first instance. Again, the AUA does not dispute this claim and instead, chooses to focus on the breath of the arbitration clause in the parties' agreement. Its focus misses the point and does not work to justify the Tribunal's improper decision.

In making the Partial Final Award, the Tribunal committed several errors. The District Court's decision confirming the Partial Final Award should be reversed and the matter remanded with directions to modify the Partial Final Award by vacating those elements in which the Tribunal exceeded its authority, manifestly disregarded the law, and failed to render a non-final and unambiguous award.

# ARGUMENT

## I. IN DECIDING THE AUA'S ABST CLAIM, THE TRIBUNAL EXCEEDED ITS AUTHORITY UNDER THE PARTIES' ARBITRATION AGREEMENT

The Partial Final Award made findings with regard to the applicability of the Antigua and Barbuda ABST Act to the Contract. (A 404-406) The Tribunal's findings in this regard were outside of its authority and the scope of the arbitration agreement between the parties; disregarded the ABST Act's procedures as it relates to claims for ABST refunds; revived an otherwise untimely claim under the ABST Act; and crossed over into tax law enforcement in violation of the revenue rule. *See* Leeward's Brief, pp. 14-20 (A 430-433) In response, AUA argues that it is simply trying to get a refund of monies that were improperly paid as ABST because AUA was not required to pay ABST on the Project, in the first instance.

AUA's argument is wrong for several reasons. Despite apparently knowing since 2007 that the Project was allegedly exempt from ABST, the AUA never told Leeward about such an exemption. Further, it paid Leeward ABST on each of 27 requisitions reviewed, processed and paid on the Project. The AUA does not deny that the payments for which it now seeks a refund, were ABST payments. However, it claims, that based on the Antiguan government's instruction, it is authorized to collect these payments from Leeward. (AUA SA 5) If we accept AUA's argument as true then, it is acting as an agent of and at the direction of the

4

Antiguan government. The AUA is essentially engaging in tax enforcement in contravention to the established procedures of the ABST Act. The Antiguan government's direction and AUA's actions based on it run afoul of the revenue rule. *See* Leeward Brief, pp. 18-20. The "revenue rule ... [is] a longstanding common law doctrine providing that courts of one sovereign will not enforce a final tax judgment or unadjudicated tax claims of other sovereigns." *AG of Can. V. R. J. Reynolds Tobacco Holdings, Inc.*, 268 F.3d 103, 109 (2d Cir. 2001) The revenue rule applies to both direct and indirect enforcement efforts. *See Id.* at 131-132. "What matters is not the form of the action, but the substance of the claim." *Id.*

The AUA's ABST claim is nothing more than an attempt to adjudicate the ABST Act outside the auspices of the statute and the Antiguan government. The entire basis for the AUA's ABST claim is derivative of the foreign taxes – ABST – that it alleges it was not obligated to pay. Following the logic of the AUA's ABST claim, if Leeward paid the tax to the Antiguan government that the AUA claims it was supposed to pay under the ABST Act then, the AUA would not have a claim against Leeward for what is essentially a tax refund under the ABST Act.

The AUA and the Antiguan government have ignored the procedures under the ABST Act for recovering ABST improperly paid. *See* Leeward Brief, pp. 15-16. For example, ABST Act, Part XVII, 44(4) provides: "A taxable person who

5

has erroneously overpaid ABST for a tax period may apply in writing to the Commissioner for an input tax credit equal to the amount overpaid…" (A 522)[1]

There is nothing in the ABST Act that creates or contemplates a private right of action or otherwise authorizes a private person to enforce the ABST Act. Indeed, even the statement of AUA's own witness, Douglas James McLaren does not say that the AUA is entitled to a monetary refund. Rather, the section that Mr. McLaren cites to in his statement provides that if the AUA improperly paid ABST on the Project, it would be entitled to an "ABST credit note" which AUA would presumably be used against future ABST tax obligations. (AUA SA 2) Despite the AUA's contention otherwise, the Antiguan government has never said that the AUA is entitled to a monetary refund.

The Partial Final Award ignores the statute of limitations for making refund claims provided for in the ABST Act which requires that the claim "be made within 3 years from the end of the tax period to which the overpayment relates." ABST Act, Part XVII, 44(5), *as amended* (2008). (A 523)  The AUA took occupancy of the Project in 2009 – any claim under the ABST Act is clearly

---

[1] AUA seems to suggest in its Brief that it is not a taxable person under the ABST Act and thus, the provisions of the act do not apply to it.  However, the term taxable person under the ABST Act is a broad one that includes the AUA. *See*, *e.g.*, ABST Act, Part III, §9 (2006) (A 486-488)  Further, just like deciding its ABST claim, making a determination that the AUA is not a taxable person under the ABST Act would run afoul of the revenue rule which precludes Courts from interfering with a foreign nation's enforcement of its own tax laws. *See* Leeward's Brief, pp. 18-20.

untimely and its claim herein is nothing more than attempt to circumvent the statutory time bar to obtain a refund that is would not be entitled to if it properly sought relief through the Antiguan tax system.

In this instance, the AUA is tantamount to an agent of the Antiguan government seeking a monetary refund that the Antiguan government has never said it is entitled to in the first instance. Its claim is in contravention to the ABST Act which provides a mechanism by which the determination is to be made and an avenue for relief if the tax was improperly collected. In ruling and then confirming the AUA's ABST claim, the Tribunal and the District Court have improperly abrogated the Antiguan government's role in enforcing its own statute in violation of the revenue rule. Accordingly, the District Court's decision should be reversed.

## II.    THE PARTIAL FINAL AWARD CONSTITUTES A MANIFEST DISREGARD OF THE LAW

The Partial Final Award is subject to vacatur because it constitutes a manifest disregard of the law. The Tribunal manifestly disregarded the doctrines of *res judicata*, collateral estoppel, claim preclusion and issue preclusion. *See* Leeward Brief, pp. 21-28. In response, the AUA first argues that Leeward is not entitled to relief on this basis because the "manifest disregard" standard is not applicable herein. The AUA is incorrect. As Leeward pointed out in its Brief and before the District Court, the proceedings to date have been held in the United States (oral argument was held in Miami, Florida and the Partial Final Award,

7

including the Dissenting Opinion was executed in the United States), and as a result, the subsequent confirmation proceeding is, in addition to the Convention, governed by the FAA. *See Zeiler v. Deutsch*, 500 F.3d 157, 164 (2d Cir. 2007); *see also, Commercial Risk Reins. Co., Ltd. v. Security Ins. Co. of Hartford*, 526 F.Supp.2d 424, 427 (S.D.N.Y. 2007) As such, the "manifest disregard" doctrine is applicable to the Partial Final Award.

Next, the AUA incredibly argues that the Tribunal did not manifestly disregard the doctrine of *res judicata* in considering and deciding the AUA's ABST claim and refusing to dismiss the AUA's Defective Work claims because "[n]one of the factual or legal issues presented in the First Arbitration were the same as any of the issues presented in the Second Arbitration." AUA Brief, p. 32. This Court, in agreeing to hear this appeal in tandem with the AUA's appeal from the First Arbitration (Docket No. 13-1708cv), has already found that the two proceedings are inextricably intertwined as they arise from the same set of circumstances surrounding a single construction project; include the identical parties; and the same documentary evidence.

The AUA's strained interpretation of *res judicata* is without merit or substance. Both Antiguan law and the United States Common Law require that a party present its whole case concerning the same subject matter at the same time and preclude a party from asserting causes of action concerning the same subject

8

matter in multiple litigations. *See, e.g., Mavis Henry v. Tyrone Warner*, Claim No. ANUHCV 2000/2007, Eastern Caribbean Supreme Court (2009) (citing *Henderson v. Henderson*, 3 Hare 100, 114-115 (1943)) (A 803); *Woods v. Dunlop Tire Co.*, 972 F.2d 36, 37 (2d Cir. 1992); *Benjamin v. Traffic Executive Assoc. Eastern Railroads*, 869 F.2d 107, 111 (2d Cir. 1989); *N.L.R.B. v. United Technologies*, 706 F.2d 1254, 1260 (2d Cir. 1988)  The AUA's argument is particularly troubling given, by its own admission, it was well aware of its alleged ABST claim since 2007, long before the First Arbitration Proceeding was commenced and intentionally decided not to being the claim. (AUA SA 3-6)

The AUA's ABST claim and Defective Work claims are barred by *res judicata* because they concern the same subject matter that was previously adjudicated in the First Arbitration Proceeding, to wit: the scope of the Contract, the administration of the Contract, payments under the Contract, and Leeward's performance under the Contract.  In addition, the same series of transactions that were at issue within the First Arbitration Proceeding are at issue within the ABST claim: the 27 payment requisitions that Leeward submitted to the AUA and the AUA reviewed, processed and paid, including the payment of ABST. (SDNY Docket No. 103 – 10-31)  Lastly, the same evidence and facts are needed to support both the claims made within the First Arbitration Proceeding and the AUA's ABST claim asserted herein. (SDNY Docket No. 10-2 – 10-10; 10-12 – 10-

3; 10-14; 10-16 – 10-31; 10-48)  The AUA could have and should have asserted the ABST claim in the First Arbitration Proceeding.  Given that the AUA began utilizing the Project on or about August 1, 2009 and Leeward did not commence the First Arbitration Proceeding until February, 2011, the AUA was also well aware of its alleged Defective Work claims prior to the First Arbitration Proceeding.  The Defective Work claims should have been asserted in the First Arbitration.  Accordingly, they too are barred by *res judicata*.

Finally, the Tribunal manifestly disregarded the law when it failed to apply the doctrines of waiver and modification to the AUA's ABST claim.  The AUA contests this conclusion claiming that it never agreed in writing to waive its right to recover the sums that Leeward invoiced and collected as ABST.  The AUA argument completely misses the point.  Conduct constitutes a waiver if, in light of all circumstances, it clearly evinces a party's decision to forbear from insisting on its rights. *See* Wilken, §§4.07-4.08; *see, e.g., Bremer Handelsgesellschaft v. C. Mackprang, Jr.*, 1 Lloyd's Rep 221, 230 (Court of Appeal 1979) (A 716, 861)  A party that waives a provision of a contract loses "his right to require that the contract be performed in this respect according to its original tenor," and cannot recover it (i.e., revoke his waiver) except with adequate notice in limited circumstances. *See* Chitty, §§22-040 and 22-043; *see also*, Wilken, §4.01 (A 855, 861)  In the face of its own knowledge that ABST was allegedly not due and owing

10

on the Project, AUA signed off on 27 payment requisitions paying Leeward ABST which Leeward relied upon and used the ABST to pay ABST for labor and materials to construct the Project. Thus, the AUA waived its right (assuming it even had one) to seek repayment of the ABST under the terms of the Contract and modified the Contract's tax payment provision. The AUA's waivers and modifications of the Contract's provisions are binding upon the AUA and remove the AUA's right to seek repayment under the Contract.

The Partial Final Award manifestly disregards the law as the Tribunal failed to apply the doctrines of res judicata, collateral estoppel, claim preclusion, issue preclusion, waiver and modification to the AUA's ABST claim and Defective Work claims. Accordingly, the District Court's decision should be reversed and the Partial Final Award vacated.

## III.  THE PARTIAL FINAL AWARD IS NON-FINAL AND AMBIGUOUS

Antiguan law, the FAA and the Convention all require that an arbitration award be final for it to be enforceable. *See generally*, Antiguan Arbitration Act, Chapter 33 of the Laws of Antigua and Barbuda (A 438); *see also*, *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,* 157 F.3d 174, 176 (2d Cir. 1998); *Dworkin-Cosell Interair Courier Services, Inc. v. Avraham*, 728 F.Supp. 156, 161 (S.D.N.Y. 1989) The Partial Final Award as rendered is non-final and ambiguous because it opens Leeward to double liability – payment of ABST to the AUA now

and possible payment to the Antiguan government at a later date. More problematic, and completely ignored by the AUA in its Brief, is the fact that the Partial Final Award fails to address the possibility that the Antigua and Barbuda tax authorities may find that Leeward had no outstanding tax obligation on the Project because it had already satisfied its obligations by paying ABST to contractors and vendors down the stream of commerce from it for services and materials purchased for the Project. Having already paid out ABST on the Project to its subcontractors and vendors, the Partial Final Award now seeks to improperly force Leeward to refund the AUA ABST payments on the Project. This is the exact circumstance that the ABST Act (and the revenue rule) seeks to avoid by vesting the Antiguan government with exclusive jurisdiction to enforce the act. By failing to address this possibility, the Partial Final Award is non-final and ambiguous and should not be enforced.

## IV. THE AUA'S UNJUST ENRICHMENT CLAIM WAS NOT BEFORE THE TRIBUNAL

The Tribunal's award of damages to the AUA under a theory of unjust enrichment and the District Court's confirmation of same was error because the AUA's claim for unjust enrichment was not properly before the Tribunal. *See* Leeward's Brief, pp. 30-32. In its Brief, the AUA devotes a great deal of effort arguing that its claim was properly before the Tribunal for a number of reasons, including the breath of the arbitration clause contained in the parties' Contract.

The AUA is wrong in all respects. But, the AUA also ignores a critical point in its brief: The Tribunal's decision to award judgment to the AUA on a theory of unjust enrichment is in contravention to Antiguan law which governed the parties' Contract.

Under Antiguan law, a claim for unjust enrichment is an equitable, restitution claim that is independent of any contract. *See Fibrosa Spolka Akcyina v. Fairbarin Lawson Combe Barbour Ltd*, [1943] A.C. 32, 61 (holding that the obligation to refund or repay a mistaken payment on the basis of unjust enrichment is imposed by law and not by contract) (A 742); *Westdeutsche Landesbank Girozentrade v. Islington London BC*, [1996] 2 WLR 802(HL) (holding that an obligation to refund or repay a mistaken payment on the basis of unjust enrichment is imposed by law and not by contract) (A 843); *see also, Superintendent of Ins. v. Ochs*, 377 F.3d 209, 213 (2d Cir. 2004)("[U]njust enrichment would only exist where no prior agreement governing the rights of the parties... '[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.'") (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987)   The AUA's ABST claim arises out of a claim of unjust enrichment based on the "common law of Antigua and Barbuda" (A 877) and therefore, it cannot "arise under" or relate to the Contract under Antiguan law and

is not subject to the parties' arbitration agreement. (A 073)  Awarding the AUA damages based on a theory of unjust enrichment is outside the scope of the Tribunal's authority in violation of the FAA and the Convention.  Accordingly, the District Court's decision should be reversed and the Partial Final Award vacated.

## **CONCLUSION**

For the foregoing reasons, and those stated in Leeward's initial Brief, the decision of the District Court should be reversed, and the matter remanded with directions to modify the Partial Final Award by vacating those elements in which the Tribunal exceeded its authority, manifestly disregarded the law, and failed to render a non-final and unambiguous award.

Dated:      October 13, 2015

**LEWIS & GREER, P.C.**

By:     Veronica A. McMillan, Esq.
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
(845) 454-1200
vamcmillan@lewisgreer.com

*Attorney for Respondent-Appellant
Leeward Construction Company, Ltd.*

## CERTIFICATE OF COMPLIANCE

1) This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contained 3,337 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2) This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.

Dated:      October 13, 2015

                                    LEWIS & GREER, P.C.

                                    By:     Veronica A. McMillan, Esq.
                                            510 Haight Avenue, Suite 202
                                            Poughkeepsie, New York 12603
                                            (845) 454-1200
                                            vamcmillan@lewisgreer.com

                                    *Attorney for Respondent-Appellant*
                                    *Leeward Construction Company, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Reply Brief for Respondent-Appellant Leeward Construction Company, Ltd. with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the Appellate CM/ECF system on October 13, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Appellate CM/ECF system.

Dated:     October 13, 2015

LEWIS & GREER, P.C.

By:     Veronica A. McMillan, Esq.
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
(845) 454-1200
vamcmillan@lewisgreer.com

*Attorney for Respondent-Appellant*
*Leeward Construction Company, Ltd.*