15-1595-cv
American University of Antigua v. Leeward Construction Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of June, two thousand sixteen.

Present:  ROSEMARY S. POOLER,
    PETER W. HALL,
    SUSAN L. CARNEY,
        *Circuit Judges*.

_____

AMERICAN UNIVERSITY OF
ANTIGUA-COLLEGE OF MEDICINE,

*Petitioner-Appellee*,

v.    15-1595-cv

LEEWARD CONSTRUCTION COMPANY, LTD.,

*Respondent-Appellant*.

_____

Appearing for Appellant:  Veronica A. McMillan, Lewis & Greer, P.C., Poughkeepsie, NY.

Appearing for Appellee:  Leonard A. Sclafani, Senior Vice President and General Counsel of American University of Antigua (James M. Hirschhorn, Gregory E. Reid, Sills Cummis & Gross P.C., Newark, NJ, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Leeward Construction Company appeals from the May 1, 2015 opinion and order of the United States District Court for the Southern District of New York (Cote, *J.*) confirming an international arbitral award won against it by American University of Antigua College of Medicine ("AUA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Leeward commenced an arbitration proceeding to recover monies it claimed were owed to it under the agreement between the parties. AUA counterclaimed, arguing that it was entitled to a refund of all Antigua and Barbuda Sales Tax ("ABST") paid to Leeward during the project, a total of $1,338,723. On September 18, 2014 an arbitration panel issued a decision granting AUA's counterclaim for ABST damages on the basis of unjust enrichment. On October 16, 2014, AUA filed a petition in the Southern District seeking to confirm the award, and Leeward cross-moved to vacate or modify the award. The district court found no ground to deny enforcement of the award, and granted the petition. *Am. Univ. of Antigua Coll. of Med. v. Leeward Constr. Co.*, No. 14cv8410 (DLC), 2015 WL 1958971 (S.D.N.Y. May 1, 2015).

Leeward argues that the arbitrators' award regarding the ABST is beyond the scope of the agreement because the arbitrators enforced Antiguan tax law rather than the agreement between the parties. This argument misses the mark. At bottom, Leeward collected from AUA monies earmarked for the specific purpose of paying the ABST, but instead of paying the ABST apparently kept the money. AUA is not seeking to enforce Antiguan law: it is seeking a refund of monies it paid under the Agreement for a specific purpose and that were never used for that purpose. As the district court aptly stated, "[t]he money may have been earmarked for ABST payments, but that does not make it an ABST payment." *Id.* at *5.

For the same reasons, Leeward's arguments regarding the timeliness of AUA's claims also fail. Even assuming arguendo that the proper procedure for receiving a rebate of the ABST tax is to file a claim with the government within three years, a rebate cannot be sought for monies never paid. Moreover, the arbitration award provided that AUA was to indemnify Leeward should the government try and collect the ABST from Leeward.

Nor did the arbitrators act in manifest disregard of the law. Manifest disregard of the law may, on limited occasions, provide the basis for vacating an arbitral award. However, "it is a doctrine of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). "A motion to vacate filed in a federal court is not an occasion for de novo review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir.2004).

Instead, to prevail, a party seeking to vacate an arbitral award based on manifest disregard of the law must prove that (1) "the law that was allegedly ignored was clear," as "[a]n

arbitrator obviously cannot be said to disregard a law that is unclear or not clearly applicable;" and (2) the arbitrators erred in their application of the law, and as a result reached an incorrect outcome. *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc*., 592 F.3d 329, 339 (2d Cir. 2010). Finally, it must be shown that the arbitrators were aware of the law's existence, and that the law applied to the issue before them. *Id*.

Here, Leeward argues that the arbitral panel erred by declining to apply res judicata, collateral estoppel, claim preclusion and issue preclusion. It points to the dissenting arbitrator, who argued that AUA could, and should, have raised the ABST issue during a previous litigation between the parties. The district court correctly concluded that the arbitral panel "manifestly did not 'ignore' or 'pay no attention to' these doctrines; instead, it explicitly considered and rejected applying both doctrines, and in each case had more than "barely colorable justification." *Am. Univ. of Antigua Coll. of Med.,* 2015 WL 1958971, at *6 (internal quotation marks omitted).

We have considered the remainder of Leeward's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

3